B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Xerium Technologies, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**N/A** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**Xerium I (US) Limited; Xerium Inc.** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**N/A** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN/<br>Complete Foreign Income Tax I.D. No. (if more than one, state all):<br>**EIN 42-1558674** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>**N/A** |
| Street Address of Debtor (No. and Street, City, and State):<br>**8537 Six Forks Rd., Suite 300, Raleigh, NC**          ZIP CODE **27615** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**N/A**          ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Wake** | County of Residence or of the Principal Place of Business:<br>**N/A** |
| Mailing Address of Debtor (if different from street address):<br>**N/A**          ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>**N/A**          ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>**N/A**          ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check **one** box.) | Nature of Business<br>(Check **one** box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check **one** box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other **Manufacturing** | ☐ Chapter 7          ☐ Chapter 15 Petition for<br>☐ Chapter 9              Recognition of a Foreign<br>☒ Chapter 11            Main Proceeding<br>☐ Chapter 12          ☐ Chapter 15 Petition for<br>☐ Chapter 13            Recognition of a Foreign<br>                                    Nonmain Proceeding |

| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer          ☒ Debts are primarily<br>debts, defined in 11 U.S.C.              business debts.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |
|---|---|---|

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☒ A plan is being filed with this petition.<br>☒ Acceptances of the plan were solicited prepetition from one or more classes of<br>creditors, in accordance with 11 U.S.C. § 1126(b) |

| Statistical/Administrative Information | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors (Consolidated with affiliated Debtors)

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets (Consolidated with affiliated Debtors)

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1 million | $1,000,001<br>to $10 million | $10,000,001<br>to $50 million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

Estimated Liabilities (Consolidated with affiliated Debtors)

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1 million | $1,000,001<br>to $10 million | $10,000,001<br>to $50 million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**Xerium Technologies, Inc.** | |
|---|---|---|
|  | | |

**Voluntary Petition**
*(This page must be completed and filed in every case.)*

Name of Debtor(s):
**Xerium Technologies, Inc.**

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed:  **N/A** | Case Number: **N/A** | Date Filed: **N/A** |
| Location Where Filed:  **N/A** | Case Number: **N/A** | Date Filed: **N/A** |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:  **See Attached Schedule 1** | Case Number: **Pending** | Date Filed: |
| District:  **District of Delaware** | Relationship: **Affiliates** | Judge: **Pending** |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>**NOT APPLICABLE**<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☒  Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☒  No.

**Exhibit D**

**NOT APPLICABLE**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

    ☐  Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

    ☐  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor – Venue**
(Check any applicable box.)

    ☒  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

    ☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

    ☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

**NOT APPLICABLE**

    ☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

        _____<br>        (Name of landlord that obtained judgment)

        _____<br>        (Address of landlord)

    ☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was enforced, and

    ☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

    ☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**Xerium Technologies, Inc.** |
|---|---|

| **Signatures** ||

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____

_____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

---

**Signature of Attorney**

X _____
Signature of Attorney for Debtor(s)

Mark D. Collins (No. 2981)          John J. Rapisardi
Printed Name of Attorney for Debtor(s)

Richards, Layton & Finger, P.A.     Cadwalader, Wickersham & Taft LLP
Firm Name

One Rodney Square                   One World Financial Center
Address

Wilmington, DE 19801                New York, NY 10281
Telephone Number

(302) 651-7700                      (212) 504-6000

MARCH 30, 2010
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

x _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

Stephen R. Light
Printed Name of Authorized Individual

Chairman and Chief Executive Officer
Title of Authorized Individual

MARCH 30, 2010
Date

# Schedule 1

**PENDING BANKRUPTCY CASES CONCURRENTLY FILED BY THIS DEBTOR AND AFFILIATED DEBTORS IN THE UNITED STATES BANKRUPTCY COURT, DISTRICT OF DELAWARE**

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Xerium Technologies, Inc. | 10-_____ (   ) | March 30, 2010 |
| **District:** | **Relationship:** | **Judge:** |
| District of Delaware | Affiliate | Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Xerium V(US) Limited | 10-_____ (   ) | March 30, 2010 |
| **District:** | **Relationship:** | **Judge:** |
| District of Delaware | Affiliate | Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Xerium Asia LLC | 10-_____ (   ) | March 30, 2010 |
| **District:** | **Relationship:** | **Judge:** |
| District of Delaware | Affiliate | Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Weavexx, LLC | 10-_____ (   ) | March 30, 2010 |
| **District:** | **Relationship:** | **Judge:** |
| District of Delaware | Affiliate | Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Xerium III (US) Limited | 10-_____ (   ) | March 30, 2010 |
| **District:** | **Relationship:** | **Judge:** |
| District of Delaware | Affiliate | Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Stowe Woodward LLC | 10-_____ (   ) | March 30, 2010 |
| **District:** | **Relationship:** | **Judge:** |
| District of Delaware | Affiliate | Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Stowe Woodward Licensco LLC | 10-_____ (   ) | March 30, 2010 |
| **District:** | **Relationship:** | **Judge:** |
| District of Delaware | Affiliate | Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| XTI LLC | 10-_____ (   ) | March 30, 2010 |
| **District:** | **Relationship:** | **Judge:** |
| District of Delaware | Affiliate | Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Huyck Licensco Inc. | 10-_____ ( ) | March 30, 2010 |
| **District:** | **Relationship:** | **Judge:** |
| District of Delaware | Affiliate | Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Xerium IV (US) Limited | 10-_____ ( ) | March 30, 2010 |
| **District:** | **Relationship:** | **Judge:** |
| District of Delaware | Affiliate | Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Wangner Itelpa I LLC | 10-_____ ( ) | March 30, 2010 |
| **District:** | **Relationship:** | **Judge:** |
| District of Delaware | Affiliate | Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Wangner Itelpa II LLC | 10-_____ ( ) | March 30, 2010 |
| **District:** | **Relationship:** | **Judge:** |
| District of Delaware | Affiliate | Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Xerium Italia S.p.A. | 10-_____ ( ) | March 30, 2010 |
| **District:** | **Relationship:** | **Judge:** |
| District of Delaware | Affiliate | Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Huyck.Wangner Austria GmbH | 10-_____ ( ) | March 30, 2010 |
| **District:** | **Relationship:** | **Judge:** |
| District of Delaware | Affiliate | Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Xerium Germany Holding GmbH | 10-_____ ( ) | March 30, 2010 |
| **District:** | **Relationship:** | **Judge:** |
| District of Delaware | Affiliate | Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Xerium Canada Inc. | 10-_____ ( ) | March 30, 2010 |
| **District:** | **Relationship:** | **Judge:** |
| District of Delaware | Affiliate | Pending |

-------------------------------------------------------------x

| | |
|---|---|
| In re | :     Chapter 11 |
| | : |
| XERIUM TECHNOLOGIES, INC., | :     Case No. 10-_____ (   ) |
| | : |
|                  Debtor. | :     Joint Administration Requested |

-------------------------------------------------------------x

## EXHIBIT "A" TO VOLUNTARY PETITION

1.       If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is    001-32498   .

2.       The following financial data is the latest available information and refers to the debtor's condition on       December 31, 2009     .

a.      Total assets                                         $          693,511,000[*]

b.      Total debts (including debts listed in 2.c., below)    $          813,168,000[*]

c.      Debt securities held by more than 500 holders:

|  |  |  |  | Approximate number of record holders |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | $_____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | $_____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | $_____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | $_____ |

d.      Number of shares of preferred stock         0              -    

e.      Number of shares common stock      48,935,720         48    
Comments, if any:    _____

---

[*] Consolidated for debtors and non-debtor affiliates, as reported in Form 10-K of Xerium Technologies, Inc. for the fiscal year ended December 31, 2009.

3.     Brief description of debtor's business:

Xerium Technologies, Inc., together with its non-Debtor subsidiaries and affiliates, is a leading global manufacturer and supplier of two categories of consumable products used in the production of paper products and roll technology products installed in paper-making machines.

4.     List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

Apax WW Nominees Ltd. and Apax-Xerium APIA LP, two entities associated with Apax Europe IV GP Co. Ltd., own approximately 54% of Xerium Technologies, Inc.'s common stock outstanding.

# UNANIMOUS WRITTEN CONSENT OF
# THE BOARD OF DIRECTORS OF
# XERIUM TECHNOLOGIES, INC.
# TO ACTION IN LIEU OF A MEETING

March 30, 2010

The undersigned, being all of the members of the Board of Directors of Xerium Technologies, Inc., a Delaware corporation (the "Company"), acting pursuant to Section 141(f) of the General Corporation Law of the State of Delaware and 2.13 of the Company's By-Laws, hereby (i) approve the resolutions (the "Resolutions") and consent to the adoption of the resolutions attached hereto as Exhibit A, effective as of the date set forth above, and (ii) waive all requirements of notice, whether statutory or otherwise.

The actions taken by this consent shall have the same force and effect as if taken at a meeting of the Board of Directors duly called and constituted pursuant to the by-laws of the Company and the laws of the State of Delaware, shall be filed with the minutes of the meetings of the Board of Directors and shall be considered for all purposes as action taken at a meeting.

This consent may be executed in one or more counterparts, each of which shall constitute an original, and all of which together shall constitute one and the same instrument.

_____
Stephen R. Light

_____
Michael Phillips

_____
Jay Gurandiano

_____
Edward Paquette

_____
Nico Hansen

_____
John G. Raos

_____
David Maffucci

## UNANIMOUS WRITTEN CONSENT OF
## THE BOARD OF DIRECTORS OF
## XERIUM TECHNOLOGIES, INC.
## TO ACTION IN LIEU OF A MEETING

March 30, 2010

The undersigned, being all of the members of the Board of Directors of Xerium Technologies, Inc., a Delaware corporation (the "Company"), acting pursuant to Section 141(f) of the General Corporation Law of the State of Delaware and 2.13 of the Company's By-Laws, hereby (i) approve the resolutions (the "Resolutions") and consent to the adoption of the resolutions attached hereto as Exhibit A, effective as of the date set forth above, and (ii) waive all requirements of notice, whether statutory or otherwise.

The actions taken by this consent shall have the same force and effect as if taken at a meeting of the Board of Directors duly called and constituted pursuant to the by-laws of the Company and the laws of the State of Delaware, shall be filed with the minutes of the meetings of the Board of Directors and shall be considered for all purposes as action taken at a meeting.

This consent may be executed in one or more counterparts, each of which shall constitute an original, and all of which together shall constitute one and the same instrument.

_____
Stephen R. Light

_____
Michael Phillips

_____
Jay Gurandiano

_____
Edward Paquette

_____
Nico Hansen

_____
John G. Raos

_____
David Maffucci

## UNANIMOUS WRITTEN CONSENT OF
## THE BOARD OF DIRECTORS OF
## XERIUM TECHNOLOGIES, INC.
## TO ACTION IN LIEU OF A MEETING

March 30, 2010

The undersigned, being all of the members of the Board of Directors of Xerium Technologies, Inc., a Delaware corporation (the "Company"), acting pursuant to Section 141(f) of the General Corporation Law of the State of Delaware and 2.13 of the Company's By-Laws, hereby (i) approve the resolutions (the "Resolutions") and consent to the adoption of the resolutions attached hereto as Exhibit A, effective as of the date set forth above, and (ii) waive all requirements of notice, whether statutory or otherwise.

The actions taken by this consent shall have the same force and effect as if taken at a meeting of the Board of Directors duly called and constituted pursuant to the by-laws of the Company and the laws of the State of Delaware, shall be filed with the minutes of the meetings of the Board of Directors and shall be considered for all purposes as action taken at a meeting.

This consent may be executed in one or more counterparts, each of which shall constitute an original, and all of which together shall constitute one and the same instrument.

_____
Stephen R. Light

_____
Michael Phillips

_____
Jay Gurandiano

_____
Edward Paquette

_____
Nico Hansen

_____
John G. Raos

_____
David Maffucci

# UNANIMOUS WRITTEN CONSENT OF
## THE BOARD OF DIRECTORS OF
## XERIUM TECHNOLOGIES, INC.
## TO ACTION IN LIEU OF A MEETING

March 30, 2010

The undersigned, being all of the members of the Board of Directors of Xerium Technologies, Inc., a Delaware corporation (the "Company"), acting pursuant to Section 141(f) of the General Corporation Law of the State of Delaware and 2.13 of the Company's By-Laws, hereby (i) approve the resolutions (the "Resolutions") and consent to the adoption of the resolutions attached hereto as Exhibit A, effective as of the date set forth above, and (ii) waive all requirements of notice, whether statutory or otherwise.

The actions taken by this consent shall have the same force and effect as if taken at a meeting of the Board of Directors duly called and constituted pursuant to the by-laws of the Company and the laws of the State of Delaware, shall be filed with the minutes of the meetings of the Board of Directors and shall be considered for all purposes as action taken at a meeting.

This consent may be executed in one or more counterparts, each of which shall constitute an original, and all of which together shall constitute one and the same instrument.

_____
Stephen R. Light

_____
Michael Phillips

_____
Jay Gurandiano

_____
Edward Paquette

_____
Nico Hansen

_____
John G. Raos

_____
David Maffucci

**UNANIMOUS WRITTEN CONSENT OF**
**THE BOARD OF DIRECTORS OF**
**XERIUM TECHNOLOGIES, INC.**
**TO ACTION IN LIEU OF A MEETING**

March 30, 2010

The undersigned, being all of the members of the Board of Directors of Xerium Technologies, Inc., a Delaware corporation (the "Company"), acting pursuant to Section 141(f) of the General Corporation Law of the State of Delaware and 2.13 of the Company's By-Laws, hereby (i) approve the resolutions (the "Resolutions") and consent to the adoption of the resolutions attached hereto as Exhibit A, effective as of the date set forth above, and (ii) waive all requirements of notice, whether statutory or otherwise.

The actions taken by this consent shall have the same force and effect as if taken at a meeting of the Board of Directors duly called and constituted pursuant to the by-laws of the Company and the laws of the State of Delaware, shall be filed with the minutes of the meetings of the Board of Directors and shall be considered for all purposes as action taken at a meeting.

This consent may be executed in one or more counterparts, each of which shall constitute an original, and all of which together shall constitute one and the same instrument.

_____
Stephen R. Light

_____
Michael Phillips

_____
Jay Gurandiano

_____
Edward Paquette

_____
Nico Hansen

_____
John G. Raos

_____
David Maffucci

**UNANIMOUS WRITTEN CONSENT OF**
**THE BOARD OF DIRECTORS OF**
**XERIUM TECHNOLOGIES, INC.**
**TO ACTION IN LIEU OF A MEETING**

March 30, 2010

The undersigned, being all of the members of the Board of Directors of Xerium Technologies, Inc., a Delaware corporation (the "Company"), acting pursuant to Section 141(f) of the General Corporation Law of the State of Delaware and 2.13 of the Company's By-Laws, hereby (i) approve the resolutions (the "Resolutions") and consent to the adoption of the resolutions attached hereto as Exhibit A, effective as of the date set forth above, and (ii) waive all requirements of notice, whether statutory or otherwise.

The actions taken by this consent shall have the same force and effect as if taken at a meeting of the Board of Directors duly called and constituted pursuant to the by-laws of the Company and the laws of the State of Delaware, shall be filed with the minutes of the meetings of the Board of Directors and shall be considered for all purposes as action taken at a meeting.

This consent may be executed in one or more counterparts, each of which shall constitute an original, and all of which together shall constitute one and the same instrument.

_____
Stephen R. Light

_____
Michael Phillips

_____
Jay Gurandiano

_____
Edward Paquette

_____
Nico Hansen

_____
John G. Raos

_____
David Maffucci

March 30, 2010

The undersigned, being all of the members of the Board of Directors of Xerium Technologies, Inc., a Delaware corporation (the "Company"), acting pursuant to Section 141(f) of the General Corporation Law of the State of Delaware and 2.13 of the Company's By-Laws, hereby (i) approve the resolutions (the "Resolutions") and consent to the adoption of the resolutions attached hereto as Exhibit A, effective as of the date set forth above, and (ii) waive all requirements of notice, whether statutory or otherwise.

The actions taken by this consent shall have the same force and effect as if taken at a meeting of the Board of Directors duly called and constituted pursuant to the by-laws of the Company and the laws of the State of Delaware, shall be filed with the minutes of the meetings of the Board of Directors and shall be considered for all purposes as action taken at a meeting.

This consent may be executed in one or more counterparts, each of which shall constitute an original, and all of which together shall constitute one and the same instrument.

_____
Stephen R. Light

_____
Michael Phillips

_____
Jay Gurandiano

_____
Edward Paquette

_____
Nico Hansen

_____
John G. Raos

_____
David Maffucci

**EXHIBIT A**

# RESOLUTIONS
## OF THE
## BOARD OF DIRECTORS OF
## XERIUM TECHNOLOGIES INC.

**WHEREAS**, Xerium Technologies, Inc. (the "Company") has determined that it is desirable and in the best interests of the Company and its creditors, employees, and other interested parties that a petition be filed by the Company, seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

## Chapter 11 Case

**RESOLVED**, that the Company be, and it hereby is, authorized and empowered to file a petition seeking relief under the provisions of the Bankruptcy Code;

**RESOLVED**, that each of the Company's Chairman, Chief Executive Officer, President, any Vice President, the Treasurer, the Secretary, or any Assistant Secretary (each a "Proper Officer" and all "Proper Officers") is hereby authorized and empowered to execute and verify all petitions under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and to commence ancillary or related proceedings in such foreign countries as may be necessary or appropriate to effectuate the restructuring of the Company and to execute, verify, and cause to be filed all documents in furtherance thereof, at such time as such Proper Officer executing the same shall determine;

**RESOLVED**, that in connection with the commencement of a chapter 11 case by the Company, each Proper Officer is hereby authorized and empowered to negotiate, execute, and deliver such notes, security and other agreements, and instruments as such Proper Officer considers appropriate to enable the Company to utilize cash collateral on the terms and conditions such Proper Officer or Proper Officers executing the same may consider necessary, proper, or desirable, and to consummate the transactions contemplated by such notes, security and other agreements and instruments on behalf of the Company, subject to Bankruptcy Court approval;

**RESOLVED**, that each Proper Officer is hereby authorized and empowered to negotiate, enter into, execute, deliver, certify, file, record, and perform, any and all petitions, schedules, lists, motions, certifications, agreements, instruments, affidavits, applications, including without limitation, applications for approvals or rulings of governmental or regulatory authorities, or other documents and to take such other actions, as in the judgment of such Proper Officer shall be or become necessary, proper, or desirable in connection with the Company's chapter 11 case;

**RESOLVED**, that the Company is authorized and empowered to act as foreign representative in any foreign country on behalf of the estates of such of the Debtor's subsidiaries or affiliates that file petitions seeking relief under the Bankruptcy Code and in connection

therewith, each Proper Officer and any employees or agents (including counsel) designated or directed by any such officers, hereby is authorized and empowered to (i) execute and file all schedules, motions, lists, applications, pleadings, and other papers, (ii) employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and (iii) to take and perform any and all further acts and deeds which they deem necessary, proper, or desirable in connection with such foreign proceedings, with a view to the successful prosecution of such case and proceedings;

RESOLVED, that each Proper Officer and any employees or agents (including counsel) designated or directed by any such officers, be, and each hereby is, authorized and empowered, in the name and on behalf of the Company, to (i) negotiate, execute, deliver and/or file (a) the Disclosure Statement, dated March 2, 2010, including any and all Exhibits and any modifications, amendments, or supplements thereto (the "Disclosure Statement"), (b) the Debtors' Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code previously distributed for vote solicitation pursuant to the Disclosure Statement, including any and all Exhibits and any modifications, amendments, or supplements thereto (the "Plan"), (c) the Plan Supplement (as defined in the Plan) and any and all other schedules, lists, and other papers that such Proper Officer may deem necessary, proper, or desirable with a view to confirmation of the Plan, (ii) seek confirmation of the Plan, (iii) alter, amend, modify or supplement the Plan pursuant to section 1127 of the Bankruptcy Code, (iv) take such other actions as may be necessary in furtherance of confirmation of the Plan, and (v) once an order of the Bankruptcy Court is entered confirming the Plan, execute and deliver all agreements, documents, certificates, consents, filings, and instruments as may be required for the occurrence of the Effective Date (as defined in the Plan) and take such other actions as may be necessary in furtherance of the occurrence of the Effective Date and consummation of the transactions contemplated by the Plan, including, without limitation, the entry into the Exit Facility (as defined in the Plan) as contemplated by Section 5.5 of the Plan, entry into the Amended and Restated Credit Facility (as defined in the Plan) and the other transactions and actions contemplated by Section 5.7 of the Plan, and the transactions and actions contemplated by Section 5.9 of the Plan.

RESOLVED, that once an order of the Bankruptcy Court is entered confirming the Plan, all transactions and actions contemplated by the Plan are hereby authorized and approved by the Board of Directors of the Company, including, without limitation, the issuance of securities contemplated by Section 5.2 of the Plan, to be effective as provided in the Plan.

### Execution of Debtor in Possession Loan Facility

RESOLVED, that in connection with the commencement of a chapter 11 case by the Company, each Proper Officer is hereby authorized and empowered to negotiate, execute, deliver, and cause the Company to perform its obligations under (a) the secured superpriority debtor in possession loan agreement among the Company, as borrower, certain subsidiaries of the Company, as guarantors, an affiliate of Citigroup Global Markets, Inc., as administrative and collateral agent, and a syndicate of banks, financial institutions, and other entities, as lenders, substantially on the terms set forth in Exhibit B to the Plan (the "Loan Agreement"), (b) and obtain one or more loans under the Loan Agreement in an aggregate principal amount not to

exceed $80 million, and (c) the other agreements contemplated by the Loan Agreement, including notes, pledge agreements, security agreements, mortgages, financing statements and similar documents in connection with granting a security interest in or a pledge of the Company's assets to secure the obligations under the Loan Agreement, and any other agreements or documents as any Proper Officer determines is necessary, proper, or desirable to consummate the transactions contemplated by the Loan Agreement.

**RESOLVED**, that each Proper Officer is hereby authorized and empowered to grant a security interest in, and pledge, assets of the Company as collateral in connection with the Loan Agreement.

## Retention of Advisors

**RESOLVED**, that the law firm of Cadwalader, Wickersham & Taft LLP be and hereby is employed as attorneys for the Company under a general retainer in the Company's chapter 11 case, subject to Bankruptcy Court approval;

**RESOLVED**, that the law firm of Richards, Layton & Finger, P.A. be and hereby is employed as attorneys for the Company under a general retainer in the Company's chapter 11 case, subject to Bankruptcy Court approval;

**RESOLVED**, that the firm of AlixPartners, LLP be and hereby is employed as restructuring advisor for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval;

**RESOLVED**, that the firm of Rothschild Inc. be and hereby is employed as financial advisor for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval;

**RESOLVED**, that the firm of Ernst & Young LLP be and hereby is employed as [auditor and tax advisor] for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval;

**RESOLVED**, that the law firm of Baker & McKenzie LLP be and hereby is employed as special counsel for the Company, subject to Bankruptcy Court approval;

**RESOLVED**, that the law firm of Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP be and hereby is employed as special counsel for the Company, subject to Bankruptcy Court approval;

**RESOLVED**, that each Proper Officer is hereby authorized and empowered to employ and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals, subject to Bankruptcy Court approval, and to perform any and all further acts and deeds the Proper Officer deems necessary, proper, or desirable in furtherance thereof with a view to the successful prosecution of the Company's chapter 11 case;

## Prerequisite Approval of Certain Subsidiary Actions

**RESOLVED**, that the Company, in its capacity as the sole member of Stowe Woodward LLC and in accordance with Section 6.1 and Schedule 6.1 of the Limited Liability Company Agreement of Stowe Woodward LLC, hereby approves the actions of Stowe Woodward LLC contemplated in the form of Unanimous Written Consent of Stowe Woodward LLC attached hereto as <u>Annex A</u>.

**RESOLVED**, that the Company, in its capacity as the sole member of Stowe Woodward Licensco LLC and in accordance with Section 6.1 and Schedule 6.1 of the Limited Liability Company Agreement of Stowe Woodward Licensco LLC, hereby approves the actions of Stowe Woodward Licensco LLC contemplated in the form of Unanimous Written Consent of Stowe Woodward Licensco LLC attached hereto as <u>Annex B</u>.

## General Authorization and Ratification

**RESOLVED**, that each Proper Officer is authorized and empowered, consistent with these Resolutions and with the advice of the Company's legal staff: (i) to negotiate, execute, deliver, certify, file and/or record, and perform, any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments and assignments thereof as may be required or as such Proper Officer deems appropriate or advisable, or to cause the negotiation, execution, and delivery thereof, in the name and on behalf of the Company, as the case may be, in such form and substance as such Proper Officer may approve, together with such changes and amendments to any of the terms and conditions thereof as such Proper Officer may approve, with the execution and delivery thereof on behalf of the Company by or at the direction of such Proper Officer to constitute evidence of such approval, (ii) to negotiate, execute, deliver, certify, file and/or record, and perform, in the name and on behalf of the Company, any and all agreements, documents, certificates, consents, filings, and applications relating to the Resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such Proper Officer deems appropriate or advisable in connection therewith, and (iii) to do such other things as may be required, or as may in such Proper Officer's judgment be necessary, proper or desirable, to carry out the intent and effectuate the purposes of the Resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby; and

**RESOLVED**, that all actions taken by the Proper Officers prior to the date of the foregoing Resolutions adopted at this meeting and within the authority conferred, are hereby ratified, confirmed, approved in all respects as the act and deed of the Company.

**Annex A**

**UNANIMOUS WRITTEN CONSENT OF
THE BOARD OF DIRECTORS OF
STOWE WOODWARD LLC
TO ACTION IN LIEU OF A MEETING**

_____, 2010

     The undersigned, being all of the members of the Board of Directors of Stowe Woodward LLC, a Delaware limited liability company (the "Company"), acting pursuant to Section 18-404 of the Delaware Limited Liability Company Act and the Limited Liability Company Agreement (the "Agreement") of the Company, hereby (i) approve the resolutions (the "Resolutions") and consent to the adoption of the resolutions attached hereto as Exhibit A, effective as of the date set forth above, and (ii) waive all requirements of notice, whether statutory or otherwise.

     The actions taken by this consent shall have the same force and effect as if taken at a meeting of the Board of Directors duly called and constituted pursuant to the Agreement of the Company and the laws of the State of Delaware, shall be filed with the minutes of the meetings of the Board of Directors and shall be considered for all purposes as action taken at a meeting.

     This consent may be executed in one or more counterparts, each of which shall constitute an original, and all of which together shall constitute one and the same instrument.


_____
Stephen R. Light


_____
David Maffucci


_____
Ted Orban

# RESOLUTIONS OF
# THE BOARD OF DIRECTORS OF
# STOWE WOODWARD LLC

WHEREAS, Stowe Woodward LLC (the "Company") has determined that it is desirable and in the best interests of the Company and its creditors, employees, and other interested parties that a petition be filed by the Company, seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

Chapter 11 Case

RESOLVED, that the Company be, and it hereby is, authorized and empowered to file a petition seeking relief under the provisions of the Bankruptcy Code;

RESOLVED, that each of the Company's Chief Executive Officer, Chief Financial Officer, President, any Vice President, the Treasurer, the Secretary, or any Assistant Secretary (each a "Proper Officer" and all "Proper Officers") is hereby authorized and empowered to execute and verify all petitions under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and to commence ancillary or related proceedings in such foreign countries as may be necessary or appropriate to effectuate the restructuring of the Company and to execute, verify, and cause to be filed all documents in furtherance thereof, at such time as such Proper Officer executing the same shall determine;

RESOLVED, that in connection with the commencement of a chapter 11 case by the Company, each Proper Officer is hereby authorized and empowered to negotiate, execute, and deliver such notes, security and other agreements, and instruments as such Proper Officer considers appropriate to enable the Company to utilize cash collateral on the terms and conditions such Proper Officer or Proper Officers executing the same may consider necessary, proper, or desirable, and to consummate the transactions contemplated by such notes, security and other agreements and instruments on behalf of the Company, subject to Bankruptcy Court approval;

RESOLVED, that each Proper Officer is hereby authorized and empowered to negotiate, enter into, execute, deliver, certify, file, record, and perform, any and all petitions, schedules, lists, motions, certifications, agreements, instruments, affidavits, applications, including without limitation, applications for approvals or rulings of governmental or regulatory authorities, or other documents and to take such other actions, as in the judgment of such Proper Officer shall be or become necessary, proper, or desirable in connection with the Company's chapter 11 case;

RESOLVED, that Xerium Technologies, Inc. ("Xerium") is authorized and empowered to act as foreign representative in any foreign country on behalf of the estate of the Company and in connection therewith, each proper officer of Xerium and any employees or agents (including counsel) designated or directed by any such officers, hereby is authorized and empowered to (i)

execute and file all schedules, motions, lists, applications, pleadings, and other papers, (ii) employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and (iii) to take and perform any and all further acts and deeds which they deem necessary, proper, or desirable in connection with such foreign proceedings, with a view to the successful prosecution of such case and proceedings;

RESOLVED, that each Proper Officer and any employees or agents (including counsel) designated or directed by any such officers, be, and each hereby is, authorized and empowered, in the name and on behalf of the Company, to (i) negotiate, execute, deliver and/or file (a) the Disclosure Statement, dated March 2, 2010, including any and all Exhibits and any modifications, amendments, or supplements thereto (the "Disclosure Statement"), (b) the Debtors' Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code previously distributed for vote solicitation pursuant to the Disclosure Statement, (the "Plan"), (c) the Plan Supplement (as defined in the Plan) and any and all other schedules, lists, and other papers that such Proper Officer may deem necessary, proper, or desirable with a view to confirmation of the Plan, (ii) seek confirmation of the Plan, (iii) alter, amend, modify or supplement the Plan pursuant to section 1127 of the Bankruptcy Code, (iv) take such other actions as may be necessary in furtherance of confirmation of the Plan, and (v) once an order of the Bankruptcy Court is entered confirming the Plan, execute and deliver all agreements, documents, certificates, consents, filings, and instruments as may be required for the occurrence of the Effective Date (as defined in the Plan) and take such other actions as may be necessary in furtherance of the occurrence of the Effective Date and consummation of the transactions contemplated by the Plan, including, without limitation, the entry into the Exit Facility (as defined in the Plan) as contemplated by Section 5.5 of the Plan, entry into the Amended and Restated Credit Facility (as defined in the Plan) and the other transactions and actions contemplated by Section 5.7 of the Plan, and the transactions and actions contemplated by Section 5.9 of the Plan.

RESOLVED, that once an order of the Bankruptcy Court is entered confirming the Plan, all transactions and actions contemplated by the Plan are hereby authorized and approved by the Board of Directors of the Company, including, without limitation, the issuance of securities contemplated by Section 5.2 of the Plan, to be effective as provided in the Plan.

Execution of Debtor in Possession Loan Facility

RESOLVED, that in connection with the commencement of a chapter 11 case by the Company, each Proper Officer is hereby authorized and empowered to negotiate, execute, deliver, and cause the Company to perform its obligations under (a) the secured superpriority debtor in possession loan agreement among Xerium, as borrower, the Company and certain other subsidiaries of Xerium, as guarantors, an affiliate of Citigroup Global Markets, Inc., as administrative and collateral agent, and a syndicate of banks, financial institutions, and other entities, as lenders, substantially on the terms set forth in Exhibit B to the Plan (the "Loan Agreement"), and (b) the other agreements contemplated by the Loan Agreement, including notes, pledge agreements, security agreements, mortgages, financing statements and similar documents in connection with granting a security interest in or a pledge of the Company's assets to secure the obligations under the Loan Agreement, and any other agreements or documents as any Proper Officer determines is necessary, proper, or desirable to consummate the transactions contemplated by the Loan Agreement.

RESOLVED, that each Proper Officer is hereby authorized and empowered to grant a security interest in, and pledge, assets of the Company as collateral in connection with the Loan Agreement.

Retention of Advisors

RESOLVED, that the law firm of Cadwalader, Wickersham & Taft LLP be and hereby is employed as attorneys for the Company under a general retainer in the Company's chapter 11 case, subject to Bankruptcy Court approval;

RESOLVED, that the law firm of Richards, Layton & Finger, P.A. be and hereby is employed as attorneys for the Company under a general retainer in the Company's chapter 11 case, subject to Bankruptcy Court approval;

RESOLVED, that the firm of AlixPartners, LLP be and hereby is employed as restructuring advisor for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval;

RESOLVED, that the firm of Rothschild Inc. be and hereby is employed as financial advisor for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval;

RESOLVED, that the firm of Ernst & Young LLP be and hereby is employed as auditor and tax advisor for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval;

RESOLVED, that the law firm of Baker & McKenzie LLP be and hereby is employed as special counsel for the Company, subject to Bankruptcy Court approval;

RESOLVED, that the law firm of Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP be and hereby is employed as special counsel for the Company, subject to Bankruptcy Court approval;

RESOLVED, that each Proper Officer is hereby authorized and empowered to employ and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals, subject to Bankruptcy Court approval, and to perform any and all further acts and deeds the Proper Officer deems necessary, proper, or desirable in furtherance thereof with a view to the successful prosecution of the Company's chapter 11 case;

General Authorization and Ratification

RESOLVED, that each Proper Officer is authorized and empowered, consistent with these Resolutions and with the advice of the Company's legal staff: (i) to negotiate, execute, deliver, certify, file and/or record, and perform, any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments and assignments thereof as may be required or as such Proper Officer deems appropriate or advisable, or to cause the negotiation, execution, and delivery thereof, in the name and on behalf of the Company, as the case may be, in such form and substance as such Proper Officer may approve, together with such changes and amendments to any of the terms and conditions thereof as such Proper Officer may approve, with the execution and delivery thereof on behalf of the Company by or at the direction of such Proper Officer to constitute evidence of such approval, (ii) to negotiate, execute, deliver, certify, file and/or record, and perform, in the name and on behalf of the Company, any and all agreements, documents, certificates, consents, filings, and applications relating to the Resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such Proper Officer deems appropriate or advisable in connection therewith, and (iii) to do such other things as may be required, or as may in such Proper Officer's judgment be necessary, proper or desirable, to carry out the intent and effectuate the purposes of the Resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby; and

RESOLVED, that all actions taken by the Proper Officers prior to the date of the foregoing Resolutions adopted at this meeting and within the authority conferred, are proved in all respects as the act and deed of the Company.

**Annex B**

## UNANIMOUS WRITTEN CONSENT OF
## THE BOARD OF DIRECTORS OF
## STOWE WOODWARD LICENSCO LLC
## TO ACTION IN LIEU OF A MEETING

_____, 2010

The undersigned, being all of the members of the Board of Directors of Stowe Woodward Licensco LLC, a Delaware limited liability company (the "Company"), acting pursuant to Section 18-404 of the Delaware Limited Liability Company Act and the Limited Liability Company Agreement (the "Agreement") of the Company, hereby (i) approve the resolutions (the "Resolutions") and consent to the adoption of the resolutions attached hereto as Exhibit A, effective as of the date set forth above, and (ii) waive all requirements of notice, whether statutory or otherwise.

The actions taken by this consent shall have the same force and effect as if taken at a meeting of the Board of Directors duly called and constituted pursuant to the Agreement of the Company and the laws of the State of Delaware, shall be filed with the minutes of the meetings of the Board of Directors and shall be considered for all purposes as action taken at a meeting.

This consent may be executed in one or more counterparts, each of which shall constitute an original, and all of which together shall constitute one and the same instrument.


_____
Stephen R. Light


_____
David Maffucci


_____
Ted Orban

# RESOLUTIONS OF
# THE BOARD OF DIRECTORS OF
# STOWE WOODWARD LICENSCO LLC

WHEREAS, Stowe Woodward Licensco LLC (the "Company") has determined that it is desirable and in the best interests of the Company and its creditors, employees, and other interested parties that a petition be filed by the Company, seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

Chapter 11 Case

RESOLVED, that the Company be, and it hereby is, authorized and empowered to file a petition seeking relief under the provisions of the Bankruptcy Code;

RESOLVED, that each of the Company's Chief Financial Officer, President, any Vice President, the Treasurer, the Secretary, or any Assistant Secretary (each a "Proper Officer" and all "Proper Officers") is hereby authorized and empowered to execute and verify all petitions under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and to commence ancillary or related proceedings in such foreign countries as may be necessary or appropriate to effectuate the restructuring of the Company and to execute, verify, and cause to be filed all documents in furtherance thereof, at such time as such Proper Officer executing the same shall determine;

RESOLVED, that in connection with the commencement of a chapter 11 case by the Company, each Proper Officer is hereby authorized and empowered to negotiate, execute, and deliver such notes, security and other agreements, and instruments as such Proper Officer considers appropriate to enable the Company to utilize cash collateral on the terms and conditions such Proper Officer or Proper Officers executing the same may consider necessary, proper, or desirable, and to consummate the transactions contemplated by such notes, security and other agreements and instruments on behalf of the Company, subject to Bankruptcy Court approval;

RESOLVED, that each Proper Officer is hereby authorized and empowered to negotiate, enter into, execute, deliver, certify, file, record, and perform, any and all petitions, schedules, lists, motions, certifications, agreements, instruments, affidavits, applications, including without limitation, applications for approvals or rulings of governmental or regulatory authorities, or other documents and to take such other actions, as in the judgment of such Proper Officer shall be or become necessary, proper, or desirable in connection with the Company's chapter 11 case;

RESOLVED, that Xerium Technologies, Inc. ("Xerium") is authorized and empowered to act as foreign representative in any foreign country on behalf of the estate of the Company and in connection therewith, each proper officer of Xerium and any employees or agents (including counsel) designated or directed by any such officers, hereby is authorized and empowered to (i)

execute and file all schedules, motions, lists, applications, pleadings, and other papers, (ii) employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and (iii) to take and perform any and all further acts and deeds which they deem necessary, proper, or desirable in connection with such foreign proceedings, with a view to the successful prosecution of such case and proceedings;

RESOLVED, that each Proper Officer and any employees or agents (including counsel) designated or directed by any such officers, be, and each hereby is, authorized and empowered, in the name and on behalf of the Company, to (i) negotiate, execute, deliver and/or file (a) the Disclosure Statement, dated March 2, 2010, including any and all Exhibits and any modifications, amendments, or supplements thereto (the "Disclosure Statement"), (b) the Debtors' Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code previously distributed for vote solicitation pursuant to the Disclosure Statement, (the "Plan"), (c) the Plan Supplement (as defined in the Plan) and any and all other schedules, lists, and other papers that such Proper Officer may deem necessary, proper, or desirable with a view to confirmation of the Plan, (ii) seek confirmation of the Plan, (iii) alter, amend, modify or supplement the Plan pursuant to section 1127 of the Bankruptcy Code, (iv) take such other actions as may be necessary in furtherance of confirmation of the Plan, and (v) once an order of the Bankruptcy Court is entered confirming the Plan, execute and deliver all agreements, documents, certificates, consents, filings, and instruments as may be required for the occurrence of the Effective Date (as defined in the Plan) and take such other actions as may be necessary in furtherance of the occurrence of the Effective Date and consummation of the transactions contemplated by the Plan, including, without limitation, the entry into the Exit Facility (as defined in the Plan) as contemplated by Section 5.5 of the Plan, entry into the Amended and Restated Credit Facility (as defined in the Plan) and the other transactions and actions contemplated by Section 5.7 of the Plan, and the transactions and actions contemplated by Section 5.9 of the Plan.

RESOLVED, that once an order of the Bankruptcy Court is entered confirming the Plan, all transactions and actions contemplated by the Plan are hereby authorized and approved by the Board of Directors of the Company, including, without limitation, the issuance of securities contemplated by Section 5.2 of the Plan, to be effective as provided in the Plan.

## Execution of Debtor in Possession Loan Facility

RESOLVED, that in connection with the commencement of a chapter 11 case by the Company, each Proper Officer is hereby authorized and empowered to negotiate, execute, deliver, and cause the Company to perform its obligations under (a) the secured superpriority debtor in possession loan agreement among Xerium, as borrower, the Company and certain other subsidiaries of Xerium, as guarantors, an affiliate of Citigroup Global Markets, Inc., as administrative and collateral agent, and a syndicate of banks, financial institutions, and other entities, as lenders, substantially on the terms set forth in Exhibit B to the Plan (the "Loan Agreement"), and (b) the other agreements contemplated by the Loan Agreement, including notes, pledge agreements, security agreements, mortgages, financing statements and similar documents in connection with granting a security interest in or a pledge of the Company's assets to secure the obligations under the Loan Agreement, and any other agreements or documents as any Proper Officer determines is necessary, proper, or desirable to consummate the transactions contemplated by the Loan Agreement.

RESOLVED, that each Proper Officer is hereby authorized and empowered to grant a security interest in, and pledge, assets of the Company as collateral in connection with the Loan Agreement.

## Retention of Advisors

RESOLVED, that the law firm of Cadwalader, Wickersham & Taft LLP be and hereby is employed as attorneys for the Company under a general retainer in the Company's chapter 11 case, subject to Bankruptcy Court approval;

RESOLVED, that the law firm of Richards, Layton & Finger, P.A. be and hereby is employed as attorneys for the Company under a general retainer in the Company's chapter 11 case, subject to Bankruptcy Court approval;

RESOLVED, that the firm of AlixPartners, LLP be and hereby is employed as restructuring advisor for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval;

RESOLVED, that the firm of Rothschild Inc. be and hereby is employed as financial advisor for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval;

RESOLVED, that the firm of Ernst & Young LLP be and hereby is employed as auditor and tax advisor for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval;

RESOLVED, that the law firm of Baker & McKenzie LLP be and hereby is employed as special counsel for the Company, subject to Bankruptcy Court approval;

RESOLVED, that the law firm of Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP be and hereby is employed as special counsel for the Company, subject to Bankruptcy Court approval;

RESOLVED, that each Proper Officer is hereby authorized and empowered to employ and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals, subject to Bankruptcy Court approval, and to perform any and all further acts and deeds the Proper Officer deems necessary, proper, or desirable in furtherance thereof with a view to the successful prosecution of the Company's chapter 11 case;

General Authorization and Ratification

RESOLVED, that each Proper Officer is authorized and empowered, consistent with these Resolutions and with the advice of the Company's legal staff: (i) to negotiate, execute, deliver, certify, file and/or record, and perform, any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments and assignments thereof as may be required or as such Proper Officer deems appropriate or advisable, or to cause the negotiation, execution, and delivery thereof, in the name and on behalf of the Company, as the case may be, in such form and substance as such Proper Officer may approve, together with such changes and amendments to any of the terms and conditions thereof as such Proper Officer may approve, with the execution and delivery thereof on behalf of the Company by or at the direction of such Proper Officer to constitute evidence of such approval, (ii) to negotiate, execute, deliver, certify, file and/or record, and perform, in the name and on behalf of the Company, any and all agreements, documents, certificates, consents, filings, and applications relating to the Resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such Proper Officer deems appropriate or advisable in connection therewith, and (iii) to do such other things as may be required, or as may in such Proper Officer's judgment be necessary, proper or desirable, to carry out the intent and effectuate the purposes of the Resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby; and

RESOLVED, that all actions taken by the Proper Officers prior to the date of the foregoing Resolutions adopted at this meeting and within the authority conferred, are proved in all respects as the act and deed of the Company.

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------------x

In re                                          :     Chapter 11

                                               :

XERIUM TECHNOLOGIES, INC.,                     :     Case No. __-_____ (    )

                                               :

                        Debtors.               :     Joint Administration Requested

--------------------------------------------------------------------x

## CONSOLIDATED LIST OF CREDITORS
## HOLDING FIFTY LARGEST UNSECURED CLAIMS

The following is a list of creditors holding the fifty (50) largest unsecured claims against the above-captioned debtor and certain affiliated entities that have simultaneously commenced chapter 11 cases in this Court (collectively, the "Debtors"), as set forth in Schedule 1 to the petition. This list has been prepared on a consolidated basis from the unaudited books and records of the Debtors. The list reflects amounts from the Debtors' books and records as of March 15, 2010. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' chapter 11 cases. This list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' right to challenge the amount of characterization of any claim at a later date.[1]

| Name of Creditor | Complete Mailing Address of Creditor Including Zip Code | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if Claim is contingent, unliquidated, disputed or subject to set-off | Amount of claim (If secured also state value of security) |
|---|---|---|---|---|
| FFG | Sensengasse 1 1090 Wien Austria | Bank debt | N/A | $1,722,792.00 |
| Teijin | Max-Fischer-Str. 11 D-86399 Bobingen Germany | Trade Debt | N/A | $662,760.88 |
| JLM Advanced Technical Services, Inc. | 1400 N. Rankin Street Appleton WI 54911 USA | Trade debt | N/A | $654,226.14 |
| MA.RE. S.p.A. | Via V.Veneto, 12 25040 Pilzone d'Iseo Italy | Trade debt | N/A | $349,341.12 |

---

[1] The Debtors, in compiling this list, have not taken into account whether any creditors listed herein have or could have a valid mechanic's lien.

| Perlon-Monofil GmbH | Postfach 10 01 42<br>41519 Dormagen<br>Germany | Trade debt | N/A | $321,480.97 |
|---|---|---|---|---|
| Pesenti Marzio | Via Gotti 12<br>24018 Villa d'Alme (Bg)<br>Italy | Trade debt | N/A | $230,483.29 |
| Invista Inc | P.O. Box 905624<br>Charlotte NC 28290-5624<br>USA | Trade debt | N/A | $224,036.02 |
| TONAK, akciova spole | Zborovska c. p. 823<br>(ehem. FEZKO)<br>Novy Jicin<br>741 11<br>Czech Republic | Trade debt | N/A | $220,967.95 |
| Sandusky International Inc. | P.O. Box 630194<br>Cincinnati OH 45263-0194<br>USA | Trade debt | N/A | $220,291.09 |
| EMS-Griltech | Via Innovativa 1<br>7013<br>Domat/Ems<br>Switzerland | Trade debt | N/A | $174,226.81 |
| EconGas GmBH | Donau-City-Strasse 11<br>Ares-Tower<br>1220 Wien<br>Austria | Utility debt | N/A | $162,445.46 |
| Shakespeare Monofila | Enterprise Way<br>Fleetwood<br>Lancashire FY7 8RY<br>United Kingdom | Trade debt | N/A | $150,788.18 |
| Weger GmBH | Beethovenstr. 55-59<br>40724 Hilden<br>Germany | Trade debt | N/A | $148,470.85 |
| R.T. Vanderbilt Company, Inc. | P.O. Box 8500-1361<br>Philadelphia PA 19178-1361<br>USA | Trade debt | N/A | $143,719.06 |
| Andritz Kusters | P.O. Box 930488<br>Atlanta GA 31193-0488<br>USA | Trade debt | N/A | $133,750.17 |
| Tedepol-Dziurzynski | Ul. Kopernika 36/40 p.146<br>Warszawa 00924<br>Poland | Trade debt | N/A | $130,113.27 |
| Lorentzen & Wettre D | Haidelweg 48<br>81241 München<br>Germany | Trade debt | N/A | $124,948.80 |
| Polyamide High Performance | Kasinostrasse 19-21<br>42103 Wuppertal<br>Germany | Trade debt | N/A | $111,438.53 |
| Applied Industrial Technologies | P.O. Box 905794<br>Charlotte NC 28290-5794<br>USA | Trade debt | N/A | $107,021.76 |
| Berkenhoff | Herborner Straße 100<br>35614 Asslar<br>Germany | Trade debt | N/A | $97,627.27 |
| TEXO, Inc. | P.O. Box 601499<br>Charlotte NC 28260-1499<br>USA | Trade debt | N/A | $93,579.70 |
| BKT | Mozhayskaya Str. 18<br>190013 Saint-Petersburg<br>Russia | Trade debt | N/A | $91,000.42 |

| | | | | |
|---|---|---|---|---|
| Rogortec | 12 Ennisdale Drive<br>P.O. Box 20142<br>4016 Durban North<br>South Africa | Trade debt | N/A | $88,771.47 |
| Webster Machine Works, Inc. | P.O. Box 267<br>1408 Commerce St.<br>Minden LA 71058<br>USA | Trade debt | N/A | $74,253.13 |
| Univar | P.O. Box 848163<br>Dallas TX 75284-8163 | Trade debt | N/A | $74,223.58 |
| ePlus Group Inc | P.O. Box 8500-5270<br>Philadelphia PA 19178-5270 | Trade debt | N/A | $73,107.46 |
| City of North Bay | 200 McIntyre St<br>P.O. Box 360<br>North Bay ON P1B 8H8<br>Canada | Trade debt | N/A | $71,554.77 |
| NTN Bearing Corporation of America | 22193 Network Place<br>Chicago IL 60673-1221<br>USA | Trade debt | N/A | $68,601.75 |
| Automotive Rentals Inc. | P.O. Box 8500-4375<br>Philadelphia PA 19178-4375<br>USA | Trade debt | N/A | $65,199.97 |
| American Express | P.O. Box 1270<br>Newark NJ 07101-1270<br>USA | Trade debt | N/A | $64,313.22 |
| Easa | 42 Rue de l'Avenir<br>1147 Luxembourg<br>Luxembourg | Trade debt | N/A | $63,892.87 |
| Coim USA, Inc. | P.O. Box 32375<br>Hartford CT 06150-2375<br>USA | Trade debt | N/A | $59,148.04 |
| Magnat-Fairview, Inc. | 1102 Sheridan St<br>Chicopee MA 01022-1043<br>USA | Trade debt | N/A | $58,450.00 |
| Fastenal Company | PO Box 1286<br>Winona MN 55987-1286<br>USA | Trade debt | N/A | $54,050.57 |
| Standard & Poor's | 2542 Collection Center Drive<br>Chicago IL 60693<br>USA | Trade debt | N/A | $53,000.00 |
| EVN Strom | Johann-Steinböck-Str. 1<br>2344 Maria Enzersdorf<br>Austria | Trade debt | N/A | $52,428.74 |
| Pertinax | Ul. Pileckiego 63<br>Warsaw 02-781<br>Poland | Trade debt | N/A | $48,091.76 |
| EMS-Chemie (North America), Inc. | P.O. Box 890154<br>Charlotte NC 28289-0154<br>USA | Trade debt | N/A | $48,015.72 |
| Paratec Elastomers LLC | P.O. Box 7247-7302<br>Philadelphia PA 19170-7302<br>USA | Trade debt | N/A | $46,804.20 |
| Hafemeister Machine Corporation | 635 Main Street<br>Neenah WI 54957-1048<br>USA | Trade debt | N/A | $46,445.44 |
| Hahl | Postfach 1153<br>Rottenackerstr. 2-18<br>89593 Munderkingen<br>Germany | Trade debt | N/A | $45,354.25 |

| | | | | |
|---|---|---|---|---|
| Coldwater Seals, Inc. | 1396 Chattahoochee Avenue<br>Atlanta GA 30318<br>USA | Trade debt | N/A | $45,144.00 |
| Motion Industries, Inc. | P.O. Box 404130<br>Atlanta GA 30384-4130<br>USA | Trade debt | N/A | $45,020.76 |
| Zeon Chemicals L.P. | 23853 Network Pl.<br>Chicago IL 60673<br>USA | Trade debt | N/A | $41,969.36 |
| Chemtura | P.O. Box 7247-8429<br>Philadelphia, GA 19170-8429<br>USA | Trade debt | N/A | $41,018.56 |
| Sonoco Products<br>Company | P.O. Box 281728<br>Atlanta, GA 30384-1728<br>USA | Trade debt | N/A | $39,459.46 |
| Schneider & Ozga | AM Banhof 3<br>D-95463 Bindlach<br>Germany | Trade debt | N/A | $38,695.20 |
| ATI Advanced Testing<br>Institute | 203 Parksouth Drive<br>Greer, South Carolina 29651<br>USA | Trade debt | N/A | $36,841.00 |
| Wiener Städtische | Argentinierstrasse 22<br>Versicherung, Wien<br>1040 Austria | Trade Debt | N/A | $36,579.36 |
| Nova Scotia Power<br>Inc. | P.O. Box 638<br>Kentville, NS<br>Canada | Utility | N/A | $36,421.03 |

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x

In re                                          :        Chapter 11

                                               :        Case No. __-_____ (    )
XERIUM TECHNOLOGIES, INC.,                      :

                                Debtor.         :        Joint Administration Requested

                                               :

---------------------------------------------------------------x

## DECLARATION REGARDING LIST OF CREDITORS
## HOLDING FIFTY LARGEST UNSECURED CLAIMS

I, Stephen R. Light, am authorized to sign on behalf of Xerium Technologies,

Inc., named as the debtor in this case (the "Debtor"), and I declare under penalty of perjury that

I have reviewed the List of Creditors Holding Fifty Largest Unsecured Claims submitted

herewith, and that it is true and correct to the best of my information and belief.


Dated: ___March 30___, 2010


                                   By: _____
                                   Name:  Stephen R. Light
                                   Title:  Chairman and Chief Executive
                                            Officer

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------------x

In re                                      :     Chapter 11
                                           :
XERIUM TECHNOLOGIES, INC.,                 :     Case No. __-_____ (    )
                                           :
                        Debtor.            :     Joint Administration Requested
                                           :
-----------------------------------------------------------------------x

## DECLARATION REGARDING CREDITOR LIST

I, Stephen R. Light, am authorized to sign on behalf of Xerium Technologies,
Inc., named as the debtor in this case, and I declare under penalty of perjury that I have reviewed
the consolidated list of creditors submitted to the Court electronically in this case and that it is
true and correct to the best of my information and belief.


Dated:  ⎯⎯⎯⎯⎯⎯⎯⎯⎯, 2010
         MARCH 30


                              By: ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                              Name:  Stephen R. Light
                              Title:  Chairman and Chief Executive
                                      Officer

---------------------------------------------------------x

In re                                     :    Chapter 11

                                          :
XERIUM TECHNOLOGIES, INC.,                 :    Case No. __-_____ (    )
                                          :
                Debtor.                    :    Joint Administration Requested

---------------------------------------------------------x

## CORPORATE OWNERSHIP STATEMENT
## PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1

Pursuant to Fed. R. Bankr. P. 1007(a)(1) and 7007.1, the undersigned authorized agent of Xerium Technologies, Inc. declares under penalty of perjury that the following are entities that directly or indirectly own 10% or more of any class of Xerium Technologies, Inc.'s equity interests:

Apax WW Nominees Ltd.
Apax-Xerium APIA LP
Apax Europe IV GP Co. Ltd.


Dated: __March 30,__ 2010

By: _____
Name: Stephen R. Light
Title: Chairman and Chief Executive Officer