# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------- x

In re

XERIUM TECHNOLOGIES, INC., et al.,[1]

                Debtors.

------------------------------------------------------------------------- x

:   Chapter 11

:   Case No. 10-_____ ( )

:   Joint Administration Requested

## MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105(a) AND 366, AND FED. R. BANKR. P 6003 AND 6004 (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, (II) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE, (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT, AND (IV) SCHEDULING A FINAL HEARING

Xerium Technologies, Inc. ("Xerium") and certain of its direct and indirect subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully represent:

### Background

1.     On the date hereof (the "Commencement Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their

---

[1] The Debtors in these chapter 11 cases (along with the last four digits of each Debtor's federal tax identification number or its foreign equivalent) are: Xerium Technologies, Inc. (8674), Huyck Licensco Inc. (0434), Stowe Woodward Licensco LLC (4459), Stowe Woodward LLC (4102), Wangner Itelpa I LLC (3561), Wangner Itelpa II LLC (3562), Weavexx, LLC (7969), Xerium Asia, LLC (3367), Xerium III (US) Limited (4460), Xerium IV (US) Limited (4461), Xerium V (US) Limited (4462), XTI LLC (6754), Xerium Canada Inc. (0003), Huyck.Wangner Austria GmbH (0323), Xerium Germany Holding GmbH (3219), and Xerium Italia S.p.A. (0150). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 8537 Six Forks Road, Suite 300, Raleigh, North Carolina 27615.

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases for procedural purposes only pursuant to Fed. R. Bankr. P. 1015(b).

### The Debtors' Businesses

3. The Debtors, together with their non-Debtor subsidiaries and affiliates (collectively, the "Company"), are a leading global manufacturer and supplier of two categories of consumable products used in the production of paper products (the "Clothing Segment") and roll technology products (the "Roll Covers Segment") installed in paper-making machines. The Clothing Segment consists of engineered synthetic textile belts, which range in size from 15 feet in width to more than 460 feet in length, that allow for the extraction of water while transporting paper through a paper-making machine. The Roll Covers Segment encompasses the covering and servicing of large metal rolls (up to 50 feet in length, six feet in diameter, and 140,000 pounds) upon which paper machine clothing products are often mounted and between which paper travels as it is processed from a "wet slurry" to a finished paper product.

4. The Company operates 38 facilities in 13 countries, 32 of which are manufacturing facilities. The Company's facilities are strategically located in the major paper-producing regions of North America, Europe, South America, and Asia-Pacific. Eleven of these facilities manufacture clothing, twenty facilities manufacture and service roll covers, and one facility manufactures both clothing and roll covers. The Company owns substantially all of its manufacturing facilities.

5. As of January 1, 2010, the Company employs approximately 3,290 people worldwide, of which approximately 2,500 are manufacturing employees, 400 are sales and

marketing employees, 100 employees are in research and development, and 300 are administrative and other employees.

6.     For the fiscal year ended December 31, 2009, the Company generated, on a consolidated basis, $500.1 million in net sales. As of December 31, 2009, the Company reported, on a consolidated basis, total assets of $693.5 million and total liabilities of $813.2 million, including approximately $640.1 million of debt.

### The Debtors' Prepackaged Plan

7.     Prior to the Commencement Date, the Debtors solicited votes on their proposed joint prepackaged plan of reorganization under chapter 11 of the Bankruptcy Code pursuant to a disclosure statement, dated March 2, 2010 and supplement thereto, dated March 8, 2010 (together, the "Disclosure Statement"). On the Commencement Date, the Debtors filed the proposed plan, as amended (the "Plan") and the Disclosure Statement with the Court. As set forth in the Certification of The Garden City Group, Inc. with Respect to Solicitation and Tabulation of Votes on Debtors' Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, filed on the Commencement Date, the Plan has been overwhelmingly accepted by all classes entitled to vote.

8.     As described in the Disclosure Statement and the Declaration of Stephen Light in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings (the "Light Declaration"), filed with the Court on the Commencement Date, the Plan contemplates a comprehensive financial restructuring of the Debtors' capital structure that will reduce the Debtors' leverage and enhance their long-term growth and competitive position. The Plan also provides for an improvement in the Debtors' liquidity by extending the maturity dates of their prepetition indebtedness. Under the Plan, general unsecured claims will be rendered unimpaired

and holders of equity interests in Xerium will receive shares of new common stock to be issued on the effective date of the Plan and warrants to purchase additional shares of new common stock.

**Jurisdiction**

9.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

10.      By this motion, and for the reasons set forth below, pursuant to sections 105(a) and 366 of the Bankruptcy Code and Fed. R. Bankr. P. 6003 and 6004, the Debtors respectfully request (i) entry of an interim order (the "Interim Order"), substantially in the form attached hereto as Exhibit A (a) prohibiting, pending entry of a Final Order (as defined below), utility companies from altering, refusing, or discontinuing services to, or discriminating against, the Debtors on account of prepetition amounts outstanding for utility services or on account of any perceived inadequacy of the Debtors' proposed adequate assurance of payment, (b) approving the Debtors' proposed adequate assurance of payment to utility companies, (c) approving procedures for resolving any requests for alternative assurance of payment, and (d) scheduling a hearing (the "Final Hearing") to consider the relief requested herein on a final basis; and (ii) entry of a final order (the "Final Order"), substantially in the form attached hereto as Exhibit B granting the relief requested herein on a final basis.

RLF1 3555144v 1

**The Utility Companies**

11.    In connection with the operation of their businesses, the Debtors obtain electricity, natural gas, oil, water, sewer, telephone, trash collection, cable and data, and other similar services (collectively, the "Utility Services") from a number of utility companies or their brokers (collectively, the "Utility Companies").[2]    The Utility Companies that provide Utility Services to the Debtors as of the Commencement Date include, but are not limited to, those that are listed on Exhibit C attached hereto (the "Utility Services List").[3]

12.    On average, the Debtors pay approximately $405,000.00 per month for Utility Services, calculated as an historical average over a twelve-month period.    Accordingly, the Debtors estimate that their cost for Utility Services during the thirty days following the Commencement Date will be approximately $405,000.00 (not including any deposits to be paid). Certain of the Utility Companies currently hold deposits from the Debtors in the aggregate amount of approximately $4,025.00.

13.    The Debtors have an excellent payment history with the Utility Companies and to the best of the Debtors' knowledge, have been current throughout.    Further, to the best of the Debtors' knowledge, there are no material defaults or arrearages with respect to the Debtors'

---

[2] Section 366 of the Bankruptcy Code applies to entities that are traditionally viewed as utilities (such as those that provide electricity, telephone service, water, or gas) and any entity that supplies services that cannot be readily obtained or replaced elsewhere, or which constitute a monopoly with respect to the services that it provides to the debtor. See, e.g., One Stop Realtour Place, Inc., 268 B.R. 430 (Bankr. E.D. Pa. 2001) (looking to the ordinary meaning of "utility" as defined by Merriam Webster and finding that a provider of telephone services is a utility regardless of whether telephone service may be available from another provider); Good Times Charlie's Ltd. v. Black (In re Good Time Charlie's Ltd.), 25 B.R. 226 (Bankr. E.D. Pa. 1982) (finding that a shopping mall was a utility because it was supplying electricity service to the debtor and it would be economically impractical for the debtor to rewire its business to obtain power directly from the power company).

[3] The inclusion of an entity on, or omission of an entity from, the Utility Services List is not an admission or concession that such entity is, or is not, a utility for the purposes of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

undisputed invoices for Utility Services, other than payment interruptions that may be caused by the commencement of these prepackaged chapter 11 cases.

## The Proposed Adequate Assurance

14. Within 20 days after the Commencement Date, the Debtors propose to place a cash deposit equal to two weeks of Utility Services, calculated based on the two-week historical average over the past 12 months (the "Adequate Assurance Deposit"), into a newly created, segregated account (the "Utility Deposit Account") for the benefit of any Utility Company, unless such Utility Company (i) agrees to a lesser amount, (ii) already holds a deposit or letter of credit equal to or greater than two weeks of Utility Services, or (iii) is currently paid in advance for its Utility Services. The creditors of the Debtors shall have no interest in, or lien on, the Adequate Assurance Deposit or the Utility Deposit Account.

15. Where the Debtors have already provided a Utility Company a deposit or letter of credit equal to, or greater than, two weeks of Utility Services or the Debtors have paid a Utility Company in advance for its Utility Services, the Debtors submit that such Utility Company should be deemed to have been provided with adequate assurance of payment as required by section 366 of the Bankruptcy Code. Accordingly, the Debtors estimate that the Adequate Assurance Deposit will be approximately $200,000.00.

16. The Debtors propose that the Adequate Assurance Deposit be maintained until the earlier of (i) entry of an order of the Court authorizing the return of the Adequate Assurance Deposit to the Debtors and (ii) the effective date of a plan of reorganization for the Debtors, at which time the Adequate Assurance Deposit shall automatically be returned to the reorganized Debtors, without further order of the Court.

RLF1 3555144v 1

17.     In addition, the Debtors seek authority to reduce the Adequate Assurance Deposit to the extent that it includes an amount on account of a Utility Company that the Debtors subsequently determine, in their sole discretion, should be removed from the Utility Services List.

18.     The Debtors submit that the Adequate Assurance Deposit, together with the Debtors' ability to pay for future Utility Services in the ordinary course of business with funds available from their postpetition financing (collectively, the "Proposed Adequate Assurance"), constitute adequate assurance of payment to the Utility Companies for purposes of section 366 of the Bankruptcy Code. This is especially true in light of the nature and short duration of these prepackaged chapter 11 cases where the Debtors anticipate payment of the prepetition claims of certain creditors, such as the Utility Companies, in the ordinary course of business.[4]

19.     Accordingly, the Debtors believe that no other or further assurance of payment is necessary. If, however, a Utility Company believes that additional or alternative assurance of payment is necessary, the Debtors submit that the Utility Company must request such additional or alternative assurance of payment pursuant to the procedures described below (the "Adequate Assurance Procedures").

### Adequate Assurance Procedures

20.     In light of the severe consequences to the Debtors of any interruption in Utility Services, but recognizing the right of the Utility Companies to evaluate the Proposed

---

[4] Contemporaneously herewith, the Debtors filed their Motion of Debtors For Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105(a) and 363(b), and Fed. R. Bankr. P. 6003 and 6004 (I) Authorizing the Debtors to Pay Prepetition Claims of Certain Creditors in the Ordinary Course of Business and (II) Scheduling A Final Hearing.

Adequate Assurance independently, the Debtors propose the following Adequate Assurance Procedures to resolve requests for additional or alternative assurance of payment in an orderly and fair manner:

a. Within 3 business days after the date of entry of the Interim Order, the Debtors will mail a copy of the Interim Order to the Utility Companies on the Utility Services List.

b. Any Utility Company not satisfied with the Proposed Adequate Assurance must (i) file a written objection with the Court ("Objection") that (a) sets forth the amount and form of additional or alternative assurance of payment requested, (b) sets forth the location(s) for which Utility Services are provided, (c) includes a summary of the Debtors' payment history to such Utility Company, including any security deposits, and (d) sets forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient; and (ii) serve such Objection upon (a) Xerium Technologies, Inc., 51 Flex Way, Youngsville, NC 27596 (Attn: James Powers) and (b) the attorneys for the Debtors, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 1281 (Attn: Sharon J. Richardson, Esq. and Jonathan D. Canfield, Esq.) (together, the "Notice Parties") so as to be actually received no later than **4:00 p.m. (prevailing Eastern time) on the day that is 21 days after the Commencement Date (the "Objection Deadline").**

c. Prior to the Final Hearing, the Debtors may, in their sole discretion, and without further order of this Court, resolve any Objection by mutual agreement with the objecting Utility Company, and in connection with such resolution, may provide a Utility Company with alternative assurance of payment, to the extent the Debtors believe such alternative assurance is reasonable in the exercise of their business judgment, including, but not limited to, cash deposits, prepayments, and/or other forms of security; provided, however, that the Debtors shall maintain a summary record of such agreements and their respective terms which shall be available to any official committee appointed in these cases and the Office of the United States Trustee upon request.

d. If the Debtors are not able to reach a resolution with an objecting Utility Company prior to the Final Hearing, the Debtors propose that the Court determine the adequacy of the Proposed Adequate Assurance with respect to such Utility Company at the Final

Hearing; provided, however, that the Debtors may, with the consent of such Utility Company, continue any unresolved Objection to a hearing date subsequent to the date of the Final Hearing, in which case the Debtors request that such Utility Company shall be prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors until the Objection is resolved either mutually between the parties or by the Court following the conclusion of such later hearing date.

21.     The Debtors respectfully request that any Utility Company that fails to file and serve an Objection as described above be deemed to have been provided with adequate assurance of payment as required by section 366 of the Bankruptcy Code and be prohibited from altering, refusing, or discontinuing to provide Utility Services, including as a result of unpaid charges for prepetition Utility Services, subject to such Utility Company's right to seek modification of the Proposed Adequate Assurance under section 366(c)(3) of the Bankruptcy Code.

22.     If no Objections are filed prior to the Objection Deadline, the Debtors request that the Final Order be entered without further notice or hearing.

### Amendment of the Utilities Company List

23.     Although the Debtors have made extensive and good-faith efforts to identify all of the Utility Companies, certain Utility Companies that currently provide Utility Services to the Debtors may have been omitted unintentionally from the Utility Services List. To the extent that the Debtors identify additional Utility Companies (each, an "Additional Utility Company"), the Debtors will promptly file amendments to the Utility Services List and promptly serve copies of this Motion, the Interim Order (when and if entered), and the Final Order (when and if entered) on such Additional Utility Companies.

-9-

24.     The Debtors further request the Interim Order and Final Order be binding on all Utility Companies providing services to the Debtors, regardless of when each Utility Company was added to the Utility Services List, provided that any Additional Utility Company shall have until 4:00 p.m. (prevailing Eastern time) on the date that is 21 days from the date of such amendment to file and serve an Objection in compliance with the Adequate Assurance Procedures. Should any Additional Utility Company file an Objection to the Proposed Adequate Assurance or Adequate Assurance Procedures, the Debtors request that such Additional Utility Company be prohibited from altering, refusing, or discontinuing to provide Utility Services, including, as a result of unpaid charges for prepetition Utility Services, pending resolution of the Objection.

25.     Upon the addition of a newly-identified Utility Company to the Utility Services List, the Debtors will increase the amount of the Adequate Assurance Deposit in the Utility Deposit Account by an amount equal to the cost of two weeks of Utility Services provided by such Additional Utility Company to the Debtors, calculated as a historical average over a twelve-month period, unless such newly-identified Utility Company (a) agrees to a lesser amount, (b) already holds a deposit or letter of credit equal to or greater than two weeks of Utility Services, or (c) is currently paid in advance for its Utility Services.

## Basis for Relief Requested

26.     The Debtors submit that the relief requested herein is essential to avoid interruptions in Utility Services that may jeopardize the Debtors' ongoing operations and the success of these chapter 11 cases. Should any Utility Company refuse or discontinue service, even for a brief period, the Debtors' business operations would be severely disrupted, irreparably damaging the Debtors' production supply, vendor relationships, and revenue stream to the

-10-

detriment of all parties in interest, and potentially delaying the Debtors' successful reorganization. The relief requested provides the Utility Companies with a fair and orderly procedure for determining requests for alternative assurance of payment. Without the Adequate Assurance Procedures sought herein, the Debtors could be forced to address hundreds of requests by Utility Companies in a disorganized manner at a critical period in these chapter 11 cases and during a time when the Debtors' efforts could be more productively focused on the Debtors' reorganization efforts.

### A. The Court Should Approve the Debtors' Proposed Adequate Assurance

27. Section 366 of the Bankruptcy Code protects a debtor against the immediate termination or alteration of utility services after commencing its case.[5] If during the

---

[5] Section 366 of the Bankruptcy Code provides, in relevant part, as follows:

(a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

(b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

$$* \qquad * \qquad *$$

(c)(2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.

(c)(3)(A) On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).

(c)(3)(B) In making a determination under this paragraph whether an assurance of payment is adequate, the court may not consider –

(i) the absence of security before the date of the filing of the petition;

30-day period after the commencement date, the debtor does not provide "adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility company, the company may alter, refuse, or discontinue service. 11 U.S.C. § 366(c)(2).

28.    Section 366(c) of the Bankruptcy Code also provides what does and does not constitute "adequate assurance" of payment and what factors can be considered in determining whether such assurance is adequate. But section 366(c), like section 366(b) before the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA"), requires that an assurance of payment be only "adequate." Accordingly, it does not require an absolute guarantee of the debtor's ability to pay. See, e.g., In re Caldor, Inc. – N.Y., 199 B.R. 1, 3 (S.D.N.Y. 1996) (Section 366(b) "does not require an 'absolute guarantee of payment.") (citation omitted), aff d sub nom. Va. Elec. & Power Co. v. Caldor, Inc – N.Y., 117 F.3d 646 (2d Cir. 1997); In re Adelphia Bus. Solutions, Inc., 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002).

29.    Rather, like section 366(b) pre-BAPCPA, the focus is "upon the need of the utility for assurance, and to require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources.'" Va. Elec. & Power Co., 117 F.3d at 650 (quoting In re Penn Jersey Corp., 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987) (emphasis by Second Circuit); see also In re Magnesium Corp. of Am., 278 B.R. 698, 714 (Bankr. S.D.N.Y. 2002).

30.    In determining whether a given assurance of payment is in fact "adequate," this Court must examine the totality of the circumstances to make an informed

---

(ii) the payment by the debtor of charges for utility service in a timely manner before the date of the filing of the petition; or

(iii) the availability of an administrative expense priority.

11 U.S.C. § 366(a), (b), (c).

judgment as to whether the Utility Companies will be subject to an unreasonable risk of nonpayment. See Adelphia, 280 B.R. at 82-83; see also In re Steinebach v. Tucson Elec. Power Co. (In re Steinebach), 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Adequate assurance of payment is not, however, absolute assurance . . . [A]ll § 366(b) requires is that a utility be protected from an unreasonable risk of non-payment.").

31.     Here, the totality of the circumstances indicates the Utility Companies are adequately assured against any risk of nonpayment for future services. The Debtors' Proposed Adequate Assurance includes a cash deposit equivalent to two weeks' worth of Utility Services. Courts construing section 366, as amended, have concluded that a deposit constituting two weeks' worth, or less, of utility service constitutes adequate assurance of future payment. See, e.g., In re Panolam Holdings Co., Case No. 09-13889 (MFW) (Bankr. D. Del. Nov. 20, 2009) (D.I. 85) (final order approving adequate assurance equal to the cost of two weeks of utility services); In re NTK Holdings, Inc., Case No. 09-13611 (KJC) (Bankr. D. Del. Nov. 19, 2009) (D.I. 137) (same); In re True Temper Sports, Inc., Case No. 09-13446 (PJW) (Bankr. D. Del. Oct. 30, 2009) (D.I. 111) (same); In re Source Interlink Cos., Inc., Case No. 09-11424 (KG) (Bankr. D. Del. May 27, 2009) (D.I. 221) (same); In re Sun-Times Media Group, Inc., Case No. 09-11092 (CSS) (Bankr. D. Del. Apr. 28, 2009) (D.I. 127) (same); In re Magna Ent'mt, No. 09-10720 (MFW) (Bankr. D. Del. Mar. 27, 2009) (D.I. 187) (same); In re Aleris Int'l, No. 09-10478 (BLS) (Bankr. D. Del. Mar. 17, 2009) (D.I. 291) (same); In re Nortel Networks Inc., et al., Case No. 09-10138 (KG) (Bankr. D. Del. Feb. 5, 2009) (D.I. 240) (same).

32.     In addition to the Adequate Assurance Deposit, however, the Debtors' ability to pay for future Utility Services in the ordinary course of business with their postpetition financing and the nature and short duration of these prepackaged chapter 11 cases – where the

Debtors expect to be able to satisfy the prepetition claims of the Utility Companies in the ordinary course of business – further support approval of the Debtors' Proposed Adequate Assurance. Accordingly, the Court should approve the Debtors' Proposed Adequate Assurance because it satisfies the requirements of section 366 of the Bankruptcy Code.

**B.     The Debtors' Proposed Adequate
Assurance Procedures Should be Approved**

33.     The Court should also approve the Debtors' proposed Adequate Assurance Procedures because it provides the Utility Companies with a fair and orderly process for seeking modification of the Proposed Adequate Assurance while protecting the Debtors from being forced to address numerous additional adequate assurance requests in a disorganized manner and at a time when the Debtors' efforts could be more productively focused on the seamless continuation of their operations in chapter 11.

34.     In fact, the Adequate Assurance Procedures implement the policy underlying section 366 of the Bankruptcy Code. Congress enacted section 366 to protect a debtor from utility service cutoffs upon a bankruptcy filing while, at the same time, providing utility companies with adequate assurance that the debtor will pay for postpetition services. See H.R. Rep. No. 95-595, at 350 (1978) reprinted in 1978 U.S.C.C.A.N. 5963, 6306. Thus, section 366 protects a debtor by enjoining utilities from altering, refusing or discontinuing services solely on account of unpaid prepetition amounts for a period of thirty (30) days after the bankruptcy filing, and it protects utility companies by permitting them to alter, refuse or discontinue service after thirty (30) days if the debtors have not furnished "adequate assurance" of payment.

35.     The Adequate Assurance Procedures ensure all parties act in good faith when exercising their rights under section 366. Moreover, the Utility Companies' rights to seek

-14-

resolution of the Proposed Adequate Assurance under section 366(c)(3) of the Bankruptcy Code are preserved. Therefore, because the Adequate Assurance Procedures are reasonable and in accord with the purposes of section 366, the Court should grant the relief requested here. Similar Procedures have been approved by courts in other cases. See, e.g., In re Panolam Holdings Co., Case No. 09-13889 (MFW) (Bankr. D. Del. Nov. 20, 2009) (D.I. 85); In re R.H. Donnelley Corp., Case No. 09-11833 (KG) (Bankr. D. Del. June 25, 2009) (D.I. 146); In re Aleris Int'l, Case No. 09-10478 (BLS) (Bankr. D. Del. Mar. 17, 2009) (D.I. 291); In re Smurfit-Stone Container Corp., Case No. 09-10235 (BLS) (Bankr. D. Del. Feb. 23, 2009) (D.I. 382); In re Tribune Co., Case No. 08-13141 (KJC) (Bankr. D. Del. Jan. 15, 2009) (D.I. 234); In re Landsource Cmtys. Dev. LLC, Case No. 08-11111 (KJC) (Bankr. D. Del. July 1, 2008) (D.I. 147).

C. **The Court Has Authority to Grant the Requested Relief**

36. Congress did not, with BAPCPA, intend to abrogate the bankruptcy court's right to determine the amount of adequate assurance necessary. Section 366(c)(3) uses language identical as that employed in 366(b) in allowing courts to modify the amount of adequate assurance. Compare 11 U.S.C. § 366(b) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.") with 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment . . . ."). It follows that section 366(c) gives courts the same discretion in determining the amount of payment necessary for adequate assurance as they previously had under section 366(b) before BAPCPA. See In re Circuit City Stores, No. 08-35653, 2009 WL 484553, at *4-5 (Bankr. E.D. Va. Jan. 14, 2009).

37.    Further, courts have held that Congress also did not intend to prohibit courts from fashioning reasonable procedures, such as the Adequate Assurance Procedures proposed herein, to implement the protections afforded under section 366.  In re Circuit City Stores, 2009 WL 484553, at *3.  See generally In re Syroco, Inc., 374 B.R. 60 (Bankr. D.P.R. 2007).  Hence, the Court has authority to approve both the amount of the Proposed Adequate Assurance and the Adequate Assurance Procedures under section 366 of the Bankruptcy Code.

38.    The Court also possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  For all the reasons previously discussed herein, the Proposed Adequate Assurance and the Adequate Assurance Procedures are necessary and appropriate to carry out the provisions of the Bankruptcy Code and in particular, section 366.  Accordingly, the Court should exercise its powers under sections 366 and 105 of the Bankruptcy Code and approve both the Proposed Adequate Assurance and the Adequate Assurance Procedures.

### The Debtors Have Satisfied Fed. R. Bankr. P. 6003

39.    Fed. R. Bankr. P. 6003 provides that to the extent "relief is necessary to avoid immediate and irreparable harm," a bankruptcy court may grant a motion to "use . . . property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" prior to twenty-one days after the chapter 11 case commenced.  Fed. R. Bankr. P. 6003.  As described above and in the Light Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates, and therefore, Fed. R. Bankr. P. 6003 is satisfied.  The Debtors further request that the Court

schedule a hearing to consider entry of an order granting the relief requested herein on a final basis.

### Waiver of Fed. R. Bankr. P. 6004(a) and (h)

40.    To implement the foregoing immediately, the Debtors seek a waiver of the notice requirements under Fed. R. Bankr. P. 6004(a), if applicable, and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Fed. R. Bankr. P. 6004(h).

### Notice

41.    No trustee, examiner or statutory creditors' committee has been appointed in these chapter 11 cases. Pursuant to Del. Bankr. L.R. 9013-1(m), notice of the "first-day" hearing to consider this motion is being provided by facsimile, electronic mail transmission, overnight delivery and/or hand delivery to (i) the Office of the United States Trustee for the District of Delaware, (ii) the holders of the fifty largest unsecured claims against the Debtors on a consolidated basis, (iii) counsel to Citicorp North America, Inc., as administrative agent for the Debtors' prepetition secured lenders, (iv) the Utility Companies listed on Exhibit C to this motion, (v) the Securities and Exchange Commission, (vi) the Internal Revenue Service, and (vii) the United States Department of Justice. Following the hearing, a copy of this motion and any order entered with respect hereto will be served on the foregoing parties and all parties having filed requests for notices in these chapter 11 cases. Due to the urgency of the circumstances and the nature of the relief requested herein, the Debtors submit that no other or further notice need be given.

### No Prior Motion

42.    No prior motion for the relief requested herein has been made by the Debtors to this or any other court.

-17-

WHEREFORE, the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: March 30, 2010
Wilmington, Delaware

Mark D. Collins (No. 2981)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

John J. Rapisardi
Sharon J. Richardson
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

Proposed Co-Attorneys for Debtors
and Debtors in Possession

## EXHIBIT A

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------x

In re                                     :     Chapter 11
                                          :
XERIUM TECHNOLOGIES, INC., et al.,[1]     :     Case No. 10-_____ ( )
                                          :
                        Debtors.          :     Jointly Administered
                                          :

-------------------------------------------------------------------x

### INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366, AND FED. R. BANKR. P. 6003 AND 6004 (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, (II) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE, (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT, AND (IV) SCHEDULING A FINAL HEARING

Upon the motion, dated March 30, 2010, (the "Motion"),[2] of Xerium

Technologies, Inc. ("Xerium") and certain of its direct and indirect subsidiaries, as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),

pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy

Code"), for entry of, among other things, an interim order (i) prohibiting Utility Companies from

altering, refusing, or discontinuing service to, or discriminating against, the Debtors on account

---

[1] The Debtors in these chapter 11 cases (along with the last four digits of each Debtor's federal tax identification number or its foreign equivalent) are: Xerium Technologies, Inc. (8674), Huyck Licensco Inc. (0434), Stowe Woodward Licensco LLC (4459), Stowe Woodward LLC (4102), Wangner Itelpa I LLC (3561), Wangner Itelpa II LLC (3562), Weavexx, LLC (7969), Xerium Asia, LLC (3367), Xerium III (US) Limited (4460), Xerium IV (US) Limited (4461), Xerium V (US) Limited (4462), XTI LLC (6754), Xerium Canada Inc. (0003), Huyck Wangner Austria GmbH (0323), Xerium Germany Holding GmbH (3219), and Xerium Italia S.p.A. (0150). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 8537 Six Forks Road, Suite 300, Raleigh, North Carolina 27615.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

of prepetition amounts outstanding for utility services or on account of any perceived inadequacy of the Debtors' Proposed Adequate Assurance pending entry of a Final Order, (ii) approving Debtors' Proposed Adequate Assurance, (iii) approving the Debtors' proposed Adequate Assurance Procedures, and (iv) scheduling a hearing to consider the relief requested in the Motion on a final basis (the "Final Hearing"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with Del. Bankr. L.R. 9013-1(m), as set forth in the Motion, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion on an interim basis (the "Hearing"); and upon the Declaration of Stephen Light in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings filed with the Court on the Commencement Date, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Fed. R. Bankr. P. 6003, and is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis pending entry of a final order following conclusion of the Final Hearing (the "Final Order"), as provided herein; and it is further

ORDERED that until such time as the Final Order or another order is entered by the Court, all Utility Companies identified on Exhibit 1 attached hereto (as amended from time to time, the "Utility Services List") are (i) prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of any unpaid prepetition charges or (ii) discriminating against the Debtors as a result of the Debtors' bankruptcy filings or any outstanding prepetition invoices except as provided herein; and it is further

ORDERED that as adequate assurance for the payment of Utility Services, the Debtors shall provide a cash deposit equal to two weeks of Utility Services, calculated based on the two-week historical average over the past 12 months (the "Adequate Assurance Deposit"), into a newly created, segregated account (the "Utility Deposit Account") for the benefit of the Utility Companies, except those Utility Companies that (a) agree in writing to a lesser amount, (b) already hold a deposit or letter of credit equal to, or greater than, two weeks of Utility Services, or (c) are currently paid in advance for their Utility Services; and it is further

ORDERED that except as the amount may be reduced by application of the provisions of this Order, the Adequate Assurance Deposit in the amount of $200,000.00 shall be deposited in the Utility Deposit Account within 20 days after the Commencement Date and shall be held in such segregated account for the purpose of providing each Utility Company adequate assurance of payment for its postpetition Utility Services to the Debtors; and it is further

ORDERED that except as provided herein with respect to the rights of the Utility Companies, the creditors of the Debtors shall have no interest in, or lien on, the Adequate Assurance Deposit or the Utility Deposit Account; and it is further

ORDERED that the Adequate Assurance Deposit be maintained until the earlier of (i) entry of an order of the Court authorizing the return of the Adequate Assurance Deposit to the Debtors and (ii) the effective date of a plan of reorganization for the Debtors, at which time

the Adequate Assurance Deposit shall automatically be returned to the reorganized Debtors, without further order of the Court; and it is further

ORDERED that the following procedures (the "Adequate Assurance Procedures") to resolve requests for additional or alternative assurance of payment are approved on an interim basis:

a. Within 3 business days after the date of entry of the Interim Order, the Debtors will mail a copy of the Interim Order to the Utility Companies on the Utility Services List.

b. Any Utility Company not satisfied with the Proposed Adequate Assurance must (i) file a written objection with the Court ("Objection") that (a) sets forth the amount and form of additional or alternative assurance of payment requested, (b) sets forth the location(s) for which Utility Services are provided, (c) includes a summary of the Debtors' payment history to such Utility Company, including any security deposits, and (d) sets forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient; and (ii) serve such Objection upon (a) Xerium Technologies, Inc., 51 Flex Way, Youngsville, NC 27596 (Attn: James Powers) and (b) the attorneys for the Debtors, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 1281 (Attn: Sharon J. Richardson, Esq. and Jonathan D. Canfield, Esq.) (together, the "Notice Parties") so as to be actually received no later than **4:00 p.m. (prevailing Eastern time) on the day that is 21 days after the Commencement Date (the "Objection Deadline").**

c. Prior to the Final Hearing, the Debtors may, in their sole discretion, and without further order of this Court, resolve any Objection by mutual agreement with the objecting Utility Company, and in connection with such resolution, may provide a Utility Company with alternative assurance of payment, to the extent the Debtors believe such alternative assurance is reasonable in the exercise of their business judgment, including, but not limited to, cash deposits, prepayments, and/or other forms of security; provided, however, that the Debtors shall maintain a summary record of such agreements and their respective terms which shall be available to any official committee appointed in these cases and the Office of the United States Trustee upon request.

-4-

d.   If the Debtors are not able to reach a resolution with an objecting Utility Company prior to the Final Hearing, the Debtors propose that the Court determine the adequacy of the Proposed Adequate Assurance with respect to such Utility Company at the Final Hearing; provided, however, that the Debtors may, with the consent of such Utility Company, continue any unresolved Objection to a hearing date subsequent to the date of the Final Hearing, in which case the Debtors request that such Utility Company shall be prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors until the Objection is resolved either mutually between the parties or by the Court following the conclusion of such later hearing date.

; and it is further

ORDERED that the Final Hearing, if necessary, on the Motion is scheduled for April __, 2010 at __:__ __.m. (prevailing Eastern time); and it is further

ORDERED that if no Objections are filed prior to the Objection Deadline, the Court may enter a Final Order without further notice or hearing; and it is further

ORDERED that any Utility Company that fails to file and serve its Objection to the Motion, in accordance with the Adequate Assurance Procedures, shall be deemed to have adequate assurance of payment that is satisfactory to it within the meaning of section 366 of the Bankruptcy Code and shall be forbidden from altering, refusing, or discontinuing services to the Debtor on account of any unpaid prepetition charges, subject to such Utility Company's rights to seek a modification of adequate assurance under section 366(c)(3) of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized to amend, as necessary, the Utility Services List by adding or deleting a Utility Company, which amendment shall be accompanied by filing with this Court a notice of such amendment and serving such amendment on the affected Utility Company; and it is further

ORDERED that this Order shall be binding on all Utility Companies, regardless of when such Utility Companies are added to the Utility Services List; provided, however, that any newly identified Utility Company (an "Additional Utility Company") shall have until 4:00 p.m. (prevailing Eastern time) on the date that is 21 days from the date such Additional Utility Company is added to the Utility Services List to file and serve an Objection in compliance with the Adequate Assurance Procedures; and it is further

ORDERED that upon the addition of an Additional Utility Company to the Utility Services List, the Debtors will increase the amount of the Adequate Assurance Deposit in the Utility Deposit Account by an amount equal to the cost of two weeks of Utility Services provided by such Additional Utility Company to the Debtors, calculated as a historical average over a twelve-month period, unless such Additional Utility Company (a) agrees to a lesser amount, (b) already holds a deposit or letter of credit equal to or greater than two weeks of Utility Services, or (c) is currently paid in advance for its Utility Services; and it is further

ORDERED that the Debtors are authorized to reduce the Adequate Assurance Deposit to the extent that it includes an amount on account of a Utility Company that the Debtors subsequently determine, in their sole discretion, should be removed from the Utility Services List; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order; and it is further

ORDERED that nothing in this Order or the Motion shall be deemed to constitute the assumption of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that the Debtors' service of the Motion or this Interim Order upon the Utility Companies shall not constitute an admission or concession that any such entity is a utility

within the meaning of section 366 of the Bankruptcy Code, and all rights and defenses of the Debtors are reserved with respect thereto; and it is further

ORDERED that notwithstanding any applicability of Fed. R. Bankr. P. 6004(h), the provisions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the requirements of Fed. R. Bankr. P. 6004(a) are hereby waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2010
     Wilmington, Delaware

                                   _____
                                    United States Bankruptcy Judge

# EXHIBIT 1

**Utility Services List**

| UTILITY TYPE | UTILITY PROVIDER | ACCOUNT NUMBER | STREET ADDRESS 1 | STREET ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|---|
| CELL PHONE | VERIZON WIRELESS | 412782627-00001 | 1445 NORTH EXPRESSWAY | | GRIFFIN | GA | 30224 |
| CELL PHONE | AT&T MOBILITY | 875206192 | P.O. BOX 6463 | | CAROL STREAM | IL | 60197-6463 |
| CELL PHONE | VERIZON WIRELESS | 985045530-00001 | 777 BIG TIMBER RD | | ELGIN | IL | 60123 |
| CELL PHONE | SPRINT | 153187814 | P.O. BOX 8077 | | LONDON | KY | 40742 |
| CLEANING SOLVENT | HERITAGE CRYSTAL CLEAN | 73263 | 13621 COLLECTIONS CENTER DRIVE | | CHICAGO | IL | 60693-0136 |
| DATA LINES (INTERNET) | METROCAST (CABLE PROVIDER-BACKUP FOR THE MPLS CIRCUIT) | 8282-41-101-0172717 | 300 1/2 S. JACKSON | | STARKVILLE | MS | 39759 |
| DATE LINES (INTERNET) | TIME WARNER CABLE | 156021-01, 314-150602101-001, & 31417212610I-001 | PO BOX 70873 | | CHARLOTTE | NC | 28272-0873 |
| DATE LINES (INTERNET) | TIME WARNER CABLE | 7010039-01 | PO BOX 511700 | | MILWAUKEE | WI | 53203 |
| DATE LINES (INTERNET) | TIME WARNER CABLE | 14199 | P.O. BOX 545 | | WHEELING | IL | 60090 |
| DRINKING WATER | MACKE WATER SYSTEMS, INC. | 216212706 &1041479302 | P.O. BOX 700 | | HILLSBOROUGH | NC | 27288-0700 |
| ELECTIC | WAKE ELECTRIC | 98976-70002 | 241 RALPH MCGILL BLVD. | | ATLANTA | GA | 30308-3374 |
| ELECTRIC POWER | GEORGIA POWER | 99186-70004 | 241 RALPH MCGILL BLVD. | | ATLANTA | GA | 30308-3374 |
| ELECTRIC POWER | GEORGIA POWER | 20123 | PO BOX 307 | | RUSTON | LA | 71273 |
| ELECTRIC POWER | CITY OF RUSTON | 20709 | PO BOX 307 | | RUSTON | LA | 71273 |
| ELECTRIC POWER | CITY OF RUSTON | 22033 | PO BOX 307 | | RUSTON | LA | 71273 |
| ELECTRIC POWER | CITY OF RUSTON | 6446S-85008 &27069-47008 | P.O. BOX 4300 | | WOBURN | MA | 01888-4300 |
| ELECTRIC POWER | NATIONAL GRID NH | 14924 (FKA 001-4200-3) | 101 MEIGS AVENUE | | STARKVILLE | MS | 39759 |
| ELECTRIC POWER | STARKVILLE ELECTRIC DEPARTMENT (TVA) | 8578003 | P.O. BOX 700 | | HILLSBOROUGH | NC | 27288-0700 |
| ELECTRIC POWER | WAKE ELECTRIC | 0001410556 | P.O. BOX 70516 | | CHARLOTTE | NC | 28272-0516 |
| ELECTRIC POWER | DUKE ENERGY OF NC | 0001410557 | P.O. BOX 70516 | | CHARLOTTE | NC | 28272-0516 |
| ELECTRIC POWER | DUKE ENERGY OF NC | 0001410559 | P.O. BOX 70516 | | CHARLOTTE | NC | 28272-0516 |
| ELECTRIC POWER | DUKE ENERGY OF NC | 0003615679 | P.O. BOX 70516 | | CHARLOTTE | NC | 28272-0516 |
| ELECTRIC POWER | DUKE ENERGY OF NC | 1055165-1051976 | PO BOX 2013 | | CONCORD | NH | 03302 |
| ELECTRIC POWER | UNITIL NH | 86083-73000 (02/19/2009-12/01/2009) | PO BOX 25230 | | LEHIGH VALLEY, | PA | 4/14/1949 |
| ELECTRIC POWER | CONSTELLATION NEW ENERGY | 2 27 22 002 00100 1 | 800 CABIN HILL DRIVE | | GREENSBURG | PA | 15606 |
| ELECTRIC POWER | ALLEGHENY POWER OF VA | 354648-8 | P.O. BOX 3007 | | LONGVIEW | WA | 98632 |
| ELECTRIC POWER | COWLITZ PUD | | | | | | |

| UTILITY TYPE | UTILITY PROVIDER | ACCOUNT NUMBER | STREET ADDRESS 1 | STREET ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|---|
| ELECTRIC POWER | WE ENERGIES - WI ELECTRIC POWER COMPANY | 8809-547-062 | PO BOX 2046 | | MILWAUKEE | WI | 53201-2046 |
| GARBAGE | K&G PATTON | N/A | 1526 INDUSTRIAL DRIVE | | GRIFFIN | GA | 9/30/1982 |
| GARBAGE | REPUBLIC WASTE | 3-0742-5815202 | P.O. BOX 9001099 | | LOUISVILLE | KY | 40290-1099 |
| GARBAGE | ALLIED WASTE SERVICES | 3-0976-4740833 | WINCHESTER | PO BOX 9001099 | LOUISVILLE | KY | 40290-1099 |
| GARBAGE | IESI | 042000256 | 800 THOMAS AVENUE | | MONROE | LA | 71202-5426 |
| GARBAGE | MISSISSIPPI INDUSTRIAL WASTE | 000132 | PO BOX 801 | | COLUMBUS | MS | 39703 |
| GARBAGE | PINARD WASTE | 763 | PO BOX 5048 | | MANCHESTER | NH | 03108 |
| GARBAGE | CITY OF KELSO | 1400150.00 | P.O. BOX 819 | | KELSO | WA | 98626 |
| GARBAGE | VEOLIA ENVIRONMENTAL SERVICES | B4003300-5 | 250 ALDER AVE | | OMRO | WI | 54963 |
| HIGH SPEED INTERNET | COMCAST | 01626 763831-01-8 | PO BOX 3005 | | SOUTHEASTERN | PA | 19398-3005 |
| NATURAL GAS | SOUTHSTAR ENERGY | GGA1260220 (07/01/2001-10/31/2008) | 817 WEST PEACHTREE STEET | | ATLANTA | GA | 30303 |
| NATURAL GAS | CASCADE NATURAL GAS OF WA | 300 0235-1 2 | P.O. BOX 990065 | | BOISE | ID | 83799-0065 |
| NATURAL GAS | CASCADE NATURAL GAS OF WA | 300 0236-1 1 | P.O. BOX 990065 | | BOISE | ID | 83799-0065 |
| NATURAL GAS | CONSTELLATION ENERGY | 10450 | 9960 CORPORATE CAMPUS DRIVE | | LOUISVILLE | KY | 14/02/2010 |
| NATURAL GAS | ATMOS ENERGY OF MS (FORMERLY MISSISSIPPI VALLEY GAS) | 70-000800173-0548912-5 | PO BOX 9001949 | | LOUISVILLE | KY | 40290-1949 |
| NATURAL GAS | NATIONAL GRID | 56434-16840 | PO BOX 4300 | | WOBURN | MA | 01888 |
| NATURAL GAS | PIEDMONT NATURAL GAS COMPANY OF NC | 4000425202001 | P.O. BOX 33068 | | CHARLOTTE | NC | 28233-3068 |
| NATURAL GAS | HESS CORPORATION | 530875/530881 (05/01/2009-04/30/2010) | 1 HESS PLAZA | | WOODBRIDGE | NJ | 07095 |
| NATURAL GAS | CENTERPOINT ENERGY GAS TRANSMISSION | 205688-855 | PO BOX 203289 | | HOUSTON | TX | 77216-3289 |
| NATURAL GAS | WASHINGTON GAS COMPANY | 7000217500 (FKA2175) | SHENANDOAH DIVISION | PO BOX 2400 | WINCHESTER | VA | 22064 |
| NATURAL GAS | WE ENERGIES - WI ELECTRIC POWER COMPANY | 5641-993-316 | PO BOX 2046 | | MILWAUKEE | WI | 53201-2046 |

| UTILITY TYPE | UTILITY PROVIDER | ACCOUNT NUMBER | STREET ADDRESS 1 | STREET ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|---|
| PHONE | TW TELECOM | 261024 | P.O. BOX 172567 | | DENVER | CO | 80217-2567 |
| PHONE | MCI | 9195567235 | PO BOX 600674 | | JACKSONVILLE | FL | 32260-0674 |
| PHONE | PREMIERE GLOBAL SERVICES | 9207281 | PO BOX 404351 | | ATLANTA | GA | 30384-4351 |
| PHONE | ATCOM BUSINESS TELECOM SOLUTIONS | 100008992 | P.O. BOX 13476 | | DURHAM/RALEIGH | NC | 27709-3476 |
| PHONE | EMBARQ | 919554258644 7 &919569258291 2 | P.O. BOX 96064 | | CHARLOTTE | NC | 28296-0064 |
| PHONE | EMBARQ | 4343924124250 | P.O. BOX 96064 | | CHARLOTTE | NC | 28296-0064 |
| PHONE | VERIZON - I | 5084781063757 0061 &58616945436 0098 | PO BOX 1100 | | ALBANY | NY | 12250-0001 |
| PHONE | AT&T | 4012541 | P.O. BOX 13134 | | NEWARK | NJ | 07101-5634 |
| PHONE AND DATA | PAETEC COMMUNICATIONS INC | 146862 | PO BOX 1283 | | BUFFALO | NY | 14240 |
| PHONE LINE | AT&T | 704 392-4156 746 3197 | P.O. BOX 105262 | | ATLANTA | GA | 30348-5262 |
| PHONE LINE | AT&T | 770-227-8000 050 0624 | 2 PEACHTREE STREET | | ATLANTA | GA | 30308-1121 |
| PHONE LINE | AT&T | 3182552000096 0500 | PO BOX 105262 | | ATLANTA | GA | 30348-5262 |
| PHONE LINE | FAIRPOINT | 603224630062 9 | PO BOX 11021 | | LEWISTON | ME | 04243 |
| PHONE LINE | VERIZON | 0000151566149 71Y | PO BOX 660720 | | DALLAS | TX | 75266-0720 |
| PHONE LINE | VERIZON | 0000151583414 64Y | PO BOX 660720 | | DALLAS | TX | 75266-0720 |
| PHONE LINE | QUEST | 3606360330030 B | P.O. BOX 91156 | | SEATTLE | WA | 98111-9255 |
| PHONE LINE (MAIN) | AT&T | 662-323-4064-023-0597 | PO BOX 105262 | | ATLANTA | GA | 30348-5262 |
| PHONE LINE (TOLL FREE) | SPRINT | 920958410 | PO BOX 219100 | | KANSAS CITY | MO | 64121-9100 |
| PROPANE | FERRELL GAS | 49208792 | P.O. BOX 173940 | | DENVER | CO | 80217 |
| PROPANE | FERRELL GAS | 53431943 | PO BOX 173940 | | DENVER | CO | 80217 |
| PROPANE | PERFORMANCE PROPANE | 102545 | 1136 MERIWETHER STREET | | GRIFFIN | GA | 30224 |
| PROPANE | ROBERTS OXYGEN | 57200000 | PO BOX 5507 | | ROCKVILLE | MD | 20855 |
| PROPANE | SCOTT PETROLEUM | 566812-1 | 905 HWY 12 WEST | | STARKVILLE | MS | 39759 |
| PROPANE | FREEMAN GAS | MOUNHO | 134 ROECHLING DRIVE | | GASTONIA | NC | 28053 |
| PROPANE | SUBURBAN PROPANE | 1707-000055493 | PO BOX 704 | | NASHUA | NH | 03060 |
| PROPANE | AMERIGAS | 5466002859 | 352 FAIRFAX PIKE | | STEPHENS CITY | VA | 22655 |
| PROPANE | FERRELLGAS | 7312385 | N1081 TOWER VIEW DR | | GREENVILLE | WI | 54942 |
| SEWER | CITY OF CONCORD | 351477-001 | PO BOX 9622 | | MANCHESTER | NH | 03108 |
| WATER | CITY OF RUSTON | 20123 | PO BOX 307 | | RUSTON | LA | 71273 |

RLF1 3555144v.1

| UTILITY TYPE | UTILITY PROVIDER | ACCOUNT NUMBER | STREET ADDRESS 1 | STREET ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|---|
| WATER | STARKVILLE ELECTRIC DEPARTMENT (TVA) | 14924 (FKA 001-4200-3) | 101 MEIGS AVENUE | | STARKVILLE | MS | 39759 |
| WATER | FRANKLIN COUNTY | 100000510093 | PUBLIC UTILITIES | 1630 US HWY 1 | YOUNGSVILLE | NC | 27596 |
| WATER | CITY OF CHARLOTTE / MECKLENBURG COUNTY | 40030-25070 | 600 EAST 4TH STREET | | CHARLOTTE | NC | 28250-0001 |
| WATER | CITY OF CONCORD | 350662-001 | PO BOX 9622 | | MANCHESTER | NH | 03108 |
| WATER | TOWN OF MIDDLETOWN | 397 & 398 | PO BOX 696 | | MIDDLETOWN | VA | 22645 |
| WATER | CITY OF KELSO | 1400150.00 | P.O. BOX 819 | | KELSO | WA | 98626 |
| WATER | TOWN OF MENASHA UTILITY DISTRICT | 15537-33844 | 2000 MUNICIPAL DR | | NEENAH | WI | 54956 |
| WATER/SEWAGE | CITY OF GRIFFIN | 10163-10163 | 100 SOUTH HILL STREET | | GRIFFIN | GA | 30224 |

# EXHIBIT B

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------------x

In re

XERIUM TECHNOLOGIES, INC., et al.,[1]

                        Debtors.

-------------------------------------------------------------------------x

:    Chapter 11

:

:    Case No. 10-_____ (  )

:

:    Jointly Administered

## FINAL ORDER PURSUANT TO
## 11 U.S.C. §§ 105(a) AND 366, AND
## FED. R. BANKR. P 6003 AND 6004 (I) PROHIBITING
## UTILITIES FROM ALTERING, REFUSING, OR
## DISCONTINUING SERVICE, (II) APPROVING DEBTORS'
## PROPOSED FORM OF ADEQUATE ASSURANCE, AND (III) ESTABLISHING
## PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

Upon the motion, dated March 30, 2010, (the "Motion"),[2] of Xerium

Technologies, Inc. ("Xerium") and certain of its direct and indirect subsidiaries, as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),

pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy

Code"), for entry of, among other things, a final order (i) prohibiting Utility Companies from

altering, refusing, or discontinuing service to, or discriminating against, the Debtors on account

---

[1] The Debtors in these chapter 11 cases (along with the last four digits of each Debtor's federal tax identification number or its foreign equivalent) are: Xerium Technologies, Inc. (8674), Huyck Licensco Inc. (0434), Stowe Woodward Licensco LLC (4459), Stowe Woodward LLC (4102), Wangner Itelpa I LLC (3561), Wangner Itelpa II LLC (3562), Weavexx, LLC (7969), Xerium Asia, LLC (3367), Xerium III (US) Limited (4460), Xerium IV (US) Limited (4461), Xerium V (US) Limited (4462), XTI LLC (6754), Xerium Canada Inc. (0003), Huyck.Wangner Austria GmbH (0323), Xerium Germany Holding GmbH (3219), and Xerium Italia S.p.A. (0150). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 8537 Six Forks Road, Suite 300, Raleigh, North Carolina 27615.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

of prepetition amounts outstanding for utility services or on account of any perceived inadequacy of the Debtors' Proposed Adequate Assurance pending entry of a Final Order, (ii) approving Debtors' Proposed Adequate Assurance, (iii) approving the Debtors' proposed Adequate Assurance Procedures, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the District of Delaware, (ii) the Utility Companies listed on Exhibit C to the Motion, (iii) the holders of the fifty largest unsecured claims against the Debtors on a consolidated basis, (iv) counsel to Citicorp North America, Inc., as administrative agent for the Debtors' prepetition secured lenders, (v) the Securities and Exchange Commission, (vi) the Internal Revenue Service, and (vii) the United States Department of Justice, and it appearing that no other or further notice need be provided; and hearings having been held to consider the relief requested in the Motion on an interim basis (the "Interim Hearing") and on a final basis (the "Final Hearing", and together with the Interim Hearing, the "Hearings"); and upon the Declaration of Stephen Light in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings filed with the Court on the Commencement Date, the record of the Hearings, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Fed. R. Bankr. P. 6003, and is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases

RLF1 3555144v 1

set forth in the Motion at the Hearings establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on a final basis as provided herein; and it is further

ORDERED that absent compliance with the Adequate Assurance Procedures, all Utility Companies identified on Exhibit 1 hereto (as amended from time to time, the "Utility Services List") are (i) prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of any unpaid prepetition charges or (ii) discriminating against the Debtors, or (iii) requiring payment of a deposit or receipt or any other security for continued service as a result of the Debtors' bankruptcy filings or any outstanding prepetition invoices other than the Adequate Assurance Deposit in the amount of $200,000.00 that the Debtors have placed in the Utility Deposit Account; and it is further

ORDERED that any Utility Company to which the Debtors already provided a deposit or letter of credit equal to, or greater than, two weeks of Utility Services or to which the Debtors provided an advance payment for Utility Services shall be deemed to have received adequate assurance of payment as required by section 366 of the Bankruptcy Code; and it is further

ORDERED that if an amount relating to postpetition Utility Services provided by a Utility Company is unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Utility Deposit Account (a "Disbursement Request") by giving written notice to (a) Xerium Technologies, Inc., 51 Flex Way, Youngsville, NC 27596 (Attn: James Powers) and (b) the attorneys for the Debtors, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 1281, facsimile number (212) 504-6666 (Sharon

J. Richardson, Esq. and Jonathan D. Canfield, Esq.). A Disbursement Request shall only be honored on the date that is three business days after the date of receipt of the Disbursement Request; and it is further

ORDERED that except as provided herein with respect to the rights of the Utility Companies, the creditors of the Debtors shall have no interest in, or lien on, the Adequate Assurance Deposit or the Utility Deposit Account; and it is further

ORDERED that the Adequate Assurance Deposit shall be maintained until the earlier of (i) entry of an order of the Court authorizing the return of the Adequate Assurance Deposit to the Debtors and (ii) the effective date of a plan of reorganization for the Debtors, at which time the Adequate Assurance Deposit shall automatically be returned to the reorganized Debtors, without further order of the Court; and it is further

ORDERED that any Utility Company that fails to file and serve its Objection to the Motion, in accordance with the Adequate Assurance Procedures, shall be deemed to have adequate assurance of payment that is satisfactory to it within the meaning of section 366 of the Bankruptcy Code and shall be forbidden from altering, refusing, or discontinuing services to the Debtor on account of any unpaid prepetition charges, subject to such Utility Company's rights to seek a modification of adequate assurance under section 366(c)(3) of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized to amend, as necessary, the Utility Services List by adding or deleting a Utility Company, which amendment shall be accompanied by filing with this Court a notice of such amendment and serving such amendment on the affected Utility Company; and it is further

ORDERED that this Order shall be binding on all Utility Companies, regardless of when such Utility Companies are added to the Utility Services List; provided, however, that

-4-

any newly identified Utility Company (an "<u>Additional Utility Company</u>") shall have until 4:00 p.m. (prevailing Eastern time) on the date that is 21 days from the date such Additional Utility Company is added to the Utility Services List to file and serve an Objection in compliance with the Adequate Assurance Procedures; and it is further

ORDERED that upon the addition of an Additional Utility Company to the Utility Services List, the Debtors will increase the amount of the Adequate Assurance Deposit in the Utility Deposit Account by an amount equal to the cost of two weeks of Utility Services provided by such Additional Utility Company to the Debtors, calculated as a historical average over a twelve-month period, unless such Additional Utility Company (a) agrees to a lesser amount, (b) already holds a deposit or letter of credit equal to or greater than two weeks of Utility Services, or (c) is currently paid in advance for its Utility Services; and it is further

ORDERED that upon the addition of an Additional Utility Company to the Utility Services List, the Debtors will increase the amount of the Adequate Assurance Deposit in the Utility Deposit Account by an amount equal to the cost of two weeks of Utility Services provided by such Additional Utility Company to the Debtors, calculated as a historical average over a twelve-month period, unless such Additional Utility Company (a) agrees to a lesser amount, (b) already holds a deposit or letter of credit equal to or greater than two weeks of Utility Services, or (c) is currently paid in advance for its Utility Services; and it is further

ORDERED that the Debtors are authorized to reduce the Adequate Assurance Deposit to the extent that it includes an amount on account of a Utility Company that the Debtors subsequently determine, in their sole discretion, should be removed from the Utility Services List; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order; and it is further

RLF1 3555144v 1

ORDERED that nothing in this Order or the Motion shall be deemed to constitute the assumption of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that nothing in this Order affects or otherwise modifies the rights of the Utility Companies under section 366(c)(4) of the Bankruptcy Code.

ORDERED that the Debtors' service of the Motion, the Interim Order, or this Final Order upon the Utility Companies shall not constitute an admission or concession that any such entity is a utility within the meaning of section 366 of the Bankruptcy Code, and all rights and defenses of the Debtors are reserved with respect thereto; and it is further

ORDERED that notwithstanding any applicability of Fed. R. Bankr. P. 6004(h), the provisions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the requirements of Fed. R. Bankr. P. 6004(a) are hereby waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated: _____, 2010
      Wilmington, Delaware


                                     _____
                                       United States Bankruptcy Judge

RLF1 3555144v 1

# EXHIBIT 1

**Utility Services List**

| UTILITY TYPE | UTILITY PROVIDER | ACCOUNT NUMBER | STREET ADDRESS 1 | STREET ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|---|
| CELL PHONE | VERIZON WIRELESS | 412782627-00001 | 1445 NORTH EXPRESSWAY | | GRIFFIN | GA | 30224 |
| CELL PHONE | AT&T MOBILITY | 875206192 | P.O. BOX 6463 | | CAROL STREAM | IL | 60197-6463 |
| CELL PHONE | VERIZON WIRELESS | 985045530-00001 | 777 BIG TIMBER RD | | ELGIN | IL | 60123 |
| CELL PHONE | SPRINT | 153187814 | P.O. BOX 8077 | | LONDON | KY | 40742 |
| CLEANING SOLVENT | HERITAGE CRYSTAL CLEAN | 73263 | 13621 COLLECTIONS CENTER DRIVE | | CHICAGO | IL | 60693-0136 |
| DATA LINES (INTERNET) | METROCAST (CABLE PROVIDER-BACKUP FOR THE MPLS CIRCUIT) | 8282-41-101-0172717 | 300 1/2 S. JACKSON | | STARKVILLE | MS | 39759 |
| DATE LINES (INTERNET) | TIME WARNER CABLE | 156021-01, 314-150602101-001, & 31417212610 1-001 | PO BOX 70873 | | CHARLOTTE | NC | 28272-0873 |
| DATE LINES (INTERNET) | TIME WARNER CABLE | 7010039-01 | PO BOX 511700 | | MILWAUKEE | WI | 53203 |
| DRINKING WATER | MACKE WATER SYSTEMS, INC. | 14199 | P.O. BOX 545 | | WHEELING | IL | 60090 |
| ELECTIC | WAKE ELECTRIC | 216212706 &1041479302 | P.O. BOX 700 | | HILLSBOROUGH | NC | 27288-0700 |
| ELECTRIC POWER | GEORGIA POWER | 98976-70002 | 241 RALPH MCGILL BLVD. | | ATLANTA | GA | 30308-3374 |
| ELECTRIC POWER | GEORGIA POWER | 99186-70004 | 241 RALPH MCGILL BLVD. | | ATLANTA | GA | 30308-3374 |
| ELECTRIC POWER | CITY OF RUSTON | 20123 | PO BOX 307 | | RUSTON | LA | 71273 |
| ELECTRIC POWER | CITY OF RUSTON | 20709 | PO BOX 307 | | RUSTON | LA | 71273 |
| ELECTRIC POWER | CITY OF RUSTON | 22033 | PO BOX 307 | | RUSTON | LA | 71273 |
| ELECTRIC POWER | NATIONAL GRID NH | 64465-85008 &27069-47008 | P.O. BOX 4300 | | WOBURN | MA | 01888-4300 |
| ELECTRIC POWER | STARKVILLE ELECTRIC DEPARTMENT (TVA) | 14924 (FKA 001-4200-3) | 101 MEIGS AVENUE | | STARKVILLE | MS | 39759 |
| ELECTRIC POWER | WAKE ELECTRIC | 8578003 | P.O. BOX 700 | | HILLSBOROUGH | NC | 27288-0700 |
| ELECTRIC POWER | DUKE ENERGY OF NC | 0001410556 | P.O. BOX 70516 | | CHARLOTTE | NC | 28272-0516 |
| ELECTRIC POWER | DUKE ENERGY OF NC | 0001410557 | P.O. BOX 70516 | | CHARLOTTE | NC | 28272-0516 |
| ELECTRIC POWER | DUKE ENERGY OF NC | 0001410559 | P.O. BOX 70516 | | CHARLOTTE | NC | 28272-0516 |
| ELECTRIC POWER | DUKE ENERGY OF NC | 0003615679 | P.O. BOX 70516 | | CHARLOTTE | NC | 28272-0516 |
| ELECTRIC POWER | UNITIL NH | 1055165-1051976 | PO BOX 2013 | | CONCORD | NH | 03302 |
| ELECTRIC POWER | CONSTELLATION NEW ENERGY | 86083-73000 (02/19/2009-12/01/2009) | PO BOX 25230 | | LEHIGH VALLEY, | PA | 4/14/1949 |
| ELECTRIC POWER | ALLEGHENY POWER OF VA | 2 27 22 002 00100 1 | 800 CABIN HILL DRIVE | | GREENSBURG | PA | 15606 |
| ELECTRIC POWER | COWLITZ PUD | 354648-8 | P.O. BOX 3007 | | LONGVIEW | WA | 98632 |

RLF1 3555144v.l

| UTILITY TYPE | UTILITY PROVIDER | ACCOUNT NUMBER | STREET ADDRESS 1 | STREET ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|---|
| ELECTRIC POWER | WE ENERGIES - WI ELECTRIC POWER COMPANY | 8809-547-062 | PO BOX 2046 | | MILWAUKEE | WI | 53201-2046 |
| GARBAGE | K&G PATTON | N/A | 1526 INDUSTRIAL DRIVE | | GRIFFIN | GA | 9/30/1982 |
| GARBAGE | REPUBLIC WASTE | 3-0742-5815202 | P.O. BOX 9001099 | | LOUISVILLE | KY | 40290-1099 |
| GARBAGE | ALLIED WASTE SERVICES | 3-0976-4740833 | WINCHESTER | PO BOX 9001099 | LOUISVILLE | KY | 40290-1099 |
| GARBAGE | IESI | 042000256 | 800 THOMAS AVENUE | | MONROE | LA | 71202-5426 |
| GARBAGE | MISSISSIPPI INDUSTRIAL WASTE | 000132 | PO BOX 801 | | COLUMBUS | MS | 39703 |
| GARBAGE | PINARD WASTE | 763 | PO BOX 5048 | | MANCHESTER | NH | 03108 |
| GARBAGE | CITY OF KELSO | 1400150.00 | P.O. BOX 819 | | KELSO | WA | 98626 |
| GARBAGE | VEOLIA ENVIRONMENTAL SERVICES | B400300-5 | 250 ALDER AVE | | OMRO | WI | 54963 |
| HIGH SPEED INTERNET | COMCAST | 01626 763831-01-8 | PO BOX 3005 | | SOUTHEASTERN | PA | 19398-3005 |
| NATURAL GAS | SOUTHSTAR ENERGY | GGA1260220 (07/01/2001-10/31/2008) | 817 WEST PEACHTREE STEET | | ATLANTA | GA | 30303 |
| NATURAL GAS | CASCADE NATURAL GAS OF WA | 300 0235-1 2 | P.O. BOX 990065 | | BOISE | ID | 83799-0065 |
| NATURAL GAS | CASCADE NATURAL GAS OF WA | 300 0236-1 1 | P.O. BOX 990065 | | BOISE | ID | 83799-0065 |
| NATURAL GAS | CONSTELLATION ENERGY | 10450 | 9960 CORPORATE CAMPUS DRIVE | | LOUISVILLE | KY | 14/02/2010 |
| NATURAL GAS | ATMOS ENERGY OF MS (FORMERLY MISSISSIPPI VALLEY GAS) | 70-000800173-0548912-5 | PO BOX 9001949 | | LOUISVILLE | KY | 40290-1949 |
| NATURAL GAS | NATIONAL GRID | 56434-16840 | PO BOX 4300 | | WOBURN | MA | 01888 |
| NATURAL GAS | PIEDMONT NATURAL GAS COMPANY OF NC | 4000425202001 | P.O. BOX 33068 | | CHARLOTTE | NC | 28233-3068 |
| NATURAL GAS | HESS CORPORATION | 530875/530881 (05/01/2009-04/30/2010) | 1 HESS PLAZA | | WOODBRIDGE | NJ | 07095 |
| NATURAL GAS | CENTERPOINT ENERGY GAS TRANSMISSION | 205688-855 | PO BOX 203289 | | HOUSTON | TX | 77216-3289 |
| NATURAL GAS | WASHINGTON GAS COMPANY | 7000217500 (FKA2175) | SHENANDOAH DIVISION | PO BOX 2400 | WINCHESTER | VA | 22064 |
| NATURAL GAS | WE ENERGIES - WI ELECTRIC POWER COMPANY | 5641-993-316 | PO BOX 2046 | | MILWAUKEE | WI | 53201-2046 |

RLF1 3555144v.1

| UTILITY TYPE | UTILITY PROVIDER | ACCOUNT NUMBER | STREET ADDRESS 1 | STREET ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|---|
| PHONE | TW TELECOM | 261024 | P.O. BOX 172567 | | DENVER | CO | 80217-2567 |
| PHONE | MCI | 9195567235 | PO BOX 600674 | | JACKSONVILLE | FL | 32260-0674 |
| PHONE | PREMIERE GLOBAL SERVICES | 9207281 | PO BOX 404351 | | ATLANTA | GA | 30384-4351 |
| PHONE | ATCOM BUSINESS TELECOM SOLUTIONS | 100008992 | P.O. BOX 13476 | | DURHAM/RALEIGH | NC | 27709-3476 |
| PHONE | EMBARQ | 919554258644 &919569258291 2 | P.O. BOX 96064 | | CHARLOTTE | NC | 28296-0064 |
| PHONE | EMBARQ | 4343924124250 | P.O. BOX 96064 | | CHARLOTTE | NC | 28296-0064 |
| PHONE | VERIZON - I | 508478106375700 61 &588616594360098 | PO BOX 1100 | | ALBANY | NY | 12250-0001 |
| PHONE | AT&T | 4012541 | P.O. BOX 13134 | | NEWARK | NJ | 07101-5634 |
| PHONE | PAETEC COMMUNICATIONS INC | 146862 | PO BOX 1283 | | BUFFALO | NY | 14240 |
| PHONE AND DATA | AT&T | 704 392-4156 746 3197 | P.O. BOX 105262 | | ATLANTA | GA | 30348-5262 |
| PHONE LINE | AT&T | 770-227-8000 050 0624 | 2 PEACHTREE STREET | | ATLANTA | GA | 30308-1121 |
| PHONE LINE | AT&T | 318255200096050 0 | PO BOX 105262 | | ATLANTA | GA | 30348-5262 |
| PHONE LINE | FAIRPOINT | 603224630062 9 | PO BOX 11021 | | LEWISTON | ME | 04243 |
| PHONE LINE | VERIZON | 000015156614971Y | PO BOX 660720 | | DALLAS | TX | 75266-0720 |
| PHONE LINE | VERIZON | 000015158341464Y | PO BOX 660720 | | DALLAS | TX | 75266-0720 |
| PHONE LINE | QUEST | 360636033030B | P.O. BOX 91156 | | SEATTLE | WA | 98111-9255 |
| PHONE LINE (MAIN) | AT&T | 662-323-4064-023-0597 | PO BOX 105262 | | ATLANTA | GA | 30348-5262 |
| PHONE LINE (TOLL FREE) | SPRINT | 920958410 | PO BOX 219100 | | KANSAS CITY | MO | 64121-9100 |
| PROPANE | FERRELL GAS | 49208792 | P.O. BOX 173940 | | DENVER | CO | 80217 |
| PROPANE | FERRELL GAS | 53431943 | PO BOX 173940 | | DENVER | CO | 80217 |
| PROPANE | PERFORMANCE PROPANE | 102545 | 1136 MERIWETHER STREET | | GRIFFIN | GA | 30224 |
| PROPANE | ROBERTS OXYGEN | 57200000 | PO BOX 5507 | | ROCKVILLE | MD | 20855 |
| PROPANE | SCOTT PETROLEUM | 566812-1 | 905 HWY 12 WEST | | STARKVILLE | MS | 39759 |
| PROPANE | FREEMAN GAS | MOUNHO | 134 ROECHLING DRIVE | | GASTONIA | NC | 28053 |
| PROPANE | SUBURBAN PROPANE | 1707-000055493 | PO BOX 704 | | NASHUA | NH | 03060 |
| PROPANE | AMERIGAS | 5466002859 | 352 FAIRFAX PIKE | | STEPHENS CITY | VA | 22655 |
| PROPANE | FERRELLGAS | 7312385 | N1081 TOWER VIEW DR | | GREENVILLE | WI | 54942 |
| SEWER | CITY OF CONCORD | 351477-001 | PO BOX 9622 | | MANCHESTER | NH | 03108 |
| WATER | CITY OF RUSTON | 20123 | PO BOX 307 | | RUSTON | LA | 71273 |

RLF1 3555144v.1

| UTILITY TYPE | UTILITY PROVIDER | ACCOUNT NUMBER | STREET ADDRESS 1 | STREET ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|---|
| WATER | STARKVILLE ELECTRIC DEPARTMENT (TVA) | 14924 (FKA 001-4200-3) | 101 MEIGS AVENUE | | STARKVILLE | MS | 39759 |
| WATER | FRANKLIN COUNTY | 1000000510093 | PUBLIC UTILITIES | 1630 US HWY 1 | YOUNGSVILLE | NC | 27596 |
| WATER | CITY OF CHARLOTTE / MECKLENBURG COUNTY | 40030-25070 | 600 EAST 4TH STREET | | CHARLOTTE | NC | 28250-0001 |
| WATER | CITY OF CONCORD | 350662-001 | PO BOX 9622 | | MANCHESTER | NH | 03108 |
| WATER | TOWN OF MIDDLETOWN | 397 & 398 | PO BOX 696 | | MIDDLETOWN | VA | 22645 |
| WATER | CITY OF KELSO | 1400150.00 | P.O. BOX 819 | | KELSO | WA | 98626 |
| WATER | TOWN OF MENASHA UTILITY DISTRICT | 15537-33844 | 2000 MUNICIPAL DR | | NEENAH | WI | 54956 |
| WATER/SEWAGE | CITY OF GRIFFIN | 10163-10163 | 100 SOUTH HILL STREET | | GRIFFIN | GA | 30224 |

RLF1 3555144v.1

# EXHIBIT C

**Utility Services List**

| UTILITY TYPE | UTILITY PROVIDER | ACCOUNT NUMBER | STREET ADDRESS 1 | STREET ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|---|
| CELL PHONE | VERIZON WIRELESS | 412782627-00001 | 1445 NORTH EXPRESSWAY | | GRIFFIN | GA | 30224 |
| CELL PHONE | AT&T MOBILITY | 875206192 | P.O. BOX 6463 | | CAROL STREAM | IL | 60197-6463 |
| CELL PHONE | VERIZON WIRELESS | 985045530-00001 | 777 BIG TIMBER RD | | ELGIN | IL | 60123 |
| CELL PHONE | SPRINT | 153187814 | P.O. BOX 8077 | | LONDON | KY | 40742 |
| CLEANING SOLVENT | HERITAGE CRYSTAL CLEAN | 73263 | 13621 COLLECTIONS CENTER DRIVE | | CHICAGO | IL | 60693-0136 |
| DATA LINES (INTERNET) | METROCAST (CABLE PROVIDER-BACKUP FOR THE MPLS CIRCUIT) | 8282-41-101-0172717 | 300 1/2 S. JACKSON | | STARKVILLE | MS | 39759 |
| DATE LINES (INTERNET) | TIME WARNER CABLE | 156021-01, 314-150602101-001, & 31472126101-001 | PO BOX 70873 | | CHARLOTTE | NC | 28272-0873 |
| DATE LINES (INTERNET) | TIME WARNER CABLE | 7010039-01 | PO BOX 511700 | | MILWAUKEE | WI | 53203 |
| DATE LINES (INTERNET) | TIME WARNER CABLE | 14199 | P.O. BOX 545 | | WHEELING | IL | 60090 |
| DRINKING WATER | MACKE WATER SYSTEMS, INC. | 216212706 & 1041479302 | P.O. BOX 700 | | HILLSBOROUGH | NC | 27288-0700 |
| ELECTIC | WAKE ELECTRIC | 98976-70002 | 241 RALPH MCGILL BLVD. | | ATLANTA | GA | 30308-3374 |
| ELECTRIC POWER | GEORGIA POWER | 99186-70004 | 241 RALPH MCGILL BLVD. | | ATLANTA | GA | 30308-3374 |
| ELECTRIC POWER | GEORGIA POWER | 20123 | PO BOX 307 | | RUSTON | LA | 71273 |
| ELECTRIC POWER | CITY OF RUSTON | 20709 | PO BOX 307 | | RUSTON | LA | 71273 |
| ELECTRIC POWER | CITY OF RUSTON | 22033 | PO BOX 307 | | RUSTON | LA | 71273 |
| ELECTRIC POWER | CITY OF RUSTON | 64465-85008 &27069-47008 | P.O. BOX 4300 | | WOBURN | MA | 01888-4300 |
| ELECTRIC POWER | NATIONAL GRID NH | 14924 (FKA 001-4200-3) | 101 MEIGS AVENUE | | STARKVILLE | MS | 39759 |
| ELECTRIC POWER | STARKVILLE ELECTRIC DEPARTMENT (TVA) | 8578003 | P.O. BOX 700 | | HILLSBOROUGH | NC | 27288-0700 |
| ELECTRIC POWER | WAKE ELECTRIC | 0001410556 | P.O. BOX 70516 | | CHARLOTTE | NC | 28272-0516 |
| ELECTRIC POWER | DUKE ENERGY OF NC | 0001410557 | P.O. BOX 70516 | | CHARLOTTE | NC | 28272-0516 |
| ELECTRIC POWER | DUKE ENERGY OF NC | 0001410559 | P.O. BOX 70516 | | CHARLOTTE | NC | 28272-0516 |
| ELECTRIC POWER | DUKE ENERGY OF NC | 0003615679 | P.O. BOX 70516 | | CHARLOTTE | NC | 28272-0516 |
| ELECTRIC POWER | DUKE ENERGY OF NC | 1055165-1051976 | PO BOX 2013 | | CONCORD | NC | 03302 |
| ELECTRIC POWER | UNITIL NH | 86083-73000 (02/19/2009-12/01/2009) | PO BOX 25230 | | LEHIGH VALLEY, | PA | 4/14/1949 |
| ELECTRIC POWER | CONSTELLATION NEW ENERGY | 2 27 22 002 00100 1 | 800 CABIN HILL DRIVE | | GREENSBURG | PA | 15606 |
| ELECTRIC POWER | ALLEGHENY POWER OF VA | 354648-8 | P.O. BOX 3007 | | LONGVIEW | WA | 98632 |
| ELECTRIC POWER | COWLITZ PUD | | | | | | |

| UTILITY TYPE | UTILITY PROVIDER | ACCOUNT NUMBER | STREET ADDRESS 1 | STREET ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|---|
| ELECTRIC POWER | WE ENERGIES - WI ELECTRIC POWER COMPANY | 8809-547-062 | PO BOX 2046 | | MILWAUKEE | WI | 53201-2046 |
| GARBAGE | K&G PATTON | N/A | 1526 INDUSTRIAL DRIVE | | GRIFFIN | GA | 9/30/1982 |
| GARBAGE | REPUBLIC WASTE | 3-0742-5815202 | P.O. BOX 9001099 | | LOUISVILLE | KY | 40290-1099 |
| GARBAGE | ALLIED WASTE SERVICES | 3-0976-4740833 | WINCHESTER | PO BOX 9001099 | LOUISVILLE | KY | 40290-1099 |
| GARBAGE | IESI | 04200256 | 800 THOMAS AVENUE | | MONROE | LA | 71202-5426 |
| GARBAGE | MISSISSIPPI INDUSTRIAL WASTE | 000132 | PO BOX 801 | | COLUMBUS | MS | 39703 |
| GARBAGE | PINARD WASTE | 763 | PO BOX 5048 | | MANCHESTER | NH | 03108 |
| GARBAGE | CITY OF KELSO | 1400150.00 | P.O. BOX 819 | | KELSO | WA | 98626 |
| GARBAGE | VEOLIA ENVIRONMENTAL SERVICES | B4003300-5 | 250 ALDER AVE | | OMRO | WI | 54963 |
| HIGH SPEED INTERNET | COMCAST | 01626 763831-01-8 | PO BOX 3005 | | SOUTHEASTERN | PA | 19398-3005 |
| NATURAL GAS | SOUTHSTAR ENERGY | GGA1260220 (07/01/2001-10/31/2008) | 817 WEST PEACHTREE STEET | | ATLANTA | GA | 30303 |
| NATURAL GAS | CASCADE NATURAL GAS OF WA | 300 0235-1 2 | P.O. BOX 990065 | | BOISE | ID | 83799-0065 |
| NATURAL GAS | CASCADE NATURAL GAS OF WA | 300 0236-1 I | P.O. BOX 990065 | | BOISE | ID | 83799-0065 |
| NATURAL GAS | CONSTELLATION ENERGY | 10450 | 9960 CORPORATE CAMPUS DRIVE | | LOUISVILLE | KY | 14/02/2010 |
| NATURAL GAS | ATMOS ENERGY OF MS (FORMERLY MISSISSIPPI VALLEY GAS) | 70-000800173-0548912-5 | PO BOX 9001949 | | LOUISVILLE | KY | 40290-1949 |
| NATURAL GAS | NATIONAL GRID | 56434-16840 | PO BOX 4300 | | WOBURN | MA | 01888 |
| NATURAL GAS | PIEDMONT NATURAL GAS COMPANY OF NC | 4000425202001 | P.O. BOX 33068 | | CHARLOTTE | NC | 28233-3068 |
| NATURAL GAS | HESS CORPORATION | 530875530881 (05/01/2009-04/30/2010) | I HESS PLAZA | | WOODBRIDGE | NJ | 07095 |
| NATURAL GAS | CENTERPOINT ENERGY GAS TRANSMISSION | 205688-855 | PO BOX 203289 | | HOUSTON | TX | 77216-3289 |
| NATURAL GAS | WASHINGTON GAS COMPANY | 7000217500 (FKA2175) | SHENANDOAH DIVISION | PO BOX 2400 | WINCHESTER | VA | 22064 |
| NATURAL GAS | WE ENERGIES - WI ELECTRIC POWER COMPANY | 5641-993-316 | PO BOX 2046 | | MILWAUKEE | WI | 53201-2046 |

| UTILITY TYPE | UTILITY PROVIDER | ACCOUNT NUMBER | STREET ADDRESS 1 | STREET ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|---|
| PHONE | TW TELECOM | 261024 | P.O. BOX 172567 | | DENVER | CO | 80217-2567 |
| PHONE | MCI | 9195567235 | PO BOX 600674 | | JACKSONVILLE | FL | 32260-0674 |
| PHONE | PREMIERE GLOBAL SERVICES | 9207281 | PO BOX 404351 | | ATLANTA | GA | 30384-4351 |
| PHONE | ATCOM BUSINESS TELECOM SOLUTIONS | 100008992 | P.O. BOX 13476 | | DURHAM/RALEIGH | NC | 27709-3476 |
| PHONE | EMBARQ | 919554258647 &919569258291 | P.O. BOX 96064 | | CHARLOTTE | NC | 28296-0064 |
| PHONE | EMBARQ | 4343924124250 | P.O. BOX 96064 | | CHARLOTTE | NC | 28296-0064 |
| PHONE | VERIZON - I | 5084781063757006 &5861694594360098 | PO BOX 1100 | | ALBANY | NY | 12250-0001 |
| PHONE | AT&T | 4012541 | P.O. BOX 13134 | | NEWARK | NJ | 07101-5634 |
| PHONE AND DATA | PAETEC COMMUNICATIONS INC | 146862 | PO BOX 1283 | | BUFFALO | NY | 14240 |
| PHONE LINE | AT&T | 704 392-4156 746 3197 | P.O. BOX 105262 | | ATLANTA | GA | 30348-5262 |
| PHONE LINE | AT&T | 770-227-8000 050 0624 | 2 PEACHTREE STREET | | ATLANTA | GA | 30308-1121 |
| PHONE LINE | AT&T | 3182552000960500 | PO BOX 105262 | | ATLANTA | GA | 30348-5262 |
| PHONE LINE | FAIRPOINT | 603224630629 | PO BOX 11021 | | LEWISTON | ME | 04243 |
| PHONE LINE | VERIZON | 0000151566149 71Y | PO BOX 660720 | | DALLAS | TX | 75266-0720 |
| PHONE LINE | VERIZON | 0000151583414 64Y | PO BOX 660720 | | DALLAS | TX | 75266-0720 |
| PHONE LINE | QUEST | 3606360330030B | P.O. BOX 91156 | | SEATTLE | WA | 98111-9255 |
| PHONE LINE (MAIN) | AT&T | 662-323-4064-023-0597 | PO BOX 105262 | | ATLANTA | GA | 30348-5262 |
| PHONE LINE (TOLL FREE) | SPRINT | 920958410 | PO BOX 219100 | | KANSAS CITY | MO | 64121-9100 |
| PROPANE | FERRELL GAS | 49208792 | P.O. BOX 173940 | | DENVER | CO | 80217 |
| PROPANE | FERRELL GAS | 53431943 | PO BOX 173940 | | DENVER | CO | 80217 |
| PROPANE | PERFORMANCE PROPANE | 102545 | 1136 MERIWETHER STREET | | GRIFFIN | GA | 30224 |
| PROPANE | ROBERTS OXYGEN | 57200000 | PO BOX 5507 | | ROCKVILLE | MD | 20855 |
| PROPANE | SCOTT PETROLEUM | 566812-1 | 905 HWY 12 WEST | | STARKVILLE | MS | 39759 |
| PROPANE | FREEMAN GAS | MOUNHO | 134 ROECHLING DRIVE | | GASTONIA | NC | 28053 |
| PROPANE | SUBURBAN PROPANE | 1707-000055493 | PO BOX 704 | | NASHUA | NH | 03060 |
| PROPANE | AMERIGAS | 5466002859 | 352 FAIRFAX PIKE | | STEPHENS CITY | VA | 22655 |
| PROPANE | FERRELLGAS | 7312385 | NI081 TOWER VIEW DR | | GREENVILLE | WI | 54942 |
| SEWER | CITY OF CONCORD | 351477-001 | PO BOX 9622 | | MANCHESTER | NH | 03108 |
| WATER | CITY OF RUSTON | 20123 | PO BOX 307 | | RUSTON | LA | 71273 |

| UTILITY TYPE | UTILITY PROVIDER | ACCOUNT NUMBER | STREET ADDRESS 1 | STREET ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|---|
| WATER | STARKVILLE ELECTRIC DEPARTMENT (TVA) | 14924 (FKA 001-4200-3) | 101 MEIGS AVENUE | | STARKVILLE | MS | 39759 |
| WATER | FRANKLIN COUNTY | 100000510093 | PUBLIC UTILITIES | 1630 US HWY 1 | YOUNGSVILLE | NC | 27596 |
| WATER | CITY OF CHARLOTTE / MECKLENBURG COUNTY | 40030-25070 | 600 EAST 4TH STREET | | CHARLOTTE | NC | 28250-0001 |
| WATER | CITY OF CONCORD | 350662-001 | PO BOX 9622 | | MANCHESTER | NH | 03108 |
| WATER | TOWN OF MIDDLETOWN | 397 & 398 | PO BOX 696 | | MIDDLETOWN | VA | 22645 |
| WATER | CITY OF KELSO | 1400150.00 | P.O. BOX 819 | | KELSO | WA | 98626 |
| WATER | TOWN OF MENASHA UTILITY DISTRICT | 15537-33844 | 2000 MUNICIPAL DR | | NEENAH | WI | 54956 |
| WATER/SEWAGE | CITY OF GRIFFIN | 10163-10163 | 100 SOUTH HILL STREET | | GRIFFIN | GA | 30224 |