IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------x

In re                            :      Chapter 11

                                 :

XERIUM TECHNOLOGIES, INC., et al.,[1]   :      Case No. 10-_____ (    )

                                 :

             Debtors.          :      Joint Administration Requested

---------------------------------------------------------------------x

## MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 1125, 1126, AND 1128, AND FED. R. BANKR. P. 2002, 3017, 3018, AND 3020 FOR ENTRY OF AN ORDER (I) SCHEDULING A COMBINED HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT, SOLICITATION PROCEDURES AND FORM OF BALLOTS, AND CONFIRMATION OF DEBTORS' PREPACKAGED PLAN OF REORGANIZATION AND ESTABLISHING OBJECTION DEADLINES WITH RESPECT THERETO AND (II) APPROVING THE FORM AND MANNER OF NOTICE OF COMMENCEMENT OF CHAPTER 11 CASES, FINAL HEARING TO CONSIDER APPROVAL OF DEBTORS' POSTPETITION SENIOR SECURED FINANCING AND USE OF CASH COLLATERAL, COMBINED HEARINGS, RELATED DEADLINES, AND ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO DEBTORS' JOINT PREPACKAGED PLAN OF REORGANIZATION

Xerium Technologies, Inc. ("Xerium") and certain of its direct and indirect

subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "Debtors"), respectfully represent:

---

[1] The Debtors in these chapter 11 cases (along with the last four digits of each Debtor's federal tax identification number or its foreign equivalent) are: Xerium Technologies, Inc. (8674), Huyck Licensco Inc. (0434), Stowe Woodward Licensco LLC (4459), Stowe Woodward LLC (4102), Wangner Itelpa I LLC (3561), Wangner Itelpa II LLC (3562), Weavexx, LLC (7969), Xerium Asia, LLC (3367), Xerium III (US) Limited (4460), Xerium IV (US) Limited (4461), Xerium V (US) Limited (4462), XTI LLC (6754), Xerium Canada Inc. (0003), Huyck.Wangner Austria GmbH (0323), Xerium Germany Holding GmbH (3219), and Xerium Italia S.p.A. (0150). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 8537 Six Forks Road, Suite 300, Raleigh, North Carolina 27615.

## Background

1.    On the date hereof (the "Commencement Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases for procedural purposes only pursuant to Fed. R. Bankr. P. 1015(b).

## The Debtors' Businesses

3.    The Debtors, together with their non-Debtor subsidiaries and affiliates (collectively, the "Company"), are a leading global manufacturer and supplier of two categories of consumable products used in the production of paper products (the "Clothing Segment") and roll technology products (the "Roll Covers Segment") installed in paper-making machines. The Clothing Segment consists of engineered synthetic textile belts, which range in size from 15 feet in width to more than 460 feet in length, that allow for the extraction of water while transporting paper through a paper-making machine. The Roll Covers Segment encompasses the covering and servicing of large metal rolls (up to 50 feet in length, six feet in diameter, and 140,000 pounds) upon which paper machine clothing products are often mounted and between which paper travels as it is processed from a "wet slurry" to a finished paper product.

4.    The Company operates 38 facilities in 13 countries, 32 of which are manufacturing facilities. The Company's facilities are strategically located in the major paper-producing regions of North America, Europe, South America, and Asia-Pacific. Eleven of these facilities manufacture clothing, twenty facilities manufacture and service roll covers, and one

facility manufactures both clothing and roll covers. The Company owns substantially all of its manufacturing facilities.

5.     As of January 1, 2010, the Company employs approximately 3,290 people worldwide, of which approximately 2,500 are manufacturing employees, 400 are sales and marketing employees, 100 employees are in research and development, and 300 are administrative and other employees.

6.     For the fiscal year ended December 31, 2009, the Company generated, on a consolidated basis, $500.1 million in net sales. As of December 31, 2009, the Company reported, on a consolidated basis, total assets of $693.5 million and total liabilities of $813.2 million, including approximately $640.1 million of debt.

### The Debtors' Prepackaged Plan

7.     Prior to the Commencement Date, the Debtors solicited votes on their proposed joint prepackaged plan of reorganization under chapter 11 of the Bankruptcy Code pursuant to a disclosure statement, dated March 2, 2010 and supplement thereto, dated March 8, 2010 (together, the "Disclosure Statement"). On the Commencement Date, the Debtors filed the proposed plan, as amended (the "Plan") and the Disclosure Statement with the Court. As set forth in the Certification of The Garden City Group, Inc. with Respect to Solicitation and Tabulation of Votes on Debtors' Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "GCG Certification"), filed on the Commencement Date, the Plan has been overwhelmingly accepted by all classes entitled to vote.

8.     As described in the Disclosure Statement and the Declaration of Stephen Light in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings (the "Light Declaration"), filed with the Court on the Commencement Date, the Plan contemplates a comprehensive

-3-

financial restructuring of the Debtors' capital structure that will reduce the Debtors' leverage and enhance their long-term growth and competitive position. The Plan also provides for an improvement in the Debtors' liquidity by extending the maturity dates of their prepetition indebtedness. Under the Plan, general unsecured claims will be rendered unimpaired and holders of equity interests in Xerium will receive shares of new common stock to be issued on the effective date of the Plan and warrants to purchase additional shares of new common stock.

### Jurisdiction

9.      This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

10.     By this motion and for the reasons set forth below, pursuant to sections 105(a), 1125, 1126, and 1128 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 3017, 3018, and 3020, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit A (the "Scheduling Order"), (i) scheduling a combined hearing (the "Combined Hearing") to consider (a) the approval of the Disclosure Statement, the prepetition solicitation of votes to accept or reject the Plan (the "Solicitation Procedures") and the forms of ballots (the "Ballots") and (b) confirmation of the Plan, including any proposed amendments or modifications to the Plan, (ii) establishing the deadline to object to the adequacy of the Disclosure Statement, the Solicitation Procedures, the Ballots, and confirmation of the Plan, and (iii) authorizing and approving the form and manner of notice of the commencement of the Debtors' chapter 11 cases, the final hearing to consider approval of the Debtors' postpetition

financing, the Combined Hearing,[2] and the assumption and rejection of executory contracts and unexpired leases pursuant to the Plan.

11.    Below is a timetable setting forth the Debtors' proposed dates for (i) the mailing of the Combined Notice (as defined below), (ii) the objection and reply deadlines with respect to the Disclosure Statement, the Solicitation Procedures, the Ballots, and confirmation of the Plan, and (iii) the Combined Hearing:

| Timetable | |
|---|---|
| Commencement of Solicitation | March 2, 2010 |
| Voting Deadline | March 26, 2010 |
| Commencement Date | March 30, 2010 |
| Mailing of Combined Notice | April 6, 2010 |
| DIP Objection Deadline | April 15, 2010 |
| DIP Reply Deadline | April 20, 2010 |
| Final DIP Hearing | April 22, 2010 |
| Plan/Disclosure Statement Objection Deadline | May 4, 2010 |
| Plan/Disclosure Statement Reply Deadline | May 10, 2010 |
| Combined Hearing | May 12, 2010 |

---

[2] In addition to dates and deadlines attendant to the confirmation process, the timetable references dates and deadlines relevant to the "Motion of Debtors For Entry of Interim and Final Orders (i) Authorizing Debtors to (a) Obtain Postpetition Senior Secured Financing, (b) Utilize Cash Collateral, (c) Grant Priming Liens, Priority Liens, and Superpriority Claims to DIP Lenders, and (d) Provide Adequate Protection to Prepetition Secured Parties, (ii) Scheduling a Final Hearing, and (iii) Granting Related Relief" (the "DIP Motion"), filed contemporaneously herewith. As the Debtors are required to provide notice of the final hearing with respect to the DIP Motion to the same parties entitled to receive notice of the Combined Hearing, for the sake of efficiency and to save costs, the Debtors propose to include such notice of the final hearing with respect to the DIP Motion in the Combined Notice attached hereto as Exhibit C. For the avoidance of doubt, the Debtors seek to schedule a final hearing and objection deadline with respect to the proposed financing pursuant to the DIP Motion, and not as part of this Motion.

RLF1 3555157v 1

## Basis for Relief Requested

### Compliance with Section 1126(b) of the Bankruptcy Code

12.     Prior to the Commencement Date, the Debtors solicited acceptances and

rejections of the Plan from parties entitled to vote thereon. In connection with their solicitation,

the Debtors provided such parties with, among other things, a copy of the Disclosure Statement,

which describes the proposed plan (which is attached as an exhibit thereto) and provides other

relevant information.

13.     Pursuant to section 1126(b) of the Bankruptcy Code:

> [A] holder of a claim or interest that has accepted or rejected the
> plan before the commencement of the case under [the Bankruptcy
> Code] is deemed to have accepted or rejected such plan, as the case
> may be, if—(1) the solicitation of such acceptance or rejection was
> in compliance with any applicable nonbankruptcy law, rule, or
> regulation governing the adequacy of disclosure in connection with
> such solicitation; or (2) if there is not any such law, rule, or
> regulation, such acceptance or rejection was solicited after
> disclosure to such holder of adequate information, as defined in
> section 1125(a) of [the Bankruptcy Code].

11 U.S.C. § 1126(b). Thus, the prepetition solicitation of acceptances and rejections of a plan is

proper if such solicitation complies with applicable nonbankruptcy laws, rules and regulations

governing the adequacy of disclosure in connection with such solicitation or, if there is no such

law, rule or regulation, the solicited parties receive "adequate information" as defined in section

1125(a) of the Bankruptcy Code. Id.

14.     Section 1125(a) of the Bankruptcy Code defines "adequate information"

as:

> [I]nformation of a kind, and in sufficient detail, as far as is
> reasonably practicable in light of the nature and history of the
> debtor and the condition of the debtor's books and records,
> including a discussion of the potential material Federal tax
> consequences of the plan to the debtor, any successor to the debtor,
> and a hypothetical investor typical of the holders of claims or

-6-

> interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . .

11 U.S.C. § 1125(a)(1).

15. As will be more fully set forth in the Debtors' memorandum of law to be filed with the Court prior to the Combined Hearing, the Debtors submit that (i) their solicitation of acceptances and rejections complied with all applicable nonbankruptcy laws, rules and regulations governing the adequacy of disclosure in connection with such solicitation and (ii) the Disclosure Statement provides "adequate information" as defined in section 1125(a) of the Bankruptcy Code. Accordingly, the Debtors respectfully request that the Court consider and approve, at the Combined Hearing, the Disclosure Statement pursuant to sections 1125 and 1126(b) of the Bankruptcy Code.

## Approval of the Solicitation Procedures and Form of Ballots

16. Fed. R. Bankr. P. 3018(b) provides, in pertinent part, that:

> A holder of a claim or interest who has accepted or rejected a plan before the commencement of the case under the [Bankruptcy] Code shall not be deemed to have accepted or rejected the plan if the court finds after notice and hearing that the plan was not transmitted to substantially all creditors and equity security holders of the same class, that an unreasonably short time was prescribed for such creditors and equity security holders to accept or reject the plan, or that the solicitation was not in compliance with § 1126(b) of the Code.

Fed. R. Bankr. P. 3018(b).

17. Pursuant to the Plan, the claims in Class 2 (Shared Collateral Claims) and Class 5 (Unsecured Swap Termination Claims) are impaired and entitled to vote on the Plan. The claims in Class 1 (Priority Non-Tax Claims), Class 3 (Other Secured Claims), Class 4 (General Unsecured Claims), Class 6 (Intercompany Claims), and equity interests in Class 7 (Equity Interests in Xerium Subsidiary Debtors) are not impaired by the Plan. Accordingly, the

holders of claims or equity interests in these classes are conclusively presumed to have accepted the Plan and their votes have not been solicited. See 11 U.S.C. § 1126(f). The Plan also provides that holders of equity interests in Class 8 (Equity Interests in Xerium) receive their pro rata shares of (a) 17.4% of the shares of new common stock of Reorganized Xerium (less shares reserved for incentive or other awards issued prior to the Commencement Date) to be issued on the effective date of the Plan and (b) New Warrants to purchase up to 10% of the issued and outstanding shares of new common stock of Reorganized Xerium (on a fully diluted basis). The holders of equity interests in Class 8 are impaired and have been deemed to reject the Plan and their votes have not been solicited.

18.     The Debtors established February 23, 2010 as the record date for determining the holders of claims in Class 2 and Class 5 entitled to vote on the Plan. As set forth in the GCG Certification filed contemporaneously herewith, on March 2, 2010, the Debtors' voting agent, The Garden City Group ("GCG"), sent to all holders of claims in the voting classes as of the record date, along with a letter from the Chairman, President and Chief Executive Officer of the Debtors, the following solicitation materials (collectively, the "Solicitation Packages") via (i) hand delivery (same-day), with respect to the parties listed on Exhibit B to the GCG Certification, (ii) Federal Express Priority (overnight) delivery to the parties located within the United States listed on Exhibit C to the GCG Certification, and (iii) Federal Express Priority delivery to the parties located outside of the United States listed on Exhibit D to the GCG Certification:

- the disclosure statement, dated March 2, 2010 including all exhibits thereto (including, but not limited to, the Plan);

- as applicable, a Ballot to vote Class 2 Credit Facility Claims, Class 2 Secured Swap Termination Claims, or Class 5 Unsecured Swap

Termination Claims, all as attached as <u>Exhibit F</u> to the GCG Certification; and

- a pre-addressed postage-paid Federal Express Priority return envelope.

19.     On March 8, 2010, the Debtors sent all holders of claims in the voting classes as of the record date the Supplement to Disclosure Statement, dated March 8, 2010 (the "<u>Disclosure Statement Supplement</u>") via the same delivery method as the Solicitation Packages.

20.     The Debtors initially established March 22, 2010 as the deadline to vote on the Plan, subject to the Debtors' right to extend the voting period. Ultimately, to avoid disenfranchising holders of claims in voting classes that had expressed an interest in voting but whose Ballots had not been received as of the initial deadline, including foreign voters, the Debtors instructed GCG to accept all Ballots received as of 6:00 p.m. (Eastern Daylight Time) on March 26, 2010. The Debtors submit that all or substantially all parties entitled to vote on the Plan were duly provided with copies of the Plan, the Disclosure Statement, and the Disclosure Statement Supplement, and a reasonable amount of time to vote as required by Fed. R. Bankr. P. 3018(b).

21.     GCG was designated by the Debtors to receive and tabulate the Ballots submitted to vote for the acceptance or rejection of the Plan. GCG's professional staff has considerable experience in this regard.

22.     Pursuant to the Solicitation Procedures, in order for a Ballot to be counted as valid, the Ballot must have been completed and properly executed by the holder of a claim in one of the voting classes, or such holder's authorized representative, and must have been received by personnel of GCG at its office in Dublin, Ohio by 6:00 p.m. (Eastern Daylight Time) on March 26, 2010. <u>See</u> Fed. R. Bankr. P. 3018(c) (requiring an acceptance or rejection of a plan to be in writing, identify the plan accepted or rejected, and be signed by the creditor or equity

-9-

security holder or an authorized agent). All Ballots received by GCG were date- and time-stamped upon receipt and were processed by GCG's personnel.

23. Fed. R. Bankr. P. 3018(c) also requires that a form of ballot substantially conforming to the appropriate Official Form be provided to creditors and equity security holders entitled to vote on a plan. In this case, the Ballots are based on Official Form No. 14, and incorporate certain modifications to address specific aspects of the Plan relevant to the parties entitled to vote on the Plan. With respect to Class 2, the Debtors distributed two forms of Ballots: (i) the "Credit Facility Claims Ballot" to holders of Credit Facility Claims as of the record date, as identified by the Administrative Agent under the prepetition credit facility, and (ii) the "Secured Swap Termination Claims Ballot" to holders of Secured Swap Termination Claims, as identified in the secured swap termination agreement. With respect to Class 5, the Debtors distributed the "Unsecured Swap Termination Claims Ballot" to the holder of Unsecured Swap Termination Claims, as identified in the unsecured swap termination agreement.

24. The Debtors submit that the Ballots, Solicitation Procedures, and the tabulation of votes on the Plan comply with all applicable bankruptcy and nonbankruptcy laws, rules, and regulations, and should be approved by the Court at the Combined Hearing.

**Scheduling of the Combined Hearing**

25. Section 1128(a) of the Bankruptcy Code and Fed. R. Bankr. P. 2002 and 3017, provide for the Court to conduct a hearing to consider approval of a disclosure statement and a hearing to consider confirmation of a plan on at least twenty-eight days' notice. See 11 U.S.C. § 1128(a) ("[a]fter notice, the court shall hold a hearing on confirmation of a plan."); Fed. R. Bankr. P. 2002(b) ("the clerk, or some other person as the court may direct, shall give . . . not less than 28 days notice by mail of the time fixed (1) for . . . the hearing to consider approval of a disclosure statement . . . and (2) for . . . the hearing to consider confirmation of a . . . chapter 11 .

.. plan"); Fed. R. Bankr. P. 3017(a) ("after a disclosure statement is filed . . . the court shall hold a hearing on at least 28 days' notice . . . to consider the disclosure statement and any objection or modifications thereto."); Fed. R. Bankr. P. 3017(c) ("[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation.").

26. Section 105(d)(2)(B)(vi) of the Bankruptcy Code provides that the Court may combine the hearing on approval of a disclosure statement with the hearing on confirmation of a plan. 11 U.S.C. § 105(d)(2)(B)(vi).

27. As stated above, in these prepackaged chapter 11 cases, the most sensitive and complex task required to effectuate a successful reorganization – the negotiation of consensual agreements with critical creditor constituencies and formulation of a plan of reorganization – has been accomplished in advance of the Commencement Date. In addition, prior to the Commencement Date, the Debtors solicited votes on the Plan from all parties entitled to vote to accept or reject the Plan. The votes tabulated and received from these parties demonstrate an overwhelming acceptance of the Plan. Thus, the Debtors respectfully submit that there is no reason to delay consideration of the confirmation of the Plan. Indeed, it is in the best interests of the Debtors' estates and creditors to proceed with the confirmation process as expeditiously as possible, as protraction of these cases threatens to jeopardize the Debtors' relationships with customers, suppliers, and employees, and potentially may weaken the Debtors' ability to compete.

28. Additionally, the Debtors submit that consideration of the approval of the Disclosure Statement, the Solicitation Procedures, and the Ballots, together with the confirmation of the Plan will promote judicial economy and conserve the Debtors' resources.

29. Accordingly, the Debtors respectfully request that the Court combine the hearing on approval of the Disclosure Statement, the Solicitation Procedures, and the Ballots,

with the hearing on confirmation of the Plan and that the Court schedule the Combined Hearing for **May 12, 2010**. The proposed schedule, and the relief sought herein, will assist in the Debtors' expeditious emergence from chapter 11 while providing adequate notice to, and protecting the rights of, all parties in interest. In addition, it is appropriate that the Scheduling Order be entered at this time so that stakeholders may be informed as promptly as possible of the anticipated scheduling of events relating to the Plan. Moreover, even though the solicitation of acceptances and rejections of the Plan was completed prior to the Commencement Date, no party in interest will be prejudiced by the relief requested herein because, as set forth below, the Debtors' proposed service of notice of the date of the Combined Hearing affords all parties in interest with no less than the twenty-eight days' notice prescribed by the Federal Rules of Bankruptcy Procedure.

**Establishment of Deadline and Procedures for**
**Objections to the Disclosure Statement, Solicitation**
**Procedures, Form of Ballots, and Confirmation of the Plan**

30.     Fed. R. Bankr. P. 3017(a) authorizes the Court to fix a time for filing objections to approval of a disclosure statement and Fed. R. Bankr. P. 3020(b)(1) provides that an objection to confirmation of a plan must be filed "within a time fixed by the court." Fed. R. Bankr. P. 3017(a) and 3020(b)(1). Further, Fed. R. Bankr. P. 2002(b) and 2002(d) require that at least twenty-eight days' notice of the time fixed for filing objections to approval of a disclosure statement and confirmation of a plan be given by mail to all parties in interest, including creditors and equity security holders. Fed. R. Bankr. P. 2002(b), (d).

31.     The Debtors respectfully request that, pursuant to the Scheduling Order, the Court establish **May 4, 2010, at 4:00 p.m. (Eastern Daylight Time)**, as the deadline to file objections to the approval of the Disclosure Statement, approval of the Solicitation Procedures, approval of the Ballots, or confirmation of the Plan or any proposed amendment or modification

-12-

to the Plan (the "Objection Deadline") and establish **May 10, 2010, at 12:00 (noon) (Eastern Daylight Time)**, as the deadline to file replies to any objection received on or before the Objection Deadline (the "Reply Deadline"). As set forth below, the Debtors' proposed service of notice of the Objection Deadline will provide creditors and equity security holders with no less than the required twenty-eight days' notice, while still affording the Debtors and other parties in interest time to file responsive papers and, if possible, resolve any objections received.

32.     The Debtors further request that, pursuant to the Scheduling Order, the Court direct that any objections to the approval of the Disclosure Statement, approval of the Solicitation Procedures, approval of the Ballots, or confirmation of the Plan or any proposed amendment or modification to the Plan must (i) be in writing, (ii) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, (iii) set forth the name of the objector, the nature and amount of any claim or interest asserted by the objector against the estate or property of the Debtors, (iv) state with particularity the legal and factual bases for such objection, and, if practicable, provide a proposed modification to the Plan or the Disclosure Statement that would resolve such objection, and (v) be served on the following parties so as to be actually received by the Objection Deadline: (a) Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq. and Sharon J. Richardson, Esq.), co-attorneys for the Debtors, (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq. and Jason M. Madron, Esq.), co-attorneys for the Debtors, (c) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Jane M. Leamy, Esq.), (d) Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, NY 10112 (Attn: Howard Seife, Esq. and Andrew Rosenblatt,

Esq.), co-attorneys for Citicorp North America, Inc., as administrative agent for the Debtors'

prepetition secured lenders, and (e) Young Conaway Stargatt & Taylor, LLP, 1000 West Street,

17th Floor, Wilmington, DE 19899 (Attn: Joel A. Waite, Esq.), co-attorneys for Citicorp North

America, Inc., as administrative agent for the Debtors' prepetition secured lenders.

**Approval of Form and Manner of Notice of
the Commencement Date, Final DIP Hearing,
Combined Hearing, and Assumption and Rejection of
<u>Executory Contracts and Unexpired Leases Pursuant to the Plan</u>**

33.     The Debtors propose to serve notice of the commencement of the chapter

11 cases, the final hearing to consider approval of the Debtors' postpetition financing, the

Combined Hearing, and the assumption and rejection of executory contracts and unexpired

leases pursuant to the Plan, substantially in the form attached hereto as <u>Exhibit B</u> (the

"<u>Combined Notice</u>"), by first-class mail on or before **April 6, 2010** upon: (i) entities listed on the

Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Fed.

R. Bankr. P. 1007(d), (ii) the parties listed on the Debtors' creditor matrix, (iii) all equity security

holders of record, (iv) counterparties to the Debtors' executory contracts and unexpired leases,

(v) the U.S. Trustee, (vi) the Internal Revenue Service, (vii) the Securities and Exchange

Commission, (viii) the United States Department of Justice, and (ix) all parties having filed

requests for notices in these chapter 11 cases. In addition, the Combined Notice will be available

on the Debtors' website at http://www.xeriuminfo.com.

34.     The Combined Notice sets forth: (i) notice of commencement of the

Debtors' chapter 11 cases,[3] (ii) the date, time, and place of the final hearing to consider approval

of the DIP Motion and the deadline and procedures for interposing objections thereto, (iii) a

---

[3] <u>See</u> Fed. R. Bankr. P. 2002(f)(1) ("the clerk, or some other person as the court may direct, shall
give the debtors, all creditors, and indenture trustees notice by mail of . . . the order for relief").

summary of the Plan, including the classification and treatment of claims against, and equity interests in, the Debtors and the assumption and rejection of executory contracts and unexpired leases pursuant thereto, (iv) the date, time, and place of the Combined Hearing and the deadline and procedures for interposing objections to the Disclosure Statement, the Solicitation Procedures, the Ballots, and confirmation of the Plan, and (v) instructions for obtaining copies of the Disclosure Statement and the Plan.

> 35.     Fed. R. Bankr. P. 3017(d) provides that:

> If the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation.

Fed. R. Bankr. P. 3017(d). The Disclosure Statement has been provided to holders of claims in impaired classes entitled to vote. The Debtors request that the Court determine that they are not required to distribute copies of the Disclosure Statement or the Plan to any other holder of a claim against, or equity interest in, the Debtors. In lieu of furnishing each such holder with the Disclosure Statement and the Plan, the Debtors propose to send such holders the Combined Notice, which sets forth the manner in which a copy of the Disclosure Statement and the Plan may be obtained, including direction on how such holders may obtain electronic or hard copies free of charge.

36.     The Debtors submit that the proposed service of the Combined Notice, as described above, complies with the requirements of Fed. R. Bankr. P. 2002 and 3017, affords ample notice to all parties in interest, and should be approved by the Court pursuant to the Scheduling Order.

## The Relief Requested Is Appropriate

37.    The relief requested herein is further supported by the prepackaged nature of the Debtors' chapter 11 cases. As stated, prior to the Commencement Date, the Debtors negotiated and formulated the Plan and solicited votes on the Plan from all parties entitled to vote to accept or reject the Plan. The votes tabulated and received from these parties demonstrate the overwhelming acceptance of the Plan. Thus, the Debtors respectfully submit that, given the backdrop of these prepackaged reorganization cases, the relief requested herein is appropriate. Indeed, such relief is essential to the expeditious confirmation of the widely-supported Plan with the least possible disruption or harm to the Debtors' businesses. Moreover, the relief requested is supported by the Debtors' major creditor group.

38.    Relief similar to that requested herein has been approved in other prepackaged chapter 11 cases in this District. See, e.g., In re Simmons Bedding Co., Case No. 09-14037 (MFW) (Bankr. D. Del. Nov. 17, 2009) (D.I. 41); In re Panolam Holdings Co., Case No. 09-13889 (MFW) (Bankr. D. Del. Nov. 5, 2009) (D.I. 43); In re NTK Holdings, Inc., Case No. 09-13611 (KJC) (Bankr. D. Del. Oct. 23, 2009) (D.I. 42); In re Key Plastics L.L.C., Case No. 08-13324 (MFW) (Bankr. D. Del. Dec. 17, 2008) (D.I. 48); In re Portola Packaging, Inc., Case No. 08-12001 (CSS) (Bankr. D. Del. Aug. 29, 2008) (D.I. 49).

39.    Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, and in the best interests of their estates and creditors, and all parties in interest, and accordingly, should be granted in all respects.

## Notice

40.    No trustee, examiner or statutory creditors' committee has been appointed in these chapter 11 cases. Pursuant to Del. Bankr. L.R. 9013-1(m), notice of the "first-day" hearing to consider this motion is being provided by facsimile, electronic mail transmission,

-16-

overnight delivery and/or hand delivery to (i) the U.S. Trustee, (ii) the holders of the fifty largest unsecured claims against the Debtors on a consolidated basis, (iii) counsel to Citicorp North America, Inc., as administrative agent for the Debtors' prepetition secured lenders, (iv) the Securities and Exchange Commission, (v) the Internal Revenue Service, and (vi) the United States Department of Justice. Following the hearing, a copy of this motion and any order entered with respect hereto will be served on the foregoing parties and all parties having filed requests for notices in these chapter 11 cases. Due to the urgency of the circumstances and the nature of the relief requested herein, the Debtors submit that no other or further notice need be given.

## No Prior Motion

41.     No prior motion for the relief requested herein has been made by the Debtors to this or any other court.

RLF1 3555157v 1

WHEREFORE, the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated:     March 30, 2010
           Wilmington, Delaware

Mark D. Collins (No. 2981)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

John J. Rapisardi
Sharon J. Richardson
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

Proposed Co-Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

## Scheduling Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------x

In re

XERIUM TECHNOLOGIES, INC., et al.,[1]

                    Debtors.

-------------------------------------------------------------------x

    :    Chapter 11

    :

    :    Case No. 10-_____ (  )

    :

    :    Jointly Administered

## ORDER (I) SCHEDULING A COMBINED HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT, SOLICITATION PROCEDURES AND FORM OF BALLOTS, AND CONFIRMATION OF DEBTORS' PREPACKAGED PLAN OF REORGANIZATION AND ESTABLISHING OBJECTION DEADLINES WITH RESPECT THERETO AND (II) APPROVING THE FORM AND MANNER OF NOTICE OF COMMENCEMENT OF CHAPTER 11 CASES, FINAL HEARING TO CONSIDER APPROVAL OF DEBTORS' POSTPETITION SENIOR SECURED FINANCING AND USE OF CASH COLLATERAL, COMBINED HEARINGS, RELATED DEADLINES, AND ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO DEBTORS' JOINT PREPACKAGED PLAN OF REORGANIZATION

Upon the motion, dated March 30, 2010 (the "Motion"),[2] of Xerium

Technologies, Inc. ("Xerium") and certain of its direct and indirect subsidiaries, as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),

pursuant to sections 105(a), 1125, 1126, and 1128 of title 11 of the United States Code (the

---

[1] The Debtors in these chapter 11 cases (along with the last four digits of each Debtor's federal tax identification number or its foreign equivalent) are: Xerium Technologies, Inc. (8674), Huyck Licensco Inc. (0434), Stowe Woodward Licensco LLC (4459), Stowe Woodward LLC (4102), Wangner Itelpa I LLC (3561), Wangner Itelpa II LLC (3562), Weavexx, LLC (7969), Xerium Asia, LLC (3367), Xerium III (US) Limited (4460), Xerium IV (US) Limited (4461), Xerium V (US) Limited (4462), XTI LLC (6754), Xerium Canada Inc. (0003), Huyck.Wangner Austria GmbH (0323), Xerium Germany Holding GmbH (3219), and Xerium Italia S.p.A. (0150). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 8537 Six Forks Road, Suite 300, Raleigh, North Carolina 27615.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

"Bankruptcy Code") and Fed. R. Bankr. P. 2002, 3017, 3018, and 3020, for entry of an order, among other things, (i) scheduling a combined hearing (the "Combined Hearing") to consider (a) the approval of the Disclosure Statement, the prepetition solicitation of votes to accept or reject the Plan (the "Solicitation Procedures") and the forms of ballots (the "Ballots") and (b) confirmation of the Plan, including any proposed amendments or modifications to the Plan, (ii) establishing the deadline to object to the adequacy of the Disclosure Statement, the Solicitation Procedures, the Ballots, and confirmation of the Plan, and (iii) authorizing and approving the form and manner of notice of the commencement of the Debtors' chapter 11 cases, the final hearing to consider approval of the Debtors' postpetition financing, the Combined Hearing, and the assumption and rejection of executory contracts and unexpired leases pursuant to the Plan, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with Del. Bankr. L.R. 9013-1(m), as set forth in the Motion, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the Declaration of Stephen Light in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings filed with the Court on the Commencement Date, the Certification of The Garden City Group, Inc. With Respect to Solicitation and Tabulation of Votes On Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth

-2-

in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Combined Hearing to consider approval of the Disclosure Statement, approval of the Solicitation Procedures, approval of the Ballots, and confirmation of the Plan and any amendments or modifications thereto shall be held before this Court on **May 12, 2010 at [\_\_:\_\_] [\_].m. (Eastern Daylight Time)** or as soon thereafter as counsel may be heard; and it is further

ORDERED that any objections to the adequacy of the Disclosure Statement, approval of the Solicitation Procedures, approval of the Ballots, confirmation of the Plan and any amendments or modifications thereto shall (i) be in writing, (ii) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, (iii) set forth the name of the objector, the nature and amount of any claim or interest asserted by the objector against the estate or property of the Debtors, (iv) state with particularity the legal and factual bases for such objection, and, if practicable, provide a proposed modification to the Plan or the Disclosure Statement that would resolve such objection, and (v) be served on the following parties so as to be actually received no later than **4:00 p.m. (Eastern Daylight Time) on May 4, 2010** (the "Objection Deadline"): (a) Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq. and Sharon J. Richardson, Esq.), co-attorneys for the Debtors, (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq. and Jason M. Madron, Esq.), co-attorneys for the Debtors, (c) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Jane M.

-3-

Leamy, Esq.), (d) Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, NY 10112 (Attn: Howard Seife, Esq. and Andrew Rosenblatt, Esq.), co-attorneys for Citicorp North America, Inc., as administrative agent for the Debtors' prepetition secured lenders, and (e) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, DE 19899 (Attn: Joel A. Waite, Esq.), co-attorneys for Citicorp North America, Inc., as administrative agent for the Debtors' prepetition secured lenders (collectively, the "Notice Parties"); and it is further

ORDERED that any objections not timely filed and served in the manner set forth in this Order may not be considered and may be overruled; and it is further

ORDERED that replies to objections received on or before the Objection Deadline, if any, shall be filed with the Court and served on the Notice Parties and the respective objectors so as to be actually received no later than **12:00 (noon) (Eastern Daylight Time) on May 10, 2010** (the "Reply Deadline"); and it is further

ORDERED that service of the Combined Notice, substantially in the form attached hereto as Exhibit 1, on or before **April 6, 2010**, complies with Fed. R. Bankr. P. 2002 and 3017 and shall be deemed good and sufficient notice of (i) the commencement of the Debtors' chapter 11 cases, (ii) the date, time, and place of the final hearing to consider approval of the DIP Motion and the deadline and procedures for interposing objections thereto, (iii) the Plan, including without limitation, the classification and treatment of claims against, and equity interests in, the Debtors and the assumption and rejection of executory contracts and unexpired leases pursuant thereto, (iv) the date, time, and place of the Combined Hearing, and the deadline and procedures for interposing objections to the Disclosure Statement, the Solicitation Procedures, the Ballots, and confirmation of the Plan and proposed amendments or modifications to the Plan, and (v) instructions for obtaining copies of the Disclosure Statement and the Plan, and no other or further notice need be given; and it is further

-4-

ORDERED that notwithstanding Fed. R. Bankr. P. 3017(d), the Debtors shall not be required to mail or otherwise transmit a copy of the Disclosure Statement or the Plan to any holder of a claim against, or equity interest in, the Debtors, provided that, the Disclosure Statement and the Plan shall be available electronically at http://www.xeriuminfo.com and a hard copy of each shall be provided to any parties in interest upon written request to the Debtors; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2010
      Wilmington, Delaware

_____
United States Bankruptcy Judge

RLF1 3555157v 1

# EXHIBIT 1

**Combined Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------x

In re

XERIUM TECHNOLOGIES, INC., et al.,[1]

           Debtors.

-------------------------------------------------------------------x

  :   Chapter 11

  :

  :   Case No. 10-_____ ( )

  :

  :   Jointly Administered

## NOTICE OF (I) COMMENCEMENT OF CHAPTER 11 CASES, (II) FINAL HEARING TO CONSIDER APPROVAL OF DEBTORS' POSTPETITION SENIOR SECURED FINANCING AND USE OF CASH COLLATERAL AND DEADLINE FOR OBJECTIONS THERETO, (III) COMBINED HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT, SOLICITATION PROCEDURES, AND CONFIRMATION OF DEBTORS' PREPACKAGED PLAN OF REORGANIZATION AND DEADLINES TO OBJECT THERETO, AND (IV) ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO DEBTORS' JOINT PREPACKAGED PLAN OF REORGANIZATION

**NOTICE IS HEREBY GIVEN** as follows:

## COMMENCEMENT OF THE CHAPTER 11 REORGANIZATION CASES

       1.     On March 30, 2010 (the "Commencement Date"), Xerium Technologies Inc. ("Xerium") and certain of its affiliates identified below (collectively, the "Debtors"), filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

---

[1] The Debtors in these chapter 11 cases (along with the last four digits of each Debtor's federal tax identification number or its foreign equivalent) are: Xerium Technologies, Inc. (8674), Huyck Licensco Inc. (0434), Stowe Woodward Licensco LLC (4459), Stowe Woodward LLC (4102), Wangner Itelpa I LLC (3561), Wangner Itelpa II LLC (3562), Weavexx, LLC (7969), Xerium Asia, LLC (3367), Xerium III (US) Limited (4460), Xerium IV (US) Limited (4461), Xerium V (US) Limited (4462), XTI LLC (6754), Xerium Canada Inc. (0003), Huyck Wangner Austria GmbH (0323), Xerium Germany Holding GmbH (3219), and Xerium Italia S.p.A. (0150). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 8537 Six Forks Road, Suite 300, Raleigh, North Carolina 27615.

## CREDITORS MAY NOT TAKE CERTAIN ACTIONS

2.      The filing of the chapter 11 reorganization cases automatically stays certain collection and other actions against the Debtors and the Debtors' property. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Common examples of prohibited actions include (i) contacting the Debtors to demand repayment, (ii) taking action against the Debtors to collect money owed to creditors or to take property of the Debtors, (iii) terminating or changing the terms of existing contracts or agreements, and (iv) starting or continuing foreclosure actions or repossessions. A creditor who is considering taking action against the Debtors or the Debtors' property should review section 362 of the Bankruptcy Code and may wish to seek legal advice. The staff of the Bankruptcy Court's Clerk's Office cannot give legal advice.

## FINAL HEARING TO CONSIDER APPROVAL
## OF POSTPETITION SENIOR SECURED FINANCING

3.      On the Commencement Date, the Debtors filed the "Motion of Debtors For Entry of Interim and Final Orders (i) Authorizing Debtors to (a) Obtain Postpetition Senior Secured Financing, (b) Utilize Cash Collateral, (c) Grant Priming Liens, Priority Liens, and Superpriority Claims to DIP Lenders, and (d) Provide Adequate Protection to Prepetition Secured Parties, (ii) Scheduling a Final Hearing, and (iii) Granting Related Relief" (the "DIP Motion"). The Bankruptcy Court has entered an order granting the relief requested in the DIP Motion on an interim basis (the "Interim DIP Order"). Copies of the DIP Motion and the Interim DIP Order are on file with the Clerk of the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, where they are available for review weekdays between the hours of 8:00 a.m. and 4:00 p.m. (prevailing Eastern Time). Copies of the DIP Motion are also available free of charge on the website of GCG, at http://www.xeriuminfo.com, or for a fee on the Bankruptcy Court's website at http://www.deb.uscourts.gov (password is required).

**Final Hearing**

4      A final hearing to consider the DIP Motion (the "Final DIP Hearing") will be held before the Honorable _____, United States Bankruptcy Judge, in Room [_] of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, [_] Floor, Wilmington, Delaware 19801, on **April [__], 2010 at [__:__ __.]m. (Eastern Daylight Time)** or as soon thereafter as counsel may be heard. The Final DIP Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Final DIP Hearing and will be available on the electronic case filing docket.

**Objection Deadline and Procedures**

5.      Any objections to the DIP Motion must (i) be in writing, (ii) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, (iii) set forth the name of the objector, (iv) state with particularity the legal and factual bases for such objection, and (v) be filed with the Clerk of the Bankruptcy Court together with proof of service thereof, and served on the following parties (the "DIP Notice Parties") **so as to be actually received no**

later than 4:00 p.m. (Eastern Daylight Time) on April [__], 2010 (Eastern Daylight Time) (the "**DIP Objection Deadline**"): (a) Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Attn: Sharon J. Richardson, Esq. and Zachary Smith, Esq.), co-attorneys for the Debtors, (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq. and Jason M. Madron, Esq.), co-attorneys for the Debtors, (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Jane M. Leamy, Esq.), (d) Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, NY 10112 (Attn: Howard Seife, Esq. and Andrew Rosenblatt, Esq.), co-attorneys for Citicorp North America, Inc., as administrative agent for the Debtors' prepetition secured lenders, and (e) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, DE 19899 (Attn: Joel A. Waite, Esq.) co-attorneys for Citicorp North America, Inc., as administrative agent for the Debtors' prepetition secured lenders. **OBJECTIONS NOT TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE MAY NOT BE CONSIDERED AND MAY BE OVERRULED BY THE BANKRUPTCY COURT.**

6. Any replies to objections to the DIP Motion received on or before the DIP Objection Deadline shall be filed with the Court and served on the DIP Notice Parties and the respective objectors **so as to be actually received no later than 4:00 p.m. (Eastern Daylight Time), on April [__], 2010**.

## PROPOSED PREPACKAGED PLAN OF REORGANIZATION

7. Prior to the Commencement Date, the Debtors solicited votes to accept or reject a proposed joint prepackaged plan of reorganization under chapter 11 of the Bankruptcy Code. On the Commencement Date, the Debtors filed the Debtors' Amended Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated March 30, 2010 (the "Plan"),[2] a proposed disclosure statement, dated March 2, 2010 and supplement thereto, dated March 8, 2010 pursuant to sections 1125 and 1126(b) of the Bankruptcy Code (together, the "Disclosure Statement"), and a Plan Supplement. Copies of the Plan, Disclosure Statement, and Plan Supplement are on file with the Clerk of the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, where they are available for review weekdays between the hours of 8:00 a.m. and 4:00 p.m. (prevailing Eastern time). Copies of the Plan, Disclosure Statement, and Plan Supplement are also available free of charge on the website of the Debtors' noticing agent, The Garden City Group, Inc. ("GCG"), at http://www.xeriuminfo.com, or for a fee on the Bankruptcy Court's website at http://www.deb.uscourts.gov (password is required). Copies of the Plan, Disclosure Statement, and Plan Supplement may also be obtained free of charge by contacting GCG at: Xerium Technologies, Inc., c/o The Garden City Group, Inc., PO Box 9572, Dublin, Ohio 43017-4872; telephone U.S. and Canada: 1-866-249-8108 (toll-free) or International: +1-614-553-1930

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

## Summary of the Plan

8.      Under the Plan, the Debtors will consummate a comprehensive financial restructuring of the Debtors' capital structure to reduce the Debtors' leverage and enhance their long-term growth and competitive position.  Among other things, the Plan provides that approximately $620 million of pre-chapter 11 debt will be exchanged for approximately $10 million in cash, $410 million in new second-lien Term Loans maturing in 2015, and approximately 82.6% of the common stock of Reorganized Xerium.  Under the Plan, all other claims will be rendered unimpaired and shareholders will receive approximately 17.4% of the common stock of Reorganized Xerium and New Warrants to purchase up to an additional 10% of the common stock outstanding on the Effective Date.  Under the Plan, the Debtors' postpetition financing facility will be converted into the first-lien Exit Facility on the Effective Date.  The following chart summarizes the treatment and distribution provided under the Plan to each class of claims against or equity interests in the Debtors.[3]

| Class | Description | Treatment | Entitled to Vote | Estimated Recovery |
|-------|-------------|-----------|------------------|--------------------|
| 1 | Priority Non-Tax Claims | Unimpaired.  Except to the extent that a holder of an Allowed Priority Non-Tax Claim agrees to a less favorable treatment, on the latest of (a) the Effective Date, (b) the date on which such Priority Non-Tax Claim is Allowed, and (c) the date on which such Allowed Priority Non-Tax Claim is due and payable in the ordinary course of business under any agreement or understanding between the applicable Debtor and the holder of such Claim, or, in each case, as soon as practicable thereafter, each Allowed Priority Non-Tax Claim shall be paid in Cash in an amount equal to the Allowed amount of such Claim, together with postpetition interest to the extent required to render such Claim unimpaired. | No (presumed to accept) | 100% |
| 2 | Shared Collateral Claims | Impaired.  Except to the extent that a holder of an Allowed Shared Collateral Claim agrees to a less favorable treatment, on the Effective Date or as soon as practicable thereafter, each holder of an Allowed Shared Collateral Claim shall receive (a) its Distributable Share of (i) Cash in an amount equal to $10,000,000, (ii) the Term Notes, and (iii) 82.6% of the shares of New Common Stock to be issued on the Effective Date (subject to dilution by equity incentive awards to be granted under the New Management Incentive Plan on or after the Effective Date and the exercise of the New Warrants) and (b) Cash in an | Yes | 100% |

---

[3] The statements and summaries contained herein are summaries of the provisions contained in the and do not purport to be precise or complete statement of all the terms and provisions of the Plan or documents referred to therein.  In the event of any inconsistencies, the provisions of the Plan control.  For a more detailed description of the Plan, please refer to the Disclosure Statement and the Plan itself.  Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

| Class | Description | Treatment | Entitled to Vote | Estimated Recovery |
|-------|-------------|-----------|------------------|--------------------|
| | | amount equal to (i) the unpaid interest on the principal amount of such holder's Allowed Credit Facility Claim or Allowed Secured Swap Termination Claim, as the case may be, accrued through the date immediately prior to the Effective Date at the rate set forth in section 4 of the Fourth Credit Facility Waiver, with respect to Allowed Credit Facility Claims, and at the rate set forth in section 3(a) of the Secured Swap Termination Agreement, with respect to Allowed Secured Swap Termination Claims <u>less</u> (ii) any amounts paid to such holder during the Reorganization Cases, as adequate protection or otherwise | | |
| 3 | Other Secured Claims | Unimpaired. Except to the extent that a holder of an Allowed Other Secured Claim agrees to a less favorable treatment, on the Effective Date, or as soon as practicable thereafter, each Allowed Other Secured Claim shall be, at the option of the Debtors or Reorganized Debtors, as applicable, (a) reinstated and rendered unimpaired in accordance with section 1124 of the Bankruptcy Code, (b) paid in full, in Cash, together with postpetition interest to the extent required to render such Claim unimpaired, (c) satisfied by the surrender of the Collateral securing such Claim, or (d) otherwise rendered unimpaired in accordance with section 1124 of the Bankruptcy Code, notwithstanding any contractual provision or applicable nonbankruptcy law that entitles the holder of an Allowed Other Secured Claim to demand or receive payment of such Claim prior to its stated maturity from and after the occurrence of default. Notwithstanding the foregoing, the Allowed Deferred Waiver Claim shall be paid by the Debtors or the Reorganized Debtors, as applicable, in full, in Cash, on the Effective Date, together with postpetition interest at the rate set forth in section 4 of the First Credit Facility Waiver, to the Administrative Agent and the Administrative Agent shall thereafter distribute such Cash to the applicable lender under the Credit Facility. | No (presumed to accept) | 100% |
| 4 | General Unsecured Claims | Unimpaired. Except to the extent that a holder of an Allowed General Unsecured Claim agrees to a less favorable treatment, on the latest of (a) the Effective Date, (b) the date on which such General Unsecured Claim is Allowed, and (c) the date on which such General Unsecured Claim is due and payable in the ordinary course of business under any agreement or understanding between the applicable Debtor and the holder of such Claim, or, in each case, as soon as practicable thereafter, each Allowed General Unsecured Claim shall, at the Reorganized Debtors' option, (i) be paid in full, in Cash, together with | No (presumed to accept) | 100% |

| Class | Description | Treatment | Entitled to Vote | Estimated Recovery |
|---|---|---|---|---|
| | | postpetition interest to the extent required to render such claim unimpaired or (ii) otherwise be rendered unimpaired in accordance with section 1124 of the Bankruptcy Code. | | |
| 5 | Unsecured Swap Termination Claims | Impaired. Except to the extent that a holder of an Allowed Unsecured Swap Termination Claim agrees to a less favorable treatment, on the Effective Date or as soon as thereafter practicable, each holder of an Allowed Unsecured Swap Claim shall receive its (a) Distributable Share of (i) Cash in an amount equal to $10,000,000, (ii) the Term Notes, and (iii) 82.6 % of the shares of New Common Stock to be issued on the Effective Date (subject to dilution by equity incentive awards to be granted under the New Management Incentive Plan on or after the Effective Date and the exercise of the New Warrants) and (b) Pro Rata Share of Cash in an amount equal to the Unsecured Swap Termination Interest Component. | Yes | 100% |
| 6 | Intercompany Claims | Unimpaired. On the Effective Date or as soon as practicable thereafter, all Allowed Intercompany Claims shall either be reinstated to the extent determined to be appropriate by the Reorganized Debtors or adjusted, continued or capitalized, either directly or indirectly, in whole or in part. | No (presumed to accept) | 100% |
| 7 | Equity Interests in Subsidiary Debtors | Unimpaired. On the Effective Date, all Allowed Equity Interests in the Subsidiary Debtors shall be reinstated and rendered unimpaired in accordance with section 1124 of the Bankruptcy Code. | No (presumed to accept) | 100% |
| 8 | Equity Interests in Xerium | Impaired. On the Effective Date, the Existing Common Stock shall be canceled and each holder of an Allowed Equity Interest in Class 8 shall receive its Pro Rata Share of (a) a number of shares of New Common Stock that is equal to the difference between (i) 17.4% of the shares of New Common Stock to be issued on the Effective Date pursuant to Section 5.2(a)(ii) of the Plan and (ii) the number of shares of New Common Stock to be reserved pursuant to Section 5.2(a)(iii) of the Plan and (b) New Warrants to purchase up to 10% of the issued and outstanding shares of New Common Stock as of the Effective Date (on a fully diluted basis). | No (deemed to reject) | |

## Executory Contracts and Unexpired Leases

9.  Under the Plan, all executory contracts and unexpired leases identified in Exhibit E to the Plan (or in any amendment to Exhibit E that may be included in the Plan Supplement) will be rejected, effective as of the date identified in such Exhibit E (or amendment thereto). All other executory contracts and unexpired leases will be (a) assumed under the Plan or (b) assumed or rejected in accordance with the disposition of any motion to assume or reject

that is pending on the Confirmation Date. Entry of the Confirmation Order by the Clerk of the Bankruptcy Court will constitute an order of the Bankruptcy Court under sections 365 and 1123(b) of the Bankruptcy Code approving such contract and lease assumptions and rejections pursuant to the Plan and determining that, with respect to assumptions pursuant to the Plan, that "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) by the Reorganized Debtors has been demonstrated and no further adequate assurance is required.

**Discharge of the Debtors**

10. **Scope**. Except to the extent otherwise provided in the Plan, the rights afforded in the Plan and the treatment of all Claims against, or Equity Interests in, the Debtors under the Plan shall be in exchange for and in complete satisfaction, discharge and release of all Claims against, and Equity Interests in, the Debtors of any nature whatsoever, known or unknown, including without limitation, any interest accrued or expenses incurred thereon from and after the Commencement Date, or against their estates, the Reorganized Debtors, or their properties or interests in property. Except as otherwise provided in the Plan, upon the Effective Date, all Claims against, and Equity Interests in, the Debtors shall be satisfied, discharged, and released in full exchange for the consideration, if any, provided under the Plan. Except as otherwise provided in the Plan, all Entities shall be precluded from asserting against the Debtors, the Reorganized Debtors, or their respective properties or interests in property, any other Claims based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date.

11. **Statutory Injunction**. In accordance with section 524 of the Bankruptcy Code, the discharge provided by the Plan and section 1141 of the Bankruptcy Code, among other things, acts as an injunction against the commencement or continuation of any action, employment of process, or an act, to collect, recover or offset the claims discharged upon confirmation of the Plan.

**Exculpation**

The Debtors, the Reorganized Debtors, the Administrative Agent, the lender parties to the Credit Facility, the administrative agent under the DIP Facility, the lender parties to the DIP Facility, Deutsche Bank AG, Merrill Lynch Capital Services, Inc., the members of the Secured Lender Ad Hoc Working Group, and their respective principals, members, partners, officers, directors, employees, agents, managers, representatives, advisors, attorneys, accountants, and professionals shall neither have nor incur any liability to any Entity for any act taken or omitted to be taken in connection with, or arising out of, the Reorganization Cases, the negotiation, formulation, dissemination, confirmation, consummation, or administration of the Plan, or property to be distributed under the Plan, or any other act or omission in connection with the Reorganization Cases, the Plan, the Disclosure Statement, or any contract, instrument, or other agreement or document related thereto or delivered thereunder, or any act taken or omitted to be taken in connection with the restructuring of the Debtors; provided, however, that the foregoing shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined by a Final Order to have constituted willful misconduct or gross negligence.

## COMBINED HEARING TO CONSIDER APPROVAL OF
## DISCLOSURE STATEMENT, SOLICITATION PROCEDURES,
## AND CONFIRMATION OF THE PLAN

12. A combined hearing to consider (i) approval of the Disclosure Statement pursuant to sections 1125 and 1126(b) of the Bankruptcy Code and the prepetition solicitation of votes on the Plan and (ii) confirmation of the Plan and any proposed amendments or modifications to the Plan ((i) and (ii), the "Combined Hearing") will be held before the Honorable _____, United States Bankruptcy Judge, in Room [_] of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, [_] Floor, Wilmington, Delaware 19801, on **May [_], 2010 at [_]:[_] [_].m. (Eastern Daylight Time)** or as soon thereafter as counsel may be heard. The Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Combined Hearing and will be available on the electronic case filing docket.

**Objection Deadline and Procedures**

13. Any objections to the approval of the Disclosure Statement, the Solicitation Procedures, the Ballots, confirmation of the Plan, and any proposed amendments or modifications to the Plan shall (i) be in writing, (ii) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, (iii) set forth the name of the objector, the nature and amount of any claim or interest asserted by the objector against the estate or property of the Debtors, (iv) state with particularity the legal and factual bases for such objection, and, if practicable, provide a proposed modification to the Plan that would resolve such objection, and (v) be filed with the Clerk of the Bankruptcy Court together with proof of service thereof, and served on the following parties **so as to be actually received** no later than [_]:[_] [_].m. **(Eastern Daylight Time) on May [_], 2010 (the "Objection Deadline"):** (a) Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq. and Sharon J. Richardson, Esq.), co-attorneys for the Debtors, (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq. and Jason M. Madron, Esq.), co-attorneys for the Debtors, (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Jane M. Leamy, Esq.), (d) Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, NY 10112 (Attn: Howard Seife, Esq. and Andrew Rosenblatt, Esq.), co-attorneys for Citicorp North America, Inc., as administrative agent for the Debtors' prepetition secured lenders, and (e) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, DE 19899 (Attn: Joel A. Waite, Esq.), co-attorneys for Citicorp North America, Inc., as administrative agent for the Debtors' prepetition secured lenders (the "Notice Parties"). **OBJECTIONS NOT TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE MAY NOT BE CONSIDERED AND MAY BE OVERRULED BY THE BANKRUPTCY COURT.**

14. Any replies to objections to the Disclosure Statement, the Solicitation Procedures, the Ballots, or confirmation of the Plan received on or before the Objection Deadline shall be filed with the Court and served on the Notice Parties and the respective objectors **so as to be actually received** no later than **4:00 p.m. (Eastern Daylight Time), on May [_], 2010.**

-8-

Dated: _____, 2010
        Wilmington, Delaware          **BY ORDER OF THE COURT**


RICHARDS, LAYTON & FINGER, P.A.     CADWALADER, WICKERSHAM & TAFT LLP
One Rodney Square                   One World Financial Center
920 North King Street               New York, New York 10281
Wilmington, Delaware 19801          Telephone: (212) 504-6000
Telephone: (302) 651-7700           Facsimile: (212) 504-6666
Facsimile: (302) 651-7701

Proposed Co-Attorneys for Debtors
and Debtors in Possession

# EXHIBIT B

**Combined Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------------x
```

In re

XERIUM TECHNOLOGIES, INC., et al.,[1]

               Debtors.

```
------------------------------------------------------------------------x
```

:     Chapter 11

:     Case No. 10-_____ ( )

:     Jointly Administered

## NOTICE OF (I) COMMENCEMENT OF CHAPTER 11 CASES, (II) FINAL HEARING TO CONSIDER APPROVAL OF DEBTORS' POSTPETITION SENIOR SECURED FINANCING AND USE OF CASH COLLATERAL AND DEADLINE FOR OBJECTIONS THERETO, (III) COMBINED HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT, SOLICITATION PROCEDURES, AND CONFIRMATION OF DEBTORS' PREPACKAGED PLAN OF REORGANIZATION AND DEADLINES TO OBJECT THERETO, AND (IV) ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO DEBTORS' JOINT PREPACKAGED PLAN OF REORGANIZATION

**NOTICE IS HEREBY GIVEN** as follows:

### COMMENCEMENT OF THE CHAPTER 11 REORGANIZATION CASES

      1.     On March 30, 2010 (the "Commencement Date"), Xerium Technologies Inc. ("Xerium") and certain of its affiliates identified below (collectively, the "Debtors"), filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

---

[1] The Debtors in these chapter 11 cases (along with the last four digits of each Debtor's federal tax identification number or its foreign equivalent) are: Xerium Technologies, Inc. (8674), Huyck Licensco Inc. (0434), Stowe Woodward Licensco LLC (4459), Stowe Woodward LLC (4102), Wangner Itelpa I LLC (3561), Wangner Itelpa II LLC (3562), Weavexx, LLC (7969), Xerium Asia, LLC (3367), Xerium III (US) Limited (4460), Xerium IV (US) Limited (4461), Xerium V (US) Limited (4462), XTI LLC (6754), Xerium Canada Inc. (0003), Huyck Wangner Austria GmbH (0323), Xerium Germany Holding GmbH (3219), and Xerium Italia S.p.A. (0150). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 8537 Six Forks Road, Suite 300, Raleigh, North Carolina 27615.

## CREDITORS MAY NOT TAKE CERTAIN ACTIONS

2.      The filing of the chapter 11 reorganization cases automatically stays certain collection and other actions against the Debtors and the Debtors' property. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Common examples of prohibited actions include (i) contacting the Debtors to demand repayment, (ii) taking action against the Debtors to collect money owed to creditors or to take property of the Debtors, (iii) terminating or changing the terms of existing contracts or agreements, and (iv) starting or continuing foreclosure actions or repossessions. A creditor who is considering taking action against the Debtors or the Debtors' property should review section 362 of the Bankruptcy Code and may wish to seek legal advice. The staff of the Bankruptcy Court's Clerk's Office cannot give legal advice.

## FINAL HEARING TO CONSIDER APPROVAL
## OF POSTPETITION SENIOR SECURED FINANCING

3.      On the Commencement Date, the Debtors filed the "Motion of Debtors For Entry of Interim and Final Orders (i) Authorizing Debtors to (a) Obtain Postpetition Senior Secured Financing, (b) Utilize Cash Collateral, (c) Grant Priming Liens, Priority Liens, and Superpriority Claims to DIP Lenders, and (d) Provide Adequate Protection to Prepetition Secured Parties, (ii) Scheduling a Final Hearing, and (iii) Granting Related Relief" (the "DIP Motion"). The Bankruptcy Court has entered an order granting the relief requested in the DIP Motion on an interim basis (the "Interim DIP Order"). Copies of the DIP Motion and the Interim DIP Order are on file with the Clerk of the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, where they are available for review weekdays between the hours of 8:00 a.m. and 4:00 p.m. (prevailing Eastern Time). Copies of the DIP Motion are also available free of charge on the website of GCG, at http://www.xeriuminfo.com, or for a fee on the Bankruptcy Court's website at http://www.deb.uscourts.gov (password is required).

**Final Hearing**

4.      A final hearing to consider the DIP Motion (the "Final DIP Hearing") will be held before the Honorable _____, United States Bankruptcy Judge, in Room [_] of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, [_] Floor, Wilmington, Delaware 19801, on **April [__], 2010 at [__:__ __].m. (Eastern Daylight Time)** or as soon thereafter as counsel may be heard. The Final DIP Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Final DIP Hearing and will be available on the electronic case filing docket.

**Objection Deadline and Procedures**

5.      Any objections to the DIP Motion must (i) be in writing, (ii) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, (iii) set forth the name of the objector, (iv) state with particularity the legal and factual bases for such objection, and (v) be filed with the Clerk of the Bankruptcy Court together with proof of service thereof, and served on the following parties (the "DIP Notice Parties") **so as to be actually received no**

later than 4:00 p.m. (Eastern Daylight Time) on April [__], 2010 (Eastern Daylight Time) (the "**DIP Objection Deadline**"): (a) Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Attn: Sharon J. Richardson, Esq. and Zachary Smith, Esq.), co-attorneys for the Debtors, (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq. and Jason M. Madron, Esq.), co-attorneys for the Debtors, (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Jane M. Leamy, Esq.), (d) Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, NY 10112 (Attn: Howard Seife, Esq. and Andrew Rosenblatt, Esq.), co-attorneys for Citicorp North America, Inc., as administrative agent for the Debtors' prepetition secured lenders, and (e) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, DE 19899 (Attn: Joel A. Waite, Esq.) co-attorneys for Citicorp North America, Inc., as administrative agent for the Debtors' prepetition secured lenders. **OBJECTIONS NOT TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE MAY NOT BE CONSIDERED AND MAY BE OVERRULED BY THE BANKRUPTCY COURT.**

6.      Any replies to objections to the DIP Motion received on or before the DIP Objection Deadline shall be filed with the Court and served on the DIP Notice Parties and the respective objectors **so as to be actually received no later than 4:00 p.m. (Eastern Daylight Time), on April [__], 2010.**

## PROPOSED PREPACKAGED PLAN OF REORGANIZATION

7.      Prior to the Commencement Date, the Debtors solicited votes to accept or reject a proposed joint prepackaged plan of reorganization under chapter 11 of the Bankruptcy Code. On the Commencement Date, the Debtors filed the Debtors' Amended Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated March 30, 2010 (the "Plan"),[2] a proposed disclosure statement, dated March 2, 2010 and supplement thereto, dated March 8, 2010 pursuant to sections 1125 and 1126(b) of the Bankruptcy Code (together, the "Disclosure Statement"), and a Plan Supplement. Copies of the Plan, Disclosure Statement, and Plan Supplement are on file with the Clerk of the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, where they are available for review weekdays between the hours of 8:00 a.m. and 4:00 p.m. (prevailing Eastern time). Copies of the Plan, Disclosure Statement, and Plan Supplement are also available free of charge on the website of the Debtors' noticing agent, The Garden City Group, Inc. ("GCG"), at http://www.xeriuminfo.com, or for a fee on the Bankruptcy Court's website at http://www.deb.uscourts.gov (password is required). Copies of the Plan, Disclosure Statement, and Plan Supplement may also be obtained free of charge by contacting GCG at: Xerium Technologies, Inc., c/o The Garden City Group, Inc., PO Box 9572, Dublin, Ohio 43017-4872; telephone U.S. and Canada: 1-866-249-8108 (toll-free) or International: +1-614-553-1930

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

**Summary of the Plan**

8.    Under the Plan, the Debtors will consummate a comprehensive financial restructuring of the Debtors' capital structure to reduce the Debtors' leverage and enhance their long-term growth and competitive position. Among other things, the Plan provides that approximately $620 million of pre-chapter 11 debt will be exchanged for approximately $10 million in cash, $410 million in new second-lien Term Loans maturing in 2015, and approximately 82.6% of the common stock of Reorganized Xerium. Under the Plan, all other claims will be rendered unimpaired and shareholders will receive approximately 17.4% of the common stock of Reorganized Xerium and New Warrants to purchase up to an additional 10% of the common stock outstanding on the Effective Date. Under the Plan, the Debtors' postpetition financing facility will be converted into the first-lien Exit Facility on the Effective Date. The following chart summarizes the treatment and distribution provided under the Plan to each class of claims against or equity interests in the Debtors.[3]

| Class | Description | Treatment | Entitled to Vote | Estimated Recovery |
|-------|-------------|-----------|------------------|--------------------|
| 1 | Priority Non-Tax Claims | Unimpaired. Except to the extent that a holder of an Allowed Priority Non-Tax Claim agrees to a less favorable treatment, on the latest of (a) the Effective Date, (b) the date on which such Priority Non-Tax Claim is Allowed, and (c) the date on which such Allowed Priority Non-Tax Claim is due and payable in the ordinary course of business under any agreement or understanding between the applicable Debtor and the holder of such Claim, or, in each case, as soon as practicable thereafter, each Allowed Priority Non-Tax Claim shall be paid in Cash in an amount equal to the Allowed amount of such Claim, together with postpetition interest to the extent required to render such Claim unimpaired. | No (presumed to accept) | 100% |
| 2 | Shared Collateral Claims | Impaired. Except to the extent that a holder of an Allowed Shared Collateral Claim agrees to a less favorable treatment, on the Effective Date or as soon as practicable thereafter, each holder of an Allowed Shared Collateral Claim shall receive (a) its Distributable Share of (i) Cash in an amount equal to $10,000,000, (ii) the Term Notes, and (iii) 82.6% of the shares of New Common Stock to be issued on the Effective Date (subject to dilution by equity incentive awards to be granted under the New Management Incentive Plan on or after the Effective Date and the exercise of the New Warrants) and (b) Cash in an | Yes | 100% |

---

[3] The statements and summaries contained herein are summaries of the provisions contained in the and do not purport to be precise or complete statement of all the terms and provisions of the Plan or documents referred to therein. In the event of any inconsistencies, the provisions of the Plan control. For a more detailed description of the Plan, please refer to the Disclosure Statement and the Plan itself. Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

| Class | Description | Treatment | Entitled to Vote | Estimated Recovery |
|-------|-------------|-----------|------------------|--------------------|
| | | amount equal to (i) the unpaid interest on the principal | | |
| | | amount of such holder's Allowed Credit Facility Claim or Allowed Secured Swap Termination Claim, as the case may be, accrued through the date immediately prior to the Effective Date at the rate set forth in section 4 of the Fourth Credit Facility Waiver, with respect to Allowed Credit Facility Claims, and at the rate set forth in section 3(a) of the Secured Swap Termination Agreement, with respect to Allowed Secured Swap Termination Claims <u>less</u> (ii) any amounts paid to such holder during the Reorganization Cases, as adequate protection or otherwise. | | |
| 3 | Other Secured Claims | Unimpaired   Except to the extent that a holder of an Allowed Other Secured Claim agrees to a less favorable treatment, on the Effective Date, or as soon as practicable thereafter, each Allowed Other Secured Claim shall be, at the option of the Debtors or Reorganized Debtors, as applicable, (a) reinstated and rendered unimpaired in accordance with section 1124 of the Bankruptcy Code, (b) paid in full, in Cash, together with postpetition interest to the extent required to render such Claim unimpaired, (c) satisfied by the surrender of the Collateral securing such Claim, or (d) otherwise rendered unimpaired in accordance with section 1124 of the Bankruptcy Code, notwithstanding any contractual provision or applicable nonbankruptcy law that entitles the holder of an Allowed Other Secured Claim to demand or receive payment of such Claim prior to its stated maturity from and after the occurrence of default. Notwithstanding the foregoing, the Allowed Deferred Waiver Claim shall be paid by the Debtors or the Reorganized Debtors, as applicable, in full, in Cash, on the Effective Date, together with postpetition interest at the rate set forth in section 4 of the First Credit Facility Waiver, to the Administrative Agent and the Administrative Agent shall thereafter distribute such Cash to the applicable lender under the Credit Facility | No (presumed to accept) | 100% |
| 4 | General Unsecured Claims | Unimpaired   Except to the extent that a holder of an Allowed General Unsecured Claim agrees to a less favorable treatment, on the latest of (a) the Effective Date, (b) the date on which such General Unsecured Claim is Allowed, and (c) the date on which such General Unsecured Claim is due and payable in the ordinary course of business under any agreement or understanding between the applicable Debtor and the holder of such Claim, or, in each case, as soon as practicable thereafter, each Allowed General Unsecured Claim shall, at the Reorganized Debtors' option, (i) be paid in full, in Cash, together with | No (presumed to accept) | 100% |

RLF1 3555158v 1

| Class | Description | Treatment | Entitled to Vote | Estimated Recovery |
|-------|-------------|-----------|------------------|--------------------|
|  |  | postpetition interest to the extent required to render such claim unimpaired or (ii) otherwise be rendered unimpaired in accordance with section 1124 of the Bankruptcy Code. |  |  |
| 5 | Unsecured Swap Termination Claims | Impaired. Except to the extent that a holder of an Allowed Unsecured Swap Termination Claim agrees to a less favorable treatment, on the Effective Date or as soon as thereafter practicable, each holder of an Allowed Unsecured Swap Claim shall receive its (a) Distributable Share of (i) Cash in an amount equal to $10,000,000, (ii) the Term Notes, and (iii) 82.6 % of the shares of New Common Stock to be issued on the Effective Date (subject to dilution by equity incentive awards to be granted under the New Management Incentive Plan on or after the Effective Date and the exercise of the New Warrants) and (b) Pro Rata Share of Cash in an amount equal to the Unsecured Swap Termination Interest Component. | Yes | 100% |
| 6 | Intercompany Claims | Unimpaired. On the Effective Date or as soon as practicable thereafter, all Allowed Intercompany Claims shall either be reinstated to the extent determined to be appropriate by the Reorganized Debtors or adjusted, continued or capitalized, either directly or indirectly, in whole or in part. | No (presumed to accept) | 100% |
| 7 | Equity Interests in Subsidiary Debtors | Unimpaired. On the Effective Date, all Allowed Equity Interests in the Subsidiary Debtors shall be reinstated and rendered unimpaired in accordance with section 1124 of the Bankruptcy Code. | No (presumed to accept) | 100% |
| 8 | Equity Interests in Xerium | Impaired. On the Effective Date, the Existing Common Stock shall be canceled and each holder of an Allowed Equity Interest in Class 8 shall receive its Pro Rata Share of (a) a number of shares of New Common Stock that is equal to the difference between (i) 17.4% of the shares of New Common Stock to be issued on the Effective Date pursuant to Section 5.2(a)(ii) of the Plan and (ii) the number of shares of New Common Stock to be reserved pursuant to Section 5.2(a)(iii) of the Plan and (b) New Warrants to purchase up to 10% of the issued and outstanding shares of New Common Stock as of the Effective Date (on a fully diluted basis). | No (deemed to reject) |  |

**Executory Contracts and Unexpired Leases**

9.     Under the Plan, all executory contracts and unexpired leases identified in Exhibit E to the Plan (or in any amendment to Exhibit E that may be included in the Plan Supplement) will be rejected, effective as of the date identified in such Exhibit E (or amendment thereto). All other executory contracts and unexpired leases will be (a) assumed under the Plan or (b) assumed or rejected in accordance with the disposition of any motion to assume or reject

that is pending on the Confirmation Date. Entry of the Confirmation Order by the Clerk of the Bankruptcy Court will constitute an order of the Bankruptcy Court under sections 365 and 1123(b) of the Bankruptcy Code approving such contract and lease assumptions and rejections pursuant to the Plan and determining that, with respect to assumptions pursuant to the Plan, that "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) by the Reorganized Debtors has been demonstrated and no further adequate assurance is required.

**Discharge of the Debtors**

10.  **Scope.** Except to the extent otherwise provided in the Plan, the rights afforded in the Plan and the treatment of all Claims against, or Equity Interests in, the Debtors under the Plan shall be in exchange for and in complete satisfaction, discharge and release of all Claims against, and Equity Interests in, the Debtors of any nature whatsoever, known or unknown, including without limitation, any interest accrued or expenses incurred thereon from and after the Commencement Date, or against their estates, the Reorganized Debtors, or their properties or interests in property. Except as otherwise provided in the Plan, upon the Effective Date, all Claims against, and Equity Interests in, the Debtors shall be satisfied, discharged, and released in full exchange for the consideration, if any, provided under the Plan. Except as otherwise provided in the Plan, all Entities shall be precluded from asserting against the Debtors, the Reorganized Debtors, or their respective properties or interests in property, any other Claims based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date.

11.  **Statutory Injunction.** In accordance with section 524 of the Bankruptcy Code, the discharge provided by the Plan and section 1141 of the Bankruptcy Code, among other things, acts as an injunction against the commencement or continuation of any action, employment of process, or an act, to collect, recover or offset the claims discharged upon confirmation of the Plan.

**Exculpation**

The Debtors, the Reorganized Debtors, the Administrative Agent, the lender parties to the Credit Facility, the administrative agent under the DIP Facility, the lender parties to the DIP Facility, Deutsche Bank AG, Merrill Lynch Capital Services, Inc., the members of the Secured Lender Ad Hoc Working Group, and their respective principals, members, partners, officers, directors, employees, agents, managers, representatives, advisors, attorneys, accountants, and professionals shall neither have nor incur any liability to any Entity for any act taken or omitted to be taken in connection with, or arising out of, the Reorganization Cases, the negotiation, formulation, dissemination, confirmation, consummation, or administration of the Plan, or property to be distributed under the Plan, or any other act or omission in connection with the Reorganization Cases, the Plan, the Disclosure Statement, or any contract, instrument, or other agreement or document related thereto or delivered thereunder, or any act taken or omitted to be taken in connection with the restructuring of the Debtors; provided, however, that the foregoing shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined by a Final Order to have constituted willful misconduct or gross negligence.

-7-

## COMBINED HEARING TO CONSIDER APPROVAL OF
## DISCLOSURE STATEMENT, SOLICITATION PROCEDURES,
## AND CONFIRMATION OF THE PLAN

12. A combined hearing to consider (i) approval of the Disclosure Statement pursuant to sections 1125 and 1126(b) of the Bankruptcy Code and the prepetition solicitation of votes on the Plan and (ii) confirmation of the Plan and any proposed amendments or modifications to the Plan ((i) and (ii), the "Combined Hearing") will be held before the Honorable _____, United States Bankruptcy Judge, in Room [_] of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, [_] Floor, Wilmington, Delaware 19801, on **May [_], 2010 at [_]:[_] [_].m. (Eastern Daylight Time)** or as soon thereafter as counsel may be heard. The Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Combined Hearing and will be available on the electronic case filing docket.

### Objection Deadline and Procedures

13. Any objections to the approval of the Disclosure Statement, the Solicitation Procedures, the Ballots, confirmation of the Plan, and any proposed amendments or modifications to the Plan shall (i) be in writing, (ii) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, (iii) set forth the name of the objector, the nature and amount of any claim or interest asserted by the objector against the estate or property of the Debtors, (iv) state with particularity the legal and factual bases for such objection, and, if practicable, provide a proposed modification to the Plan that would resolve such objection, and (v) be filed with the Clerk of the Bankruptcy Court together with proof of service thereof, and served on the following parties **so as to be actually received no later than [_]:[_] [_].m. (Eastern Daylight Time) on May [__], 2010 (the "Objection Deadline"):** (a) Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq. and Sharon J. Richardson, Esq.), co-attorneys for the Debtors, (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq. and Jason M. Madron, Esq.), co-attorneys for the Debtors, (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Jane M. Leamy, Esq.), (d) Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, NY 10112 (Attn: Howard Seife, Esq. and Andrew Rosenblatt, Esq.), co-attorneys for Citicorp North America, Inc., as administrative agent for the Debtors' prepetition secured lenders, and (e) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, DE 19899 (Attn: Joel A. Waite, Esq.), co-attorneys for Citicorp North America, Inc., as administrative agent for the Debtors' prepetition secured lenders (the "Notice Parties"). **OBJECTIONS NOT TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE MAY NOT BE CONSIDERED AND MAY BE OVERRULED BY THE BANKRUPTCY COURT.**

14. Any replies to objections to the Disclosure Statement, the Solicitation Procedures, the Ballots, or confirmation of the Plan received on or before the Objection Deadline shall be filed with the Court and served on the Notice Parties and the respective objectors **so as to be actually received no later than 4:00 p.m. (Eastern Daylight Time), on May [_], 2010.**

-8-

Dated: _____, 2010
        Wilmington, Delaware      **BY ORDER OF THE COURT**

RICHARDS, LAYTON & FINGER, P.A.    CADWALADER, WICKERSHAM & TAFT LLP
One Rodney Square                         One World Financial Center
920 North King Street                    New York, New York 10281
Wilmington, Delaware 19801            Telephone: (212) 504-6000
Telephone: (302) 651-7700              Facsimile: (212) 504-6666
Facsimile: (302) 651-7701

Proposed Co-Attorneys for Debtors
and Debtors in Possession