reasonable transaction related costs and expenses of Citi (including without limitation, the reasonable fees and disbursements of counsel) incurred in connection with the enforcement of any of its rights and remedies under this Commitment Letter.

**Section 7.  <u>Confidentiality</u>**. By accepting delivery of this Commitment Letter, the Company agrees that this Commitment Letter, the Fee Letter and any written communications provided by Citi in connection with the transactions contemplated hereby are for the Company's confidential use only and that neither the existence of this Commitment Letter and the Fee Letter nor their terms will be disclosed by the Company to any person other than the Company's affiliates and its and their respective officers, directors, employees, advisors, agents and representatives (the "**Company Representatives**"), and then only on a confidential and "need to know" basis in connection with the transactions contemplated hereby; <u>provided</u>, <u>however</u>, that the Company may (i) make such public disclosures of the terms and conditions of this Commitment Letter and the Fee Letter as the Company is required by law or compulsory legal process (in which case you agree to inform us promptly thereof), (ii) disclose the contents of this Commitment Letter (but not the Fee Letter) in connection with the filing of the Cases and the solicitation of the Plan of Reorganization, <u>provided,</u> further, however, that notwithstanding the foregoing, unless otherwise directed by the Court, the Company shall (x) file the Fee Letter with the Court under seal, and (y) provide, on a confidential basis, a copy of the Fee Letter to the Office of the United States Trustee for the District of Delaware prior to the commencement of the Cases, (iii) the information contained in Annex I to Moody's, S&P and Fitch, Inc.; <u>provided</u> that such information is supplied only on a customary basis after consultation with Citi; and (iv) in enforcing the Company's rights with respect to this Commitment Letter or the Fee Letter.  For the avoidance of doubt, in connection with the Company's preparation of any financial statements, cash flow statements, projections and other financial reports (collectively, "**Financial Information**"), the Company will not disclose the fees payable pursuant to the Fee Letter as a separate line item in any such Financial Information, but the amount of such fees may be included with other fees or amounts paid by the Company during the applicable period covered by such Financial Information.

**Section 8.  <u>Representations and Warranties of the Company</u>**.  The Company represents and warrants that (i) all information, other than Projections (as defined below), that has been or will hereafter be made available to Citi, any Lender or any potential Lender by the Company or any Company Representatives in connection with the transactions contemplated hereby (the "**Information**") is and will be complete and correct in all material respects and does not and will not contain any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements contained therein not misleading in light of the circumstances under which such statements were or are made and (ii) all financial projections, if any, that have been or will be prepared by the Company or any Company Representatives and made available to Citi, any Lender or any potential Lender (the "**Projections**") have been or will be prepared in good faith based upon assumptions that are or were reasonable as of the date of the preparation of such Projections (it being understood that the Projections are subject to significant uncertainties and contingencies, many of which are beyond the Company's control, and that no assurance can be given that the Projections will be realized).  If, at any time from the date hereof until the termination of this Commitment Letter, any of the representations and warranties in the preceding sentence would not be accurate and complete in any material respect if the Information or Projections were being furnished, and such representations and warranties were being made, at such time, then the Company agrees to its commercially reasonable efforts to promptly supplement the Information and/or Projections from time to time so that the representations and warranties contained in the preceding sentence would be remain accurate and complete in all material respects if the Information or Projections were being were being furnished, and such representations and warranties were being made, at such time.

In providing this Commitment Letter and in arranging the Facilities, Citi is relying on the accuracy of the Information furnished to it by or on behalf of the Company or any Company Representatives without independent verification thereof.

**Section 9.  No Third Party Reliance, Not a Fiduciary, Etc**.  The agreements of Citi hereunder and of any Lender that issues a commitment to provide financing under the Facilities are made solely for the benefit of the Company and may not be relied upon or enforced by any other person.  Please note that those matters that are not covered or made clear herein are subject to mutual agreement of the parties.  The Company may not assign or delegate any of its rights or obligations hereunder without Citi's prior written consent.  This Commitment Letter may not be amended or modified, or any provision hereof waived, except by a written agreement signed by all parties hereto.

The Company hereby acknowledges that Citi is acting pursuant to a contractual relationship on an arm's length basis, and the parties hereto do not intend that Citi act or be responsible as a fiduciary to the Company, its management, stockholders, creditors or any other person.  Each of the Company and Citi hereby expressly disclaims any fiduciary relationship and agrees they are each responsible for making their own independent judgments with respect to any transactions entered into between them.  The Company also hereby acknowledges that Citi has not advised and is not advising the Company as to any legal, accounting, regulatory or tax matters, and that the Company is consulting its own advisors concerning such matters to the extent it deems appropriate.

The Company understands that Citi and its affiliates (collectively, the "**Group**") are engaged in a wide range of financial services and businesses (including investment management, financing, securities trading, corporate and investment banking and research).  Members of the Group and businesses within the Group generally act independently of each other, both for their own account and for the account of clients.  Accordingly, there may be situations where parts of the Group and/or their clients either now have or may in the future have interests, or take actions, that may conflict with the Company's interests.  For example, the Group may, in the ordinary course of business, engage in trading in financial products or undertake other investment businesses for their own account or on behalf of other clients, including without limitation, trading in or holding long, short or derivative positions in securities, loans or other financial products of the Company or its affiliates or other entities connected with the Facilities or the transactions contemplated hereby.

In recognition of the foregoing, the Company agrees that the Group is not required to restrict its activities as a result of this Commitment Letter and that the Group may undertake any business activity without further consultation with or notification to the Company.  Neither this Commitment Letter nor the receipt by Citi of confidential information nor any other matter will give rise to any fiduciary, equitable or contractual duties (including without limitation, any duty of trust or confidence) that would prevent or restrict the Group from acting on behalf of other customers or for its own account.  Furthermore, the Company agrees that neither the Group nor any member or business of the Group is under a duty to disclose to the Company or use on behalf of the Company any information whatsoever about or derived from those activities or to account for any revenue or profits obtained in connection with such activities.  However, consistent with the Group's long-standing policy to hold in confidence the affairs of its customers, the Group will not use confidential information obtained from the Company except in connection with its services to, and its relationship with, the Company, provided however, that the Group will be free to disclose information in any manner as required by law, regulation, regulatory authority or other applicable judicial or government order.

**Section 10.  Governing Law, Etc**.  This Commitment Letter will be governed by, and construed in accordance with, the law of the State of New York.  This Commitment Letter sets forth the entire agreement

between the parties with respect to the matters addressed herein and supersedes all prior communications, written or oral, with respect hereto.  This Commitment Letter may be executed in any number of counterparts, each of which, when so executed, will be deemed to be an original and all of which, taken together, will constitute one and the same Commitment Letter.  Delivery of an executed counterpart of a signature page to this Commitment Letter by telecopier or electronic mail in portable document format (.pdf) will be as effective as delivery of an original executed counterpart of this Commitment Letter.

**Section 11.  Waiver of Jury Trial**.  Each party hereto irrevocably waives all right to trial by jury in any action, proceeding or counterclaim (whether based on contract, tort or otherwise) arising out of or relating to this Commitment Letter or the transactions contemplated hereby or the actions of the parties hereto in the negotiation, performance or enforcement hereof.

**Section 12.  Consent to Jurisdiction, Etc**.  The Company irrevocably and unconditionally (i) submits to the exclusive jurisdiction of any New York State or Federal court located in the City of New York over any suit, action or proceeding arising out of or relating to this Commitment Letter, (ii) accepts for itself and in respect of its property the jurisdiction of such courts, (iii) waives any objection to the laying of venue of any such suit, action or proceeding brought in any such courts and any claim that any such suit, action or proceeding has been brought in an inconvenient forum and (iv) consents to the service of any process, summons, notice or document in any such suit, action or proceeding by registered mail addressed to the Company at its address specified on the first page of this Commitment Letter.  A final judgment in any such suit, action or proceeding will be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.  Nothing herein will affect the right of Citi to serve legal process in any other manner permitted by law or affect Citi's right to bring any suit, action or proceeding against the Company or its property in the courts of other jurisdictions.  To the extent that the Company has or hereafter may acquire any immunity from jurisdiction of any court or from any legal process (whether through service or notice, attachment prior to judgment, attachment in aid of execution, execution or otherwise) with respect to itself or its property, the Company irrevocably waives such immunity in respect of its obligations under this Commitment Letter.

**Section 13.  Patriot Act Compliance**.  CGMI hereby notifies the Company that pursuant to the requirements of the USA PATRIOT ACT (Title III of Pub. L. 107-56 (signed into law October 26, 2001)) (the "**Patriot Act**"), it is required to obtain, verify and record information that identifies the Company, which information includes the name and address of the Company and other information that will allow CGMI to identify the Company in accordance with the Patriot Act.  In that connection, CGMI may also request corporate formation documents, or other forms of identification, to verify information provided.

Please indicate the Company's acceptance of the provisions hereof by signing the enclosed copy of this Commitment Letter and the Fee Letter and returning them to Caesar W. Wyszomirski, Authorized Signatory, Citigroup Global Markets Inc., 390 Greenwich Street, New York, New York  10013 (fax: (646) 328-3765) at or before 5 p.m. (New York City time) on February  27 , 2010, the time at which Citi's commitment and other obligations hereunder (if not so accepted prior thereto) will terminate.

[signature page follows]

If the Company elects to deliver this Commitment Letter by telecopier or electronic mail in portable document format (.pdf), please arrange for the executed original to follow by next-day courier.

Very truly yours,

CITIGROUP GLOBAL MARKETS INC.

By *Caesar W Wyszomirski*
Name: Caesar W. Wyszomirski
Title: Authorized Signatory

ACCEPTED AND AGREED
on _____, 2010:

XERIUM TECHNOLOGIES, INC.

By_____
   Name:
   Title:

*[Signature Page to Commitment Letter (Xerium)]*

If the Company elects to deliver this Commitment Letter by telecopier or electronic mail in portable document format (.pdf), please arrange for the executed original to follow by next-day courier.

Very truly yours,

CITIGROUP GLOBAL MARKETS INC.

By_____
Name: Caesar W. Wyszomirski
Title: Authorized Signatory

ACCEPTED AND AGREED
on *February 26* 2010:

XERIUM TECHNOLOGIES, INC.

By /s/ Stephen R. Light
Name: STEPHEN R. LIGHT
Title: CHAIRMAN, PRESIDENT + CEO

*[Signature Page to Commitment Letter (Xerium)]*

<u>Annex I</u>

Term Sheet