SEAL" and "DELAWARE;" and it shall otherwise be in the form approved by the board of directors. Such seal may be used by causing it, or a facsimile thereof, to be impressed or affixed or otherwise reproduced.

## ARTICLE X

## AMENDMENTS

SECTION 10.1.        In General. Any provision of these by-laws (except as provided in Section 10.2 hereof) may be altered, amended or repealed from time to time by the affirmative vote of a majority of the stock having voting power present in person or by proxy at any annual meeting of stockholders at which a quorum is present, or at any special meeting of stockholders at which a quorum is present, if notice of the proposed alteration, amendment or repeal be contained in the notice of such special meeting, or by the affirmative vote of a majority of the directors then qualified and acting at any regular or special meeting of the board; provided, however, that the stockholders may provide specifically for limitations on the power of directors to amend particular by-laws and, in such event, the directors' power of amendment shall be so limited; and further provided that no reduction in the number of directors shall have the effect of removing any director prior to the expiration of his or her term of office.

SECTION 10.2.        Required Vote. Notwithstanding anything contained in Section 10.1 of this ARTICLE X, the affirmative vote of a majority of shares entitled to vote therefor at a stockholder's meeting, or, subject to such limitations as the stockholders may from time to time prescribe, shall be required to alter, amend or repeal, or adopt any provisions inconsistent with Section 3.1 of ARTICLE III of these by-laws, to fix or change (including by increase or decrease) the number of directors of the corporation.

* * *

## BY-LAWS

### OF

### XERIUM IV (US) LIMITED

a Delaware corporation

### ARTICLE I

### OFFICES

SECTION 1.1.      <u>Registered Office</u>.  The registered office of the corporation in the State of Delaware shall be located at 1209 Orange Street, Wilmington, Delaware.  The name of the corporation's registered agent at such address shall be The Corporation Trust Company.  The registered office and registered agent of the corporation may be changed from time to time by action of the registered agent or the board of directors in accordance with the laws of the State of Delaware.

SECTION 1.2.      <u>Other Offices</u>.  The corporation may also have offices at such other places both within or without the State of Delaware as the board of directors may from time to time determine or the business of the corporation may require.

### ARTICLE II

### MEETINGS OF STOCKHOLDERS

SECTION 2.1.      <u>Annual Meeting</u>.  The annual meeting of the stockholders shall be held each year on such day or days as may be determined by the board of directors or the president of the corporation.  The annual meeting may be held at the corporation's principal place of business or at such other place as may be determined by the board of directors or the president, for the purposes of electing directors and for the transaction of such other business as may come before the meeting.  If such day should fall on a legal holiday, the meeting shall be held on the next succeeding business day that is not a legal holiday.

If the election of directors shall not be held on the day hereinbefore designated for the annual meeting, or at any adjournment thereof, the board of directors shall cause such election to be held at a special meeting of stockholders as soon thereafter as convenient.

SECTION 2.2.      <u>Special Meetings</u>. Except as otherwise prescribed by statute, special meetings of the stockholders for any purpose or purposes may be called and the location thereof designated by the board of directors or the president.  Special meetings shall be called and the location thereof designated by the secretary at the request in writing of the stockholders owning capital stock of the corporation having not less than a majority of the total voting power.  Such request shall state the purposes of the proposed meeting.

CHIDOCS02:276951.1

SECTION 2.3.        Place of Meetings. Each meeting of the stockholders shall be held at the principal executive office of the corporation, unless the board of directors by resolution, or the president, designate any other place, within or without the State of Delaware, as the place of such meeting.

SECTION 2.4.        Notice. Written or printed notice stating the place, date and time of each annual or special meeting of the stockholders and, in the case of a special meeting, the purpose or purposes for which the meeting is called, shall be given to each stockholder entitled to vote thereat not less than 10 days nor more than 60 days, unless otherwise provided by statute, before the date of the meeting.  Whenever under the provisions of the statute, the certificate of incorporation or these by-laws notice is required to be given to any stockholder, director or member of any committee designated by the board of directors, it shall not be construed to require personal delivery and such notice may be given in writing by depositing it in the United States mails, air mail or first class, postage prepaid, by telefax, or by express overnight courier addressed to such stockholder, director or member either at the address of such stockholder, director or member as it appears on the books of the corporation or, in the case of such a director or member, at his or her business address; and such notice shall be deemed to be given at the time when it is thus deposited in the United States mails delivered by telefax over the telephone lines, or delivered to the overnight courier service, as the case may be. Such requirement for notice shall be deemed satisfied, except in the case of a stockholder meeting with respect to which written notice is mandatorily required by law, if actual notice is received orally or in writing by the person entitled thereto as far in advance of the event with respect to which notice is given as the minimum notice period required by law or these by-laws.

SECTION 2.5.        Waiver of Notice. Whenever any notice is required to be given under the provisions of the statute, the certificate of incorporation, or these by-laws, a waiver thereof in writing signed by the person or persons entitled to such notice, whether before, at or after the time stated therein, shall be deemed equivalent thereto.  Attendance by a person at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened.  Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the stockholders, directors or committee of directors need be specified in any written waiver of notice unless so required by statute, the certificate of incorporation or these by-laws.

SECTION 2.6.        Stockholders List. At least 10 days before every meeting of stockholders, a complete list of the stockholders entitled to vote at such meeting, arranged in alphabetical order, and showing the address of each such stockholder and the number of shares registered in the name of each such stockholder, shall be prepared by the officer having charge of the stock ledger.  Such list shall be open to examination of any stockholder of the corporation during ordinary business hours, for any purpose germane to the meeting, for a period of at least 10 days prior to the meeting, either at a place within the city where the meeting is to be held, which shall be specified in the notice of the meeting or, if not so specified, at the place where the meeting is to be held.  The list shall also be produced and kept at the time and place of meeting during the whole time thereof, and may be inspected by any stockholder who is present.  The stock ledger shall be the only evidence as to who are the stockholders entitled to examine the

stock ledger, the list required by this section or the books of the corporation, or to vote in person or by proxy at any meeting of stockholders.

SECTION 2.7.       Quorum. The holders of a majority of the outstanding shares of capital stock entitled to vote, present in person or represented by proxy, shall be requisite for, and shall constitute, a quorum at all meetings of the stockholders of the corporation for the transaction of business, except as otherwise provided by statute, the certificate of incorporation or these by-laws. If, however, such quorum shall not be present or represented at any meeting of the stockholders, the stockholders entitled to vote thereat present in person or represented by proxy shall have power to adjourn the meeting from time to time until a quorum shall be present or represented. At such adjourned meeting at which a quorum shall be present or represented, any business may be transacted which might have been transacted at the meeting as originally notified.

SECTION 2.8.       Adjourned Meetings. When a meeting is adjourned to another time and place, notice need not be given of the adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken. At the adjourned meeting the corporation may transact any business which might have been transacted at the original meeting. If the adjournment is for more than 30 days, or if after the adjournment a new record date is fixed for the adjourned meeting, a notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

SECTION 2.9.       Vote Required. When a quorum is present, the affirmative vote of a majority of the shares present in person or represented by proxy at the meeting and entitled to vote on the subject matter shall be the act of the stockholders, unless the question is one upon which by express provisions of an applicable law or of the certificate of incorporation a different vote is required, in which case such express provision shall govern and control the decision of such question.

SECTION 2.10.       Voting Rights. Except as otherwise provided by these by-laws, or by the General Corporation Law of the State of Delaware or by the certificate of incorporation of the corporation or any amendments thereto and subject to Section 7.7 of ARTICLE VII hereof, every stockholder shall be entitled to one vote for each share of common stock held by such stockholder.

SECTION 2.11.       Proxies.   Each stockholder entitled to vote at a meeting of stockholders or to express consent or dissent to corporate action in writing without a meeting may authorize another person or persons to act for him or her by proxy, but no such proxy shall be voted or acted upon after three years from its date, unless the proxy provides for a longer period. At each meeting of the stockholders, and before any voting commences, all proxies filed at or before the meeting shall be submitted to and examined by the secretary or a person designated by the secretary, and no shares may be represented or voted under a proxy that has been found to be invalid or irregular.

SECTION 2.12.       Voting of Certain Shares. Shares standing in the name of another corporation, domestic or foreign, and entitled to vote may be voted by such officer, agent, or proxy as the by-laws of such corporation may prescribe or, in the absence of such provision, as

the board of directors of such corporation may determine. Shares standing in the name of a deceased person, a minor or an incompetent and entitled to vote may be voted by his or her administrator, executor, guardian or conservator, as the case may be, either in person or by proxy. Shares standing in the name of a trustee, receiver or pledgee and entitled to vote may be voted by such trustee, receiver or pledgee either in person or by proxy as provided by Delaware law.

SECTION 2.13.    Action by Written Consent. Any action required to be taken at any annual or special meeting of stockholders of the corporation, or any action which may be taken at any annual or special meeting of such stockholders, may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken and bearing the dates of signature of the stockholders who signed the consent or consents, shall be signed by the holders of outstanding capital stock of the corporation having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and shall be delivered to the corporation by delivery to its registered office in the state of Delaware, the principal place of business of the corporation, or an officer or agent of the corporation having custody of the book or books in which proceedings of meetings of the stockholders are recorded. Delivery made to the registered office of the corporation shall be by hand or by certified or registered mail, return receipt requested; provided, however, that no consent or consents delivered by certified or registered mail shall be deemed delivered until such consent or consents are actually received at the registered office. All consents properly delivered in accordance with this section shall be deemed to be recorded when so delivered. No written consent shall be effective to take the corporate action referred to therein unless, within 60 days of the earliest dated consent delivered to the corporation as required by this section, written consents signed by the holders of a sufficient number of shares to take such corporate action are so recorded. Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall be given to those stockholders who have not consented in writing, and who, if the action had been taken at a meeting, would have been entitled to notice of the meeting if the record date for such meeting had been the date that written consents signed by a sufficient number of holders or members to take the action were delivered to the corporation as provided in the General Corporation Law of the State of Delaware. Any action taken pursuant to such written consent or consents of the stockholders shall have the same force and effect as if taken by the stockholders at a meeting thereof.

SECTION 2.14.    Treasury Stock. Shares of its own stock belonging to the corporation or to another corporation, if a majority of the shares entitled to vote in the election of directors of such other corporation is held, directly or indirectly, by such corporation, shall not be entitled to vote nor counted for quorum purposes. Nothing in this section shall be construed to limit the right of this corporation to vote shares of its own stock held by it in a fiduciary capacity.

ARTICLE III

DIRECTORS

SECTION 3.1.    Number, Election and Term of Office. The board of directors of the corporation shall consist of not less than one nor more than five members, which number

shall be fixed from time to time by resolution adopted by either the stockholders or a majority of the board of directors; however, the initial board shall consist of two members. The number of directors may be changed from time to time by amendment to these by-laws. A decrease in the number of directors does not shorten an incumbent director's term.

The initial directors shall have been elected by the incorporators. Thereafter, unless otherwise provided herein, directors shall be elected by the stockholders at each annual meeting. Each director shall hold office until a successor is duly elected and qualified, or until his or her earlier death, resignation or removal as hereinafter provided.

SECTION 3.2.        Management of Affairs of Corporation. The property and business of the corporation shall be managed by or under the direction of its board of directors, which may exercise all such powers of the corporation and do all such lawful acts and things as are not by statute or by the certificate of incorporation or by these by-laws directed or required to be exercised or done by stockholders. In case the corporation shall transact any business or enter into any contract with a director, or with any firm of which one or more of its directors are members, or with any trust, firm, corporation or association in which any director is a stockholder, director or officer or otherwise interested, the officers of the corporation and directors in question shall be severally under the duty of disclosing all material facts as to their interest to the remaining directors promptly if and when such interested officers or such interested directors in question shall become advised of the circumstances. In the case of continuing relationships in the normal course of business such disclosure shall be deemed effective, when once given, as to all transactions and contracts subsequently entered into.

SECTION 3.3.        Resignations and Vacancies. Any director may resign at any time by giving written notice to the board of directors or to the president. Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein; and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective. If, at any other time than the annual meeting of the stockholders, any vacancy occurs in the board of directors caused by resignation, death, retirement, disqualification or removal from office of any director or otherwise, or any new directorship is created by an increase in the authorized number of directors, a majority of the directors then in office, may choose a successor, or fill the newly created directorship, and the director so chosen shall hold office until the next annual election of directors by the stockholders and until his or her successor shall be duly elected and qualified, unless sooner displaced.

SECTION 3.4.        Removal. A director or the entire board of directors may be removed, with or without cause, by the affirmative vote of the holders of a majority of the shares then entitled to vote at an election of directors.

SECTION 3.5.        Annual Meetings. The annual meeting of the board of directors shall be held, without other notice than this by-law, immediately after, and at the same place as, the annual meeting of the stockholders.

SECTION 3.6.        Special Meetings. Special meetings of the board of directors may be called by the president and shall be called by the secretary or any other officer at the request of any two directors, to be held at such time and place, either within or without the State of

- 6 -

Delaware, as shall be designated by the call and specified in the notice of such meeting. Notice thereof shall be given as provided in Section 3.7 of these by-laws.

SECTION 3.7.       Notice of Meetings. Regular meetings, other than the annual meeting, of the board of directors may be held without notice at such time and at such place as shall from time to time be determined by resolution of the board. Special meetings of the board of directors may be called on notice to each director, either orally, personally, by telephone, by mail or by telefax not less than forty-eight (48) hours' before the date of the meeting. Any director may waive notice of any meeting. Except as otherwise provided by law or by these by-laws, a director's attendance at a regular or special meeting shall constitute a waiver of notice of such meeting.

SECTION 3.8.       Quorum Required, Vote and Adjournment. At each meeting of the board of directors, the presence of not less than a majority of the whole board shall be necessary and sufficient to constitute a quorum for the transaction of business, and the act of a majority of the directors present at any meeting at which there is a quorum shall be the act of the board of directors, except as may be otherwise specifically provided by statute or these by-laws. If a quorum shall not be present at any meeting of directors, the directors present thereat may adjourn the meeting from time to time, without notice other than announcement at the meeting, until a quorum shall be present.

SECTION 3.9.       Communications Equipment. Unless otherwise restricted by the certificate of incorporation, any member of the board of directors or of any committee designated by the board may participate in a meeting of the directors or committee by means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting by means of such equipment shall constitute presence in person at such meeting.

SECTION 3.10.       Presumption of Assent. Unless otherwise provided by statute, a director of the corporation who is present at a meeting of the board of directors at which action is taken on any corporate matter shall be presumed to have assented to the action taken unless his or her dissent shall be entered in the minutes of the meeting or unless he or she shall file his or her written dissent to such action with the person acting as secretary of the meeting before the adjournment thereof or shall forward such dissent by registered mail to the secretary of the corporation immediately after the adjournment of the meeting. Such right to dissent shall not apply to a director who voted in favor of such action.

SECTION 3.11.       Action By Written Consent. Any action required or permitted to be taken at any meeting of the board of directors, or of any committee thereof, may be taken without a meeting, if a written consent thereto is signed by all members of the board or of such committee, as the case may be, and such written consent is filed with the minutes of proceedings of the board or committee.

SECTION 3.12.       Presiding Officer. The presiding officer at any meeting of the board of directors shall be the chairman of the board or, in his or her absence, the president or any director elected chairman by vote of a majority of the directors present at the meeting.

SECTION 3.13.      Executive Committee. The board of directors may, by resolution passed by a majority of the whole board, designate two or more directors of the corporation to constitute an executive committee, which, to the extent provided in the resolution and by Delaware law, shall have and may exercise all the powers and authority of the board of directors in the management of the business and affairs of the corporation and may authorize the seal of the corporation to be affixed to all papers which may require it.

SECTION 3.14.      Other Committees. The board of directors may designate one or more other committees, each committee to consist of one or more of the directors of the corporation. Each member of such committee shall serve for such term and the committee shall have and may exercise, during intervals between meetings of the board of directors, such duties, functions and powers as the board of directors may from time to time prescribe, subject to the limitations of Delaware law.

SECTION 3.15.      Alternates. The board of directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee. In the absence or disqualification of a member of a committee, the member or members present at any meeting and not disqualified from voting, whether or not such member or members constitute a quorum, may unanimously appoint another member of the board of directors to act at the meeting in place of any such absent or disqualified member.

SECTION 3.16.      Quorum and Manner of Acting - Committees. The presence of a majority of the members of any committee shall constitute a quorum for the transaction of business at any meeting of such committee, and the act of a majority of those present shall be necessary for the taking of any action thereat.

SECTION 3.17.      Committee Chairman, Books and Records, Etc. The chairman of each committee shall be selected from among the members of the committee by the board of directors.

Each committee shall keep a record of its acts and proceedings, and all actions of each committee shall be reported to the board of directors at its next meeting.

Each committee shall fix its own rules of procedure not inconsistent with these by-laws or the resolution of the board of directors designating such committee and shall meet at such times and places and upon such call or notice as shall be provided by such rules.

SECTION 3.18.      Fees and Compensation of Directors. Directors shall not receive any stated salary or other fees for their services as such; but, by resolution of the board of directors, a fixed fee, with or without expenses of attendance, may be allowed for attendance at each regular or special meeting of the board. Members of the board shall be allowed their reasonable traveling expenses when actually engaged in the business of the corporation. Members of any committee may be allowed like fees and expenses for attending committee meetings. Nothing herein contained shall be construed to preclude any director from serving the corporation in any other capacity and receiving compensation therefor.

- 8 -

SECTION 3.19.      Reliance Upon Records. Every director of the corporation, or member of any committee designated by the board of directors, shall, in the performance of his or her duties, be fully protected in relying in good faith upon the records of the corporation and upon such information, opinions, reports or statements presented to the corporation by any of the corporation's officers or employees, or committees of the board of directors, or by any other person as to matters the director reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the corporation.

SECTION 3.20.      Dividends and Reserves. Dividends upon stock of the corporation may be declared by the board of directors at any regular or special meeting. Dividends may be paid in cash, in property, in shares of stock or otherwise in the form, and to the extent, permitted by law. The board of directors may set apart, out of any funds of the corporation available for dividends, a reserve or reserves for working capital or for any other lawful purpose, and also may abolish any such reserve in the manner in which it was created.

ARTICLE IV

OFFICERS

SECTION 4.1.      Offices and Official Positions. The officers of the corporation shall consist of a president and a secretary. The president shall be the chief executive officer. In addition to the foregoing, the officers may consist of a chairman of the board, one or more vice presidents, assistant secretaries, assistant treasurers, and other officers as the board of directors shall determine. Any two or more offices may be held by the same person. The board of directors may choose not to fill any office for any period as it may deem advisable, except that the offices of president and secretary shall be filled as expeditiously as possible. None of the officers need be a director, a stockholder of the corporation or a resident of the State of Delaware. The board of directors may from time to time establish, and abolish, official positions within the divisions into which the business and operations of the corporation are divided, pursuant to ARTICLE V of these by-laws, and assign titles and duties to such positions. Those appointed to official positions within divisions may, but need not, be officers of the corporation. The board of directors shall appoint individuals to official positions within a division and may with or without cause remove from such a position any person appointed to it. In any event, the authority incident to an official position within a division shall be limited to acts and transactions within the scope of the business and operations of such division.

SECTION 4.2.      Election and Term of Office. The officers of the corporation shall be elected at the organizational meeting of the board of directors, and thereafter, annually by the board of directors at their first meeting held after each regular annual meeting of the stockholders. If the election of officers shall not be held at such meeting of the board, such election shall be held at a regular or special meeting of the board of directors as soon thereafter as may be convenient. Each officer shall hold office until his or her successor is elected and qualified or until his or her death, resignation or removal as hereinafter provided.

SECTION 4.3.      Removal and Resignation. Any officer may be removed, either with or without cause, by a majority of the directors then in office at any regular or special

meeting of the board; but such removal shall be without prejudice to the contract rights, if any, of such person so removed. Any officer may resign at any time by giving written notice to the board of directors, to the president or to the secretary of the corporation. Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein; and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

SECTION 4.4.   Vacancies. A vacancy in any office because of death, resignation, removal, or any other cause may be filled for the unexpired portion of the term by the board of directors.

SECTION 4.5.   Chairman of the Board. The chairman of the board, if there shall be such chairman, shall preside, in lieu of the president, at all meetings of the stockholders and board of directors of the corporation. The chairman of the board shall have such other duties as may be prescribed by the board of directors from time to time.

SECTION 4.6.   President. The president shall be the chief executive officer of the corporation, and may be referred to as president, chief executive officer, or both. He or she shall have the overall supervision of the business of the corporation and shall direct the affairs and policies of the corporation, subject to such policies and directions as may be provided by the board of directors. He or she shall have authority to designate the duties and powers of other officers and delegate special powers and duties to specified officers, so long as such designation shall not be inconsistent with the statutes, these by-laws or action of the board of directors. He or she shall also have power to execute, and shall execute, deeds, mortgages, bonds, contracts or other instruments of the corporation except where required or permitted by law to be otherwise signed and executed and except where the signing and execution thereof shall be expressly delegated by the board of directors to some other officer or agent of the corporation. The president in general shall have all other powers and shall perform all other duties which are incident to the chief executive office of a corporation or as may be prescribed by the board of directors from time to time.

SECTION 4.7.   Vice Presidents. In the absence of the president, at his or her request or in the event of his or her inability or refusal to act, the vice presidents in order of their rank as fixed by the board of directors or, if not ranked, the vice president designated by the board of directors or the president, shall perform all duties of the president and, when so acting, shall have all the powers of, and be subject to all the restrictions upon, the president. The vice presidents shall have such other powers and perform such other duties, not inconsistent with the statutes, these by-laws, or action of the board of directors, as from time to time may be prescribed for them, respectively, by the board of directors or the president. Any vice president may sign, with the secretary or an assistant secretary, or the treasurer or an assistant treasurer, certificates for shares of stock of the corporation the issuance of which shall have been duly authorized by the board of directors.

SECTION 4.8.   Secretary. The secretary shall: (a) keep the minutes of the meetings of the stockholders, the board of directors and committees of directors, in one or more books provided for that purpose; (b) see that all notices are duly given in accordance with the provisions of these by-laws or as required by law; (c) have charge of the corporate records and of

- 10 -

the seal of the corporation; (d) affix the seal of the corporation, if any, or a facsimile thereof, or cause it to be affixed, to all certificates for shares prior to the issue thereof and to all documents the execution of which on behalf of the corporation under its seal is duly authorized by the board of directors or otherwise in accordance with the provisions of these by-laws; (e) keep a register of the post office address of each stockholder, director and committee member which shall from time to time be furnished to the secretary by such stockholder, director or member; (f) sign with the president or any vice president, certificates for shares of stock of the corporation, the issuance of which shall have been duly authorized by resolution of the board of directors; (g) have general charge of the stock transfer books of the corporation; and (h) in general, perform all duties incident to the office of secretary and such other duties as from time to time may be assigned to him or her by the president or by the board of directors. He or she may delegate such details of the performance of duties of his or her office as may be appropriate in the exercise of reasonable care to one or more persons in his or her stead, but shall not thereby be relieved of responsibility for the performance of such duties.

SECTION 4.9. Treasurer. The treasurer shall: (a) be responsible to the board of directors for the receipt, custody and disbursement of all funds and securities of the corporation; (b) receive and give receipts for monies due and payable to the corporation from any source whatsoever and deposit all such monies in the name of the corporation in such banks, trust companies or other depositories as shall from time to time be selected in accordance with the provisions of Section 6.4. of these by-laws; (c) disburse the funds of the corporation as ordered by the board of directors or the president or as otherwise required in the conduct of the business of the corporation; (d) render to the president or the board of directors, upon request, an account of all his or her transactions as treasurer and on the financial condition of the corporation; and (e) in general, perform all the duties incident to the office of treasurer and such other duties as from time to time may be assigned to him or her by the president, the board of directors or these by-laws. He or she may sign, with the president, or a vice president, certificates for shares of stock of the corporation, the issuance of which shall have been duly authorized by resolution of the board of directors. He or she may delegate such details of the performance of duties of his or her office as may be appropriate in the exercise of reasonable care to one or more persons in his or her stead, but shall not thereby be relieved of responsibility for the performance of such duties. If required by the board of directors, the treasurer shall give a bond for the faithful discharge of his or her duties in such sum, and with such surety or sureties, as the board of directors shall determine.

SECTION 4.10. Assistant Treasurers and Assistant Secretaries. The assistant treasurers and assistant secretaries shall perform all functions and duties which the secretary or treasurer, as the case may be, may assign or delegate; but such assignment or delegation shall not relieve the principal officer from the responsibilities and liabilities of his or her office. In addition, an assistant secretary or an assistant treasurer, as thereto authorized by the board of directors, may sign with the president, or a vice president, certificates for shares of the corporation, the issuance of which shall have been duly authorized by resolution of the board of directors; and the assistant secretaries and assistant treasurers shall, in general, perform such duties as shall be assigned to them by the secretary or the treasurer, respectively, or by the president or by the board of directors. The assistant treasurers shall, if required by the board of directors, give bonds for the faithful discharge of their duties in such sums, and with such surety or sureties, as the board of directors shall determine.

SECTION 4.11.        Salaries. The salaries of the officers may be fixed from time to time by the board of directors or by such officer as it shall designate for such purpose or as it shall otherwise direct.   No officer shall be prevented from receiving a salary or other compensation by reason of the fact that he or she is also a director of the corporation.

## ARTICLE V

### DIVISIONS

SECTION 5.1.        Divisions of the Corporation. The board of directors shall have the power to create and establish such operating divisions of the corporation as it may from time to time deem advisable.

SECTION 5.2.        Official Positions Within a Division. If the board of directors does not appoint individuals to official positions within a division, then the president may so appoint such individuals, whether or not they are officers of the corporation, to, and may, with or without cause, remove them from, official positions established within a division.  The president may not remove any individual appointed by the board of directors. (See also Section 4.1 of these by-laws.)

## ARTICLE VI

### CONTRACTS, LOANS, CHECKS AND DEPOSITS

SECTION 6.1.        Contracts and Other Instruments.  The board of directors may authorize any officer(s), agent(s) or employee(s) to enter into any contract or execute and deliver any instrument in the name of and on behalf of the corporation, or of any division thereof, and such authority may be general or confined to specific instances.

SECTION 6.2.        Loans. No loans shall be contracted on behalf of the corporation, or any division thereof, and no evidence of indebtedness shall be issued in the name of the corporation, or any division thereof, unless authorized by a resolution of the board of directors. Such authority may be general or confined to specific instances.

SECTION 6.3.        Checks, Drafts, etc. All checks, demands, drafts or other orders for the payment of money, notes or other evidences of indebtedness issued in the name of the corporation, or any division thereof, shall be signed by such officer or officers, agent or agents of the corporation, and in such manner, as shall from time to time be authorized by the board of directors.

SECTION 6.4.        Deposits. All funds of the corporation, or any division thereof, not otherwise employed shall be deposited from time to time to the credit of the corporation in such banks, trust companies or other depositories as the board of directors may select.

- 12 -

## ARTICLE VII

## CERTIFICATES OF STOCK AND THEIR TRANSFER

SECTION 7.1.    Certificates of Stock. The certificates of stock of the corporation shall be in such form as may be determined by the board of directors, shall be numbered and shall be entered in the books of the corporation as they are issued. They shall exhibit the holder's name and number of shares and shall be signed by the president or vice president and by the treasurer or an assistant treasurer or the secretary or an assistant secretary. If any stock certificate is signed (a) by a transfer agent or an assistant transfer agent or (b) by a transfer clerk acting on behalf of the corporation and a registrar, the signature of any officer of the corporation may be facsimile. In case any such officer whose facsimile signature has thus been used on any such certificate shall cease to be such officer, whether because of death, resignation or otherwise, before such certificate has been issued, such certificate may nevertheless be issued with the same effect as if he or she were such officer at the date of issue. All certificates properly surrendered to the corporation for transfer shall be cancelled and no new certificate shall be issued to evidence transferred shares until the former certificate for at least a like number of shares shall have been surrendered and cancelled and the corporation reimbursed for any applicable taxes on the transfer, except that in the case of a lost, destroyed or mutilated certificate a new one may be issued therefor upon such terms, and with such indemnity (if any) to the corporation, as the board of directors may prescribe specifically or in general terms or by delegation to a transfer agent for the corporation. (See Section 7.2.)

SECTION 7.2.    Lost, Stolen or Destroyed Certificates. The board of directors in individual cases, or by general resolution or by delegation to the transfer agent, may direct a new certificate or certificates or uncertificated shares to be issued in place of any certificate or certificates theretofore issued by the corporation alleged to have been lost, stolen or destroyed, upon the making of an affidavit of that fact by the person claiming the certificate of stock to be lost, stolen or destroyed. When authorizing such issue of a new certificate or certificates, the board of directors may, in its discretion and as a condition precedent to the issuance thereof, require the owner of such lost, stolen or destroyed certificates, or his or her legal representative, to advertise the same in such manner as it shall require and/or to give the corporation a bond sufficient to indemnify it against any claim that may be made against the corporation on account of the alleged loss, theft or destruction of such certificate or the issuance of a new certificate or uncertificated shares.

SECTION 7.3.    No Fractional Share Certificates. Certificates shall not be issued representing fractional shares of stock.

SECTION 7.4.    Transfers of Stock. Upon surrender to the corporation or the transfer agent of the corporation of a certificate for shares duly endorsed or accompanied by proper evidence of succession, assignment or authority to transfer, and upon payment of applicable taxes with respect to such transfer, and in compliance with any restrictions on transfer applicable to the certificate or shares represented thereby of which the corporation shall have notice and subject to such rules and regulations as the board of directors may from time to time deem advisable concerning the transfer and registration of certificates for shares of capital stock of the corporation, the corporation shall issue a new certificate to the person entitled thereto,

cancel the old certificate and record the transaction upon its books. Transfers of shares shall be made only on the books of the corporation by the registered holder thereof or by his or her attorney or successor duly authorized as evidenced by documents filed with the secretary or transfer agent of the corporation.

SECTION 7.5.     Restrictions on Transfer. Any stockholder may enter into an agreement with other stockholders or with the corporation providing for reasonable limitation or restriction on the right of such stockholder to transfer shares of capital stock of the corporation held by him, including, without limiting the generality of the foregoing, agreements granting to such other stockholders or to the corporation the right to purchase for a given period of time any of such shares on terms equal to terms offered such stockholders by any third party. Any such limitation or restriction on the transfer of shares of this corporation must be set forth conspicuously on certificates representing shares of capital stock or, in the case of uncertificated shares, contained in a notice sent pursuant to Section 151(f) of the General Corporation Law of Delaware, in which case the corporation or the transfer agent shall not be required to transfer such shares upon the books of the corporation without receipt of satisfactory evidence of compliance with the terms of such limitation or restriction.

SECTION 7.6.     Fixing Record Date. In order that the corporation may determine the stockholders entitled to notice of or to vote at any meeting of stockholders or any adjournment thereof, the board of directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted by the board of directors, and which record date shall not be more than 60 nor less than 10 days before the date of such meeting. If no record date is fixed by the board of directors, the record date for determining stockholders entitled to notice of or to vote at a meeting of stockholders shall be at the close of business on the day next preceding the day on which notice is given, or, if notice is waived, at the close of business on the day next preceding the day on which the meeting is held. A determination of stockholders of record entitled to notice of or to vote at a meeting of stockholders shall apply to any adjournment of the meeting; provided, however, that the board of directors may fix a new record date for the adjourned meeting.

In order that the corporation may determine the stockholders entitled to consent to corporate action in writing without a meeting, the board of directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted by the board of directors, and which date shall not be more than ten days after the date upon which the resolution fixing the record date is adopted by the board of directors. If no record date has been fixed by the board of directors, the record date for determining stockholders entitled to consent to corporate action in writing without a meeting, when no prior action by the board of directors is required, shall be the first date on which a signed written consent setting forth the action taken or proposed to be taken is delivered to the corporation by delivery to its registered office, its principal place of business, or an officer or agent of the corporation having custody of the book in which proceedings of meetings of stockholders are recorded.

In order that the corporation may determine the stockholders entitled to receive payment of any dividend or other distribution or allotment of any rights or the stockholders entitled to exercise any rights in respect of any change, conversion or exchange of stock, or for the purpose of any other lawful action, the board of directors may fix a record date, which record date shall

not precede the date upon which the resolution fixing the record date is adopted, and which record date shall be not more than 60 days prior to such action. If no record date is fixed, the record date for determining stockholders for any such purpose shall be at the close of business on the day on which the board of directors adopts the resolution relating thereto.

SECTION 7.7.        Stockholders of Record. The corporation shall be entitled to treat the holder of record of any share or shares of stock as the holder in fact thereof and accordingly, shall not be bound to recognize any equitable or other claim to or interest in such share or shares on the part of any other person, whether or not it shall have express or other notice thereof, except as otherwise provided by the laws of Delaware.

## ARTICLE VIII

## INDEMNIFICATION

SECTION 8.1.        In General. Each person who at any time is or shall have been a director, officer, employee or agent of the corporation, or is or shall have been serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, and his or her heirs, executors and administrators, shall be indemnified by this corporation in accordance with and to the full extent permitted by the Delaware General Corporation Law as in effect at the time of adoption of this by-law or as amended from time to time. The foregoing right of indemnification shall not be deemed exclusive of any other rights to which a person seeking indemnification may be entitled under any by-law, agreement, vote of stockholders or disinterested directors or otherwise.

The corporation shall, in its discretion, pay the expenses (including attorneys' fees) incurred in defending any proceeding in advance of its final disposition, provided, however, that the payment of expenses incurred by a director or officer in advance of the final disposition of the proceeding shall be made only upon receipt of an undertaking by the director or officer to repay all amounts advanced if it should be ultimately determined that the director or officer is not entitled to be indemnified under this Article or otherwise. Such expenses (including attorneys' fees) incurred by former directors and officers or other employees and agents may be so paid upon such terms and conditions, if any, as the corporation deems appropriate.

SECTION 8.2.        Insurance. If authorized by the board of directors, the corporation may purchase and maintain insurance on behalf of any person to the full extent permitted by the General Corporation Law of Delaware as in effect at the time of the adoption of this by-law or as amended from time to time.

## ARTICLE IX

## GENERAL PROVISIONS

SECTION 9.1.        Fiscal Year. The fiscal year of the corporation shall be fixed by resolution of the board of directors.

SECTION 9.2 .        Corporate Seal. The board of directors may adopt a corporate seal which shall have inscribed thereon the name of the corporation, and the words "CORPORATE

SEAL" and "DELAWARE;" and it shall otherwise be in the form approved by the board of directors. Such seal may be used by causing it, or a facsimile thereof, to be impressed or affixed or otherwise reproduced.

## ARTICLE X

## AMENDMENTS

SECTION 10.1.    In General. Any provision of these by-laws (except as provided in Section 10.2 hereof) may be altered, amended or repealed from time to time by the affirmative vote of a majority of the stock having voting power present in person or by proxy at any annual meeting of stockholders at which a quorum is present, or at any special meeting of stockholders at which a quorum is present, if notice of the proposed alteration, amendment or repeal be contained in the notice of such special meeting, or by the affirmative vote of a majority of the directors then qualified and acting at any regular or special meeting of the board; provided, however, that the stockholders may provide specifically for limitations on the power of directors to amend particular by-laws and, in such event, the directors' power of amendment shall be so limited; and further provided that no reduction in the number of directors shall have the effect of removing any director prior to the expiration of his or her term of office.

SECTION 10.2.    Required Vote. Notwithstanding anything contained in Section 10.1 of this ARTICLE X, the affirmative vote of a majority of shares entitled to vote therefor at a stockholder's meeting, or, subject to such limitations as the stockholders may from time to time prescribe, shall be required to alter, amend or repeal, or adopt any provisions inconsistent with Section 3.1 of ARTICLE III of these by-laws, to fix or change (including by increase or decrease) the number of directors of the corporation.

* * *

CHIDOCS02:276951.1

BY-LAWS

OF

XERIUM V (US) LIMITED

a Delaware corporation

ARTICLE I

OFFICES

SECTION 1.1.        Registered Office. The registered office of the corporation in the State of Delaware shall be located at 1209 Orange Street, Wilmington, Delaware. The name of the corporation's registered agent at such address shall be The Corporation Trust Company. The registered office and registered agent of the corporation may be changed from time to time by action of the registered agent or the board of directors in accordance with the laws of the State of Delaware.

SECTION 1.2.        Other Offices. The corporation may also have offices at such other places both within or without the State of Delaware as the board of directors may from time to time determine or the business of the corporation may require.

ARTICLE II

MEETINGS OF STOCKHOLDERS

SECTION 2.1.        Annual Meeting. The annual meeting of the stockholders shall be held each year on such day or days as may be determined by the board of directors or the president of the corporation. The annual meeting may be held at the corporation's principal place of business or at such other place as may be determined by the board of directors or the president, for the purposes of electing directors and for the transaction of such other business as may come before the meeting. If such day should fall on a legal holiday, the meeting shall be held on the next succeeding business day that is not a legal holiday.

If the election of directors shall not be held on the day hereinbefore designated for the annual meeting, or at any adjournment thereof, the board of directors shall cause such election to be held at a special meeting of stockholders as soon thereafter as convenient.

SECTION 2.2.        Special Meetings. Except as otherwise prescribed by statute, special meetings of the stockholders for any purpose or purposes may be called and the location thereof designated by the board of directors or the president. Special meetings shall be called and the location thereof designated by the secretary at the request in writing of the stockholders owning capital stock of the corporation having not less than a majority of the total voting power. Such request shall state the purposes of the proposed meeting.

CHIDOCS02:276952.1

- 2 -

SECTION 2.3.    Place of Meetings. Each meeting of the stockholders shall be held at the principal executive office of the corporation, unless the board of directors by resolution, or the president, designate any other place, within or without the State of Delaware, as the place of such meeting.

SECTION 2.4.    Notice. Written or printed notice stating the place, date and time of each annual or special meeting of the stockholders and, in the case of a special meeting, the purpose or purposes for which the meeting is called, shall be given to each stockholder entitled to vote thereat not less than 10 days nor more than 60 days, unless otherwise provided by statute, before the date of the meeting. Whenever under the provisions of the statute, the certificate of incorporation or these by-laws notice is required to be given to any stockholder, director or member of any committee designated by the board of directors, it shall not be construed to require personal delivery and such notice may be given in writing by depositing it in the United States mails, air mail or first class, postage prepaid, by telefax, or by express overnight courier addressed to such stockholder, director or member either at the address of such stockholder, director or member as it appears on the books of the corporation or, in the case of such a director or member, at his or her business address; and such notice shall be deemed to be given at the time when it is thus deposited in the United States mails delivered by telefax over the telephone lines, or delivered to the overnight courier service, as the case may be. Such requirement for notice shall be deemed satisfied, except in the case of a stockholder meeting with respect to which written notice is mandatorily required by law, if actual notice is received orally or in writing by the person entitled thereto as far in advance of the event with respect to which notice is given as the minimum notice period required by law or these by-laws.

SECTION 2.5.    Waiver of Notice. Whenever any notice is required to be given under the provisions of the statute, the certificate of incorporation, or these by-laws, a waiver thereof in writing signed by the person or persons entitled to such notice, whether before, at or after the time stated therein, shall be deemed equivalent thereto. Attendance by a person at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened. Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the stockholders, directors or committee of directors need be specified in any written waiver of notice unless so required by statute, the certificate of incorporation or these by-laws.

SECTION 2.6.    Stockholders List. At least 10 days before every meeting of stockholders, a complete list of the stockholders entitled to vote at such meeting, arranged in alphabetical order, and showing the address of each such stockholder and the number of shares registered in the name of each such stockholder, shall be prepared by the officer having charge of the stock ledger. Such list shall be open to examination of any stockholder of the corporation during ordinary business hours, for any purpose germane to the meeting, for a period of at least 10 days prior to the meeting, either at a place within the city where the meeting is to be held, which shall be specified in the notice of the meeting or, if not so specified, at the place where the meeting is to be held. The list shall also be produced and kept at the time and place of meeting during the whole time thereof, and may be inspected by any stockholder who is present. The stock ledger shall be the only evidence as to who are the stockholders entitled to examine the

stock ledger, the list required by this section or the books of the corporation, or to vote in person or by proxy at any meeting of stockholders.

SECTION 2.7.        Quorum. The holders of a majority of the outstanding shares of capital stock entitled to vote, present in person or represented by proxy, shall be requisite for, and shall constitute, a quorum at all meetings of the stockholders of the corporation for the transaction of business, except as otherwise provided by statute, the certificate of incorporation or these by-laws.  If, however, such quorum shall not be present or represented at any meeting of the stockholders, the stockholders entitled to vote thereat present in person or represented by proxy shall have power to adjourn the meeting from time to time until a quorum shall be present or represented.  At such adjourned meeting at which a quorum shall be present or represented, any business may be transacted which might have been transacted at the meeting as originally notified.

SECTION 2.8.        Adjourned Meetings. When a meeting is adjourned to another time and place, notice need not be given of the adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken.  At the adjourned meeting the corporation may transact any business which might have been transacted at the original meeting.  If the adjournment is for more than 30 days, or if after the adjournment a new record date is fixed for the adjourned meeting, a notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

SECTION 2.9.        Vote Required.  When a quorum is present, the affirmative vote of a majority of the shares present in person or represented by proxy at the meeting and entitled to vote on the subject matter shall be the act of the stockholders, unless the question is one upon which by express provisions of an applicable law or of the certificate of incorporation a different vote is required, in which case such express provision shall govern and control the decision of such question.

SECTION 2.10.       Voting Rights. Except as otherwise provided by these by-laws, or by the General Corporation Law of the State of Delaware or by the certificate of incorporation of the corporation or any amendments thereto and subject to Section 7.7 of ARTICLE VII hereof, every stockholder shall be entitled to one vote for each share of common stock held by such stockholder.

SECTION 2.11.       Proxies.  Each stockholder entitled to vote at a meeting of stockholders or to express consent or dissent to corporate action in writing without a meeting may authorize another person or persons to act for him or her by proxy, but no such proxy shall be voted or acted upon after three years from its date, unless the proxy provides for a longer period.  At each meeting of the stockholders, and before any voting commences, all proxies filed at or before the meeting shall be submitted to and examined by the secretary or a person designated by the secretary, and no shares may be represented or voted under a proxy that has been found to be invalid or irregular.

SECTION 2.12.       Voting of Certain Shares. Shares standing in the name of another corporation, domestic or foreign, and entitled to vote may be voted by such officer, agent, or proxy as the by-laws of such corporation may prescribe or, in the absence of such provision, as

the board of directors of such corporation may determine. Shares standing in the name of a deceased person, a minor or an incompetent and entitled to vote may be voted by his or her administrator, executor, guardian or conservator, as the case may be, either in person or by proxy. Shares standing in the name of a trustee, receiver or pledgee and entitled to vote may be voted by such trustee, receiver or pledgee either in person or by proxy as provided by Delaware law.

SECTION 2.13.      Action by Written Consent. Any action required to be taken at any annual or special meeting of stockholders of the corporation, or any action which may be taken at any annual or special meeting of such stockholders, may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken and bearing the dates of signature of the stockholders who signed the consent or consents, shall be signed by the holders of outstanding capital stock of the corporation having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and shall be delivered to the corporation by delivery to its registered office in the state of Delaware, the principal place of business of the corporation, or an officer or agent of the corporation having custody of the book or books in which proceedings of meetings of the stockholders are recorded. Delivery made to the registered office of the corporation shall be by hand or by certified or registered mail, return receipt requested; provided, however, that no consent or consents delivered by certified or registered mail shall be deemed delivered until such consent or consents are actually received at the registered office. All consents properly delivered in accordance with this section shall be deemed to be recorded when so delivered. No written consent shall be effective to take the corporate action referred to therein unless, within 60 days of the earliest dated consent delivered to the corporation as required by this section, written consents signed by the holders of a sufficient number of shares to take such corporate action are so recorded. Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall be given to those stockholders who have not consented in writing, and who, if the action had been taken at a meeting, would have been entitled to notice of the meeting if the record date for such meeting had been the date that written consents signed by a sufficient number of holders or members to take the action were delivered to the corporation as provided in the General Corporation Law of the State of Delaware. Any action taken pursuant to such written consent or consents of the stockholders shall have the same force and effect as if taken by the stockholders at a meeting thereof.

SECTION 2.14.      Treasury Stock. Shares of its own stock belonging to the corporation or to another corporation, if a majority of the shares entitled to vote in the election of directors of such other corporation is held, directly or indirectly, by such corporation, shall not be entitled to vote nor counted for quorum purposes. Nothing in this section shall be construed to limit the right of this corporation to vote shares of its own stock held by it in a fiduciary capacity.

ARTICLE III

DIRECTORS

SECTION 3.1.      Number, Election and Term of Office. The board of directors of the corporation shall consist of not less than one nor more than five members, which number

shall be fixed from time to time by resolution adopted by either the stockholders or a majority of the board of directors; however, the initial board shall consist of two members. The number of directors may be changed from time to time by amendment to these by-laws. A decrease in the number of directors does not shorten an incumbent director's term.

The initial directors shall have been elected by the incorporators. Thereafter, unless otherwise provided herein, directors shall be elected by the stockholders at each annual meeting. Each director shall hold office until a successor is duly elected and qualified, or until his or her earlier death, resignation or removal as hereinafter provided.

SECTION 3.2.        Management of Affairs of Corporation. The property and business of the corporation shall be managed by or under the direction of its board of directors, which may exercise all such powers of the corporation and do all such lawful acts and things as are not by statute or by the certificate of incorporation or by these by-laws directed or required to be exercised or done by stockholders. In case the corporation shall transact any business or enter into any contract with a director, or with any firm of which one or more of its directors are members, or with any trust, firm, corporation or association in which any director is a stockholder, director or officer or otherwise interested, the officers of the corporation and directors in question shall be severally under the duty of disclosing all material facts as to their interest to the remaining directors promptly if and when such interested officers or such interested directors in question shall become advised of the circumstances. In the case of continuing relationships in the normal course of business such disclosure shall be deemed effective, when once given, as to all transactions and contracts subsequently entered into.

SECTION 3.3.        Resignations and Vacancies. Any director may resign at any time by giving written notice to the board of directors or to the president. Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein; and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective. If, at any other time than the annual meeting of the stockholders, any vacancy occurs in the board of directors caused by resignation, death, retirement, disqualification or removal from office of any director or otherwise, or any new directorship is created by an increase in the authorized number of directors, a majority of the directors then in office, may choose a successor, or fill the newly created directorship, and the director so chosen shall hold office until the next annual election of directors by the stockholders and until his or her successor shall be duly elected and qualified, unless sooner displaced.

SECTION 3.4.        Removal. A director or the entire board of directors may be removed, with or without cause, by the affirmative vote of the holders of a majority of the shares then entitled to vote at an election of directors.

SECTION 3.5.        Annual Meetings. The annual meeting of the board of directors shall be held, without other notice than this by-law, immediately after, and at the same place as, the annual meeting of the stockholders.

SECTION 3.6.        Special Meetings. Special meetings of the board of directors may be called by the president and shall be called by the secretary or any other officer at the request of any two directors, to be held at such time and place, either within or without the State of

Delaware, as shall be designated by the call and specified in the notice of such meeting. Notice thereof shall be given as provided in Section 3.7 of these by-laws.

SECTION 3.7.    Notice of Meetings. Regular meetings, other than the annual meeting, of the board of directors may be held without notice at such time and at such place as shall from time to time be determined by resolution of the board. Special meetings of the board of directors may be called on notice to each director, either orally, personally, by telephone, by mail or by telefax not less than forty-eight (48) hours' before the date of the meeting. Any director may waive notice of any meeting. Except as otherwise provided by law or by these by-laws, a director's attendance at a regular or special meeting shall constitute a waiver of notice of such meeting.

SECTION 3.8.    Quorum Required, Vote and Adjournment. At each meeting of the board of directors, the presence of not less than a majority of the whole board shall be necessary and sufficient to constitute a quorum for the transaction of business, and the act of a majority of the directors present at any meeting at which there is a quorum shall be the act of the board of directors, except as may be otherwise specifically provided by statute or these by-laws. If a quorum shall not be present at any meeting of directors, the directors present thereat may adjourn the meeting from time to time, without notice other than announcement at the meeting, until a quorum shall be present.

SECTION 3.9.    Communications Equipment. Unless otherwise restricted by the certificate of incorporation, any member of the board of directors or of any committee designated by the board may participate in a meeting of the directors or committee by means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting by means of such equipment shall constitute presence in person at such meeting.

SECTION 3.10.    Presumption of Assent. Unless otherwise provided by statute, a director of the corporation who is present at a meeting of the board of directors at which action is taken on any corporate matter shall be presumed to have assented to the action taken unless his or her dissent shall be entered in the minutes of the meeting or unless he or she shall file his or her written dissent to such action with the person acting as secretary of the meeting before the adjournment thereof or shall forward such dissent by registered mail to the secretary of the corporation immediately after the adjournment of the meeting. Such right to dissent shall not apply to a director who voted in favor of such action.

SECTION 3.11.    Action By Written Consent. Any action required or permitted to be taken at any meeting of the board of directors, or of any committee thereof, may be taken without a meeting, if a written consent thereto is signed by all members of the board or of such committee, as the case may be, and such written consent is filed with the minutes of proceedings of the board or committee.

SECTION 3.12.    Presiding Officer. The presiding officer at any meeting of the board of directors shall be the chairman of the board or, in his or her absence, the president or any director elected chairman by vote of a majority of the directors present at the meeting.

SECTION 3.13.     Executive Committee. The board of directors may, by resolution passed by a majority of the whole board, designate two or more directors of the corporation to constitute an executive committee, which, to the extent provided in the resolution and by Delaware law, shall have and may exercise all the powers and authority of the board of directors in the management of the business and affairs of the corporation and may authorize the seal of the corporation to be affixed to all papers which may require it.

SECTION 3.14.     Other Committees. The board of directors may designate one or more other committees, each committee to consist of one or more of the directors of the corporation. Each member of such committee shall serve for such term and the committee shall have and may exercise, during intervals between meetings of the board of directors, such duties, functions and powers as the board of directors may from time to time prescribe, subject to the limitations of Delaware law.

SECTION 3.15.     Alternates. The board of directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee. In the absence or disqualification of a member of a committee, the member or members present at any meeting and not disqualified from voting, whether or not such member or members constitute a quorum, may unanimously appoint another member of the board of directors to act at the meeting in place of any such absent or disqualified member.

SECTION 3.16.     Quorum and Manner of Acting - Committees. The presence of a majority of the members of any committee shall constitute a quorum for the transaction of business at any meeting of such committee, and the act of a majority of those present shall be necessary for the taking of any action thereat.

SECTION 3.17.     Committee Chairman, Books and Records, Etc. The chairman of each committee shall be selected from among the members of the committee by the board of directors.

Each committee shall keep a record of its acts and proceedings, and all actions of each committee shall be reported to the board of directors at its next meeting.

Each committee shall fix its own rules of procedure not inconsistent with these by-laws or the resolution of the board of directors designating such committee and shall meet at such times and places and upon such call or notice as shall be provided by such rules.

SECTION 3.18.     Fees and Compensation of Directors. Directors shall not receive any stated salary or other fees for their services as such; but, by resolution of the board of directors, a fixed fee, with or without expenses of attendance, may be allowed for attendance at each regular or special meeting of the board. Members of the board shall be allowed their reasonable traveling expenses when actually engaged in the business of the corporation. Members of any committee may be allowed like fees and expenses for attending committee meetings. Nothing herein contained shall be construed to preclude any director from serving the corporation in any other capacity and receiving compensation therefor.

- 8 -

SECTION 3.19.    <u>Reliance Upon Records</u>. Every director of the corporation, or member of any committee designated by the board of directors, shall, in the performance of his or her duties, be fully protected in relying in good faith upon the records of the corporation and upon such information, opinions, reports or statements presented to the corporation by any of the corporation's officers or employees, or committees of the board of directors, or by any other person as to matters the director reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the corporation.

SECTION 3.20.    <u>Dividends and Reserves</u>. Dividends upon stock of the corporation may be declared by the board of directors at any regular or special meeting. Dividends may be paid in cash, in property, in shares of stock or otherwise in the form, and to the extent, permitted by law. The board of directors may set apart, out of any funds of the corporation available for dividends, a reserve or reserves for working capital or for any other lawful purpose, and also may abolish any such reserve in the manner in which it was created.

ARTICLE IV

OFFICERS

SECTION 4.1.    <u>Offices and Official Positions</u>. The officers of the corporation shall consist of a president and a secretary. The president shall be the chief executive officer. In addition to the foregoing, the officers may consist of a chairman of the board, one or more vice presidents, assistant secretaries, assistant treasurers, and other officers as the board of directors shall determine. Any two or more offices may be held by the same person. The board of directors may choose not to fill any office for any period as it may deem advisable, except that the offices of president and secretary shall be filled as expeditiously as possible. None of the officers need be a director, a stockholder of the corporation or a resident of the State of Delaware. The board of directors may from time to time establish, and abolish, official positions within the divisions into which the business and operations of the corporation are divided, pursuant to ARTICLE V of these by-laws, and assign titles and duties to such positions. Those appointed to official positions within divisions may, but need not, be officers of the corporation. The board of directors shall appoint individuals to official positions within a division and may with or without cause remove from such a position any person appointed to it. In any event, the authority incident to an official position within a division shall be limited to acts and transactions within the scope of the business and operations of such division.

SECTION 4.2.    <u>Election and Term of Office</u>. The officers of the corporation shall be elected at the organizational meeting of the board of directors, and thereafter, annually by the board of directors at their first meeting held after each regular annual meeting of the stockholders. If the election of officers shall not be held at such meeting of the board, such election shall be held at a regular or special meeting of the board of directors as soon thereafter as may be convenient. Each officer shall hold office until his or her successor is elected and qualified or until his or her death, resignation or removal as hereinafter provided.

SECTION 4.3.    <u>Removal and Resignation</u>. Any officer may be removed, either with or without cause, by a majority of the directors then in office at any regular or special

CHIDOCS02:276952.1

meeting of the board; but such removal shall be without prejudice to the contract rights, if any, of such person so removed. Any officer may resign at any time by giving written notice to the board of directors, to the president or to the secretary of the corporation. Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein; and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

SECTION 4.4.        Vacancies. A vacancy in any office because of death, resignation, removal, or any other cause may be filled for the unexpired portion of the term by the board of directors.

SECTION 4.5.        Chairman of the Board. The chairman of the board, if there shall be such chairman, shall preside, in lieu of the president, at all meetings of the stockholders and board of directors of the corporation. The chairman of the board shall have such other duties as may be prescribed by the board of directors from time to time.

SECTION 4.6.        President. The president shall be the chief executive officer of the corporation, and may be referred to as president, chief executive officer, or both. He or she shall have the overall supervision of the business of the corporation and shall direct the affairs and policies of the corporation, subject to such policies and directions as may be provided by the board of directors. He or she shall have authority to designate the duties and powers of other officers and delegate special powers and duties to specified officers, so long as such designation shall not be inconsistent with the statutes, these by-laws or action of the board of directors. He or she shall also have power to execute, and shall execute, deeds, mortgages, bonds, contracts or other instruments of the corporation except where required or permitted by law to be otherwise signed and executed and except where the signing and execution thereof shall be expressly delegated by the board of directors to some other officer or agent of the corporation. The president in general shall have all other powers and shall perform all other duties which are incident to the chief executive office of a corporation or as may be prescribed by the board of directors from time to time.

SECTION 4.7.        Vice Presidents. In the absence of the president, at his or her request or in the event of his or her inability or refusal to act, the vice presidents in order of their rank as fixed by the board of directors or, if not ranked, the vice president designated by the board of directors or the president, shall perform all duties of the president and, when so acting, shall have all the powers of, and be subject to all the restrictions upon, the president. The vice presidents shall have such other powers and perform such other duties, not inconsistent with the statutes, these by-laws, or action of the board of directors, as from time to time may be prescribed for them, respectively, by the board of directors or the president. Any vice president may sign, with the secretary or an assistant secretary, or the treasurer or an assistant treasurer, certificates for shares of stock of the corporation the issuance of which shall have been duly authorized by the board of directors.

SECTION 4.8.        Secretary. The secretary shall: (a) keep the minutes of the meetings of the stockholders, the board of directors and committees of directors, in one or more books provided for that purpose; (b) see that all notices are duly given in accordance with the provisions of these by-laws or as required by law; (c) have charge of the corporate records and of

- 10 -

the seal of the corporation; (d) affix the seal of the corporation, if any, or a facsimile thereof, or cause it to be affixed, to all certificates for shares prior to the issue thereof and to all documents the execution of which on behalf of the corporation under its seal is duly authorized by the board of directors or otherwise in accordance with the provisions of these by-laws; (e) keep a register of the post office address of each stockholder, director and committee member which shall from time to time be furnished to the secretary by such stockholder, director or member; (f) sign with the president or any vice president, certificates for shares of stock of the corporation, the issuance of which shall have been duly authorized by resolution of the board of directors; (g) have general charge of the stock transfer books of the corporation; and (h) in general, perform all duties incident to the office of secretary and such other duties as from time to time may be assigned to him or her by the president or by the board of directors. He or she may delegate such details of the performance of duties of his or her office as may be appropriate in the exercise of reasonable care to one or more persons in his or her stead, but shall not thereby be relieved of responsibility for the performance of such duties.

SECTION 4.9.      Treasurer. The treasurer shall: (a) be responsible to the board of directors for the receipt, custody and disbursement of all funds and securities of the corporation; (b) receive and give receipts for monies due and payable to the corporation from any source whatsoever and deposit all such monies in the name of the corporation in such banks, trust companies or other depositories as shall from time to time be selected in accordance with the provisions of Section 6.4. of these by-laws; (c) disburse the funds of the corporation as ordered by the board of directors or the president or as otherwise required in the conduct of the business of the corporation; (d) render to the president or the board of directors, upon request, an account of all his or her transactions as treasurer and on the financial condition of the corporation; and (e) in general, perform all the duties incident to the office of treasurer and such other duties as from time to time may be assigned to him or her by the president, the board of directors or these by-laws. He or she may sign, with the president, or a vice president, certificates for shares of stock of the corporation, the issuance of which shall have been duly authorized by resolution of the board of directors. He or she may delegate such details of the performance of duties of his or her office as may be appropriate in the exercise of reasonable care to one or more persons in his or her stead, but shall not thereby be relieved of responsibility for the performance of such duties. If required by the board of directors, the treasurer shall give a bond for the faithful discharge of his or her duties in such sum, and with such surety or sureties, as the board of directors shall determine.

SECTION 4.10.      Assistant Treasurers and Assistant Secretaries. The assistant treasurers and assistant secretaries shall perform all functions and duties which the secretary or treasurer, as the case may be, may assign or delegate; but such assignment or delegation shall not relieve the principal officer from the responsibilities and liabilities of his or her office. In addition, an assistant secretary or an assistant treasurer, as thereto authorized by the board of directors, may sign with the president, or a vice president, certificates for shares of the corporation, the issuance of which shall have been duly authorized by resolution of the board of directors; and the assistant secretaries and assistant treasurers shall, in general, perform such duties as shall be assigned to them by the secretary or the treasurer, respectively, or by the president or by the board of directors. The assistant treasurers shall, if required by the board of directors, give bonds for the faithful discharge of their duties in such sums, and with such surety or sureties, as the board of directors shall determine.

SECTION 4.11.      <u>Salaries</u>.  The salaries of the officers may be fixed from time to time by the board of directors or by such officer as it shall designate for such purpose or as it shall otherwise direct.   No officer shall be prevented from receiving a salary or other compensation by reason of the fact that he or she is also a director of the corporation.

## ARTICLE V

## DIVISIONS

SECTION 5.1.      <u>Divisions of the Corporation</u>.  The board of directors shall have the power to create and establish such operating divisions of the corporation as it may from time to time deem advisable.

SECTION 5.2.      <u>Official Positions Within a Division</u>.  If the board of directors does not appoint individuals to official positions within a division, then the president may so appoint such individuals, whether or not they are officers of the corporation, to, and may, with or without cause, remove them from, official positions established within a division.  The president may not remove any individual appointed by the board of directors.  (See also Section 4.1 of these by-laws.)

## ARTICLE VI

## CONTRACTS, LOANS, CHECKS AND DEPOSITS

SECTION 6.1.      <u>Contracts and Other Instruments</u>.   The board of directors may authorize any officer(s), agent(s) or employee(s) to enter into any contract or execute and deliver any instrument in the name of and on behalf of the corporation, or of any division thereof, and such authority may be general or confined to specific instances.

SECTION 6.2.      <u>Loans</u>.  No loans shall be contracted on behalf of the corporation, or any division thereof, and no evidence of indebtedness shall be issued in the name of the corporation, or any division thereof, unless authorized by a resolution of the board of directors.  Such authority may be general or confined to specific instances.

SECTION 6.3.      <u>Checks, Drafts, etc</u>.  All checks, demands, drafts or other orders for the payment of money, notes or other evidences of indebtedness issued in the name of the corporation, or any division thereof, shall be signed by such officer or officers, agent or agents of the corporation, and in such manner, as shall from time to time be authorized by the board of directors.

SECTION 6.4.      <u>Deposits</u>.  All funds of the corporation, or any division thereof, not otherwise employed shall be deposited from time to time to the credit of the corporation in such banks, trust companies or other depositories as the board of directors may select.

- 12 -

## ARTICLE VII

## CERTIFICATES OF STOCK AND THEIR TRANSFER

SECTION 7.1.        Certificates of Stock. The certificates of stock of the corporation shall be in such form as may be determined by the board of directors, shall be numbered and shall be entered in the books of the corporation as they are issued. They shall exhibit the holder's name and number of shares and shall be signed by the president or vice president and by the treasurer or an assistant treasurer or the secretary or an assistant secretary. If any stock certificate is signed (a) by a transfer agent or an assistant transfer agent or (b) by a transfer clerk acting on behalf of the corporation and a registrar, the signature of any officer of the corporation may be facsimile. In case any such officer whose facsimile signature has thus been used on any such certificate shall cease to be such officer, whether because of death, resignation or otherwise, before such certificate has been issued, such certificate may nevertheless be issued with the same effect as if he or she were such officer at the date of issue. All certificates properly surrendered to the corporation for transfer shall be cancelled and no new certificate shall be issued to evidence transferred shares until the former certificate for at least a like number of shares shall have been surrendered and cancelled and the corporation reimbursed for any applicable taxes on the transfer, except that in the case of a lost, destroyed or mutilated certificate a new one may be issued therefor upon such terms, and with such indemnity (if any) to the corporation, as the board of directors may prescribe specifically or in general terms or by delegation to a transfer agent for the corporation. (See Section 7.2.)

SECTION 7.2.        Lost, Stolen or Destroyed Certificates. The board of directors in individual cases, or by general resolution or by delegation to the transfer agent, may direct a new certificate or certificates or uncertificated shares to be issued in place of any certificate or certificates theretofore issued by the corporation alleged to have been lost, stolen or destroyed, upon the making of an affidavit of that fact by the person claiming the certificate of stock to be lost, stolen or destroyed. When authorizing such issue of a new certificate or certificates, the board of directors may, in its discretion and as a condition precedent to the issuance thereof, require the owner of such lost, stolen or destroyed certificates, or his or her legal representative, to advertise the same in such manner as it shall require and/or to give the corporation a bond sufficient to indemnify it against any claim that may be made against the corporation on account of the alleged loss, theft or destruction of such certificate or the issuance of a new certificate or uncertificated shares.

SECTION 7.3.        No Fractional Share Certificates. Certificates shall not be issued representing fractional shares of stock.

SECTION 7.4.        Transfers of Stock. Upon surrender to the corporation or the transfer agent of the corporation of a certificate for shares duly endorsed or accompanied by proper evidence of succession, assignment or authority to transfer, and upon payment of applicable taxes with respect to such transfer, and in compliance with any restrictions on transfer applicable to the certificate or shares represented thereby of which the corporation shall have notice and subject to such rules and regulations as the board of directors may from time to time deem advisable concerning the transfer and registration of certificates for shares of capital stock of the corporation, the corporation shall issue a new certificate to the person entitled thereto,

cancel the old certificate and record the transaction upon its books. Transfers of shares shall be made only on the books of the corporation by the registered holder thereof or by his or her attorney or successor duly authorized as evidenced by documents filed with the secretary or transfer agent of the corporation.

SECTION 7.5.     Restrictions on Transfer. Any stockholder may enter into an agreement with other stockholders or with the corporation providing for reasonable limitation or restriction on the right of such stockholder to transfer shares of capital stock of the corporation held by him, including, without limiting the generality of the foregoing, agreements granting to such other stockholders or to the corporation the right to purchase for a given period of time any of such shares on terms equal to terms offered such stockholders by any third party. Any such limitation or restriction on the transfer of shares of this corporation must be set forth conspicuously on certificates representing shares of capital stock or, in the case of uncertificated shares, contained in a notice sent pursuant to Section 151(f) of the General Corporation Law of Delaware, in which case the corporation or the transfer agent shall not be required to transfer such shares upon the books of the corporation without receipt of satisfactory evidence of compliance with the terms of such limitation or restriction.

SECTION 7.6.     Fixing Record Date. In order that the corporation may determine the stockholders entitled to notice of or to vote at any meeting of stockholders or any adjournment thereof, the board of directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted by the board of directors, and which record date shall not be more than 60 nor less than 10 days before the date of such meeting. If no record date is fixed by the board of directors, the record date for determining stockholders entitled to notice of or to vote at a meeting of stockholders shall be at the close of business on the day next preceding the day on which notice is given, or, if notice is waived, at the close of business on the day next preceding the day on which the meeting is held. A determination of stockholders of record entitled to notice of or to vote at a meeting of stockholders shall apply to any adjournment of the meeting; provided, however, that the board of directors may fix a new record date for the adjourned meeting.

In order that the corporation may determine the stockholders entitled to consent to corporate action in writing without a meeting, the board of directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted by the board of directors, and which date shall not be more than ten days after the date upon which the resolution fixing the record date is adopted by the board of directors. If no record date has been fixed by the board of directors, the record date for determining stockholders entitled to consent to corporate action in writing without a meeting, when no prior action by the board of directors is required, shall be the first date on which a signed written consent setting forth the action taken or proposed to be taken is delivered to the corporation by delivery to its registered office, its principal place of business, or an officer or agent of the corporation having custody of the book in which proceedings of meetings of stockholders are recorded.

In order that the corporation may determine the stockholders entitled to receive payment of any dividend or other distribution or allotment of any rights or the stockholders entitled to exercise any rights in respect of any change, conversion or exchange of stock, or for the purpose of any other lawful action, the board of directors may fix a record date, which record date shall

not precede the date upon which the resolution fixing the record date is adopted, and which record date shall be not more than 60 days prior to such action. If no record date is fixed, the record date for determining stockholders for any such purpose shall be at the close of business on the day on which the board of directors adopts the resolution relating thereto.

SECTION 7.7.   Stockholders of Record. The corporation shall be entitled to treat the holder of record of any share or shares of stock as the holder in fact thereof and accordingly, shall not be bound to recognize any equitable or other claim to or interest in such share or shares on the part of any other person, whether or not it shall have express or other notice thereof, except as otherwise provided by the laws of Delaware.

ARTICLE VIII

INDEMNIFICATION

SECTION 8.1.   In General. Each person who at any time is or shall have been a director, officer, employee or agent of the corporation, or is or shall have been serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, and his or her heirs, executors and administrators, shall be indemnified by this corporation in accordance with and to the full extent permitted by the Delaware General Corporation Law as in effect at the time of adoption of this by-law or as amended from time to time. The foregoing right of indemnification shall not be deemed exclusive of any other rights to which a person seeking indemnification may be entitled under any by-law, agreement, vote of stockholders or disinterested directors or otherwise.

The corporation shall, in its discretion, pay the expenses (including attorneys' fees) incurred in defending any proceeding in advance of its final disposition, provided, however, that the payment of expenses incurred by a director or officer in advance of the final disposition of the proceeding shall be made only upon receipt of an undertaking by the director or officer to repay all amounts advanced if it should be ultimately determined that the director or officer is not entitled to be indemnified under this Article or otherwise. Such expenses (including attorneys' fees) incurred by former directors and officers or other employees and agents may be so paid upon such terms and conditions, if any, as the corporation deems appropriate.

SECTION 8.2.   Insurance. If authorized by the board of directors, the corporation may purchase and maintain insurance on behalf of any person to the full extent permitted by the General Corporation Law of Delaware as in effect at the time of the adoption of this by-law or as amended from time to time.

ARTICLE IX

GENERAL PROVISIONS

SECTION 9.1.   Fiscal Year. The fiscal year of the corporation shall be fixed by resolution of the board of directors.

SECTION 9.2 .   Corporate Seal. The board of directors may adopt a corporate seal which shall have inscribed thereon the name of the corporation, and the words "CORPORATE

SEAL" and "DELAWARE;" and it shall otherwise be in the form approved by the board of directors. Such seal may be used by causing it, or a facsimile thereof, to be impressed or affixed or otherwise reproduced.

## ARTICLE X

## AMENDMENTS

SECTION 10.1.     In General. Any provision of these by-laws (except as provided in Section 10.2 hereof) may be altered, amended or repealed from time to time by the affirmative vote of a majority of the stock having voting power present in person or by proxy at any annual meeting of stockholders at which a quorum is present, or at any special meeting of stockholders at which a quorum is present, if notice of the proposed alteration, amendment or repeal be contained in the notice of such special meeting, or by the affirmative vote of a majority of the directors then qualified and acting at any regular or special meeting of the board; provided, however, that the stockholders may provide specifically for limitations on the power of directors to amend particular by-laws and, in such event, the directors' power of amendment shall be so limited; and further provided that no reduction in the number of directors shall have the effect of removing any director prior to the expiration of his or her term of office.

SECTION 10.2.     Required Vote. Notwithstanding anything contained in Section 10.1 of this ARTICLE X, the affirmative vote of a majority of shares entitled to vote therefor at a stockholder's meeting, or, subject to such limitations as the stockholders may from time to time prescribe, shall be required to alter, amend or repeal, or adopt any provisions inconsistent with Section 3.1 of ARTICLE III of these by-laws, to fix or change (including by increase or decrease) the number of directors of the corporation.

\* \* \*

XTI LLC

AMENDED AND RESTATED LIMITED LIABILITY COMPANY AGREEMENT

Dated as of _____, 2010

XTI LLC

AMENDED AND RESTATAED LIMITED LIABILITY COMPANY AGREEMENT

This Amended and Restated  Limited Liability Company Agreement ("Agreement") of XTI LLC (the "Company") is made as of _____, ____, as required by that certain amended joint prepackaged plan of reorganization under chapter 11 of the Bankruptcy Code of XTI LLC and certain of its debtor affiliates, as filed with the United States Bankruptcy Court for the District of Delaware (the "Court") on March 30, 2010 (Case No. 10-_____ (___)) and confirmed by the Court on _____, ____ (the "Plan").

WHEREAS, Xerium Technologies, Inc, (the "Original Member") wishes to form a limited liability company pursuant to and in accordance with the Delaware Limited Liability Company Act in order to conduct the business described herein.

NOW, THEREFORE, the Original Member agrees with the Company as follows

ARTICLE 1
DEFINITIONS

For purposes of this Agreement the following terms have the following meanings:

"Act" means the Delaware Limited Liability Company Act (6 Del. C. § 18401, et seq.) as amended and in effect from time to time.

"Affiliate" means, with respect to any specified Person, any Person that directly or through one or more intermediaries controls or is controlled by or is under common control with the specified Person. As used in this definition, the term "control" means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of a Person, whether through ownership of voting securities, by contract or otherwise.

"Agreement" means this Limited Liability Company Agreement of the Company dated as of _____,  2010, as amended from time to time.

"Capital Contribution" means the amount of cash and the fair market value of any other property contributed to the Company with respect to any Interest held by a Member.

"Certificate" means the Certificate of Formation of the Company filed on June 23, 2004 and any and all amendments thereto and restatements thereof filed on behalf of the Company as permitted hereunder with the office of the Secretary of State of the State of Delaware.

"Code" means the Internal Revenue Code of 1986, as amended from time to time, and the corresponding provisions of any future federal tax law.

"Company" means the limited liability company formed by virtue of this Agreement and the filing of the Certificate in accordance with the Act.

"Distribution" means the amount of cash and the fair market value of any other property distributed in respect of a Member's Interest in the Company.

"Fiscal Year" means the fiscal year of the Company which shall end on June 30 in each year or on such other date in each year as determined by the Board of Managers.

"Indemnified Party" is defined in Section 10.1.

"Interest" means the interest of a Member in the capital and profits of the Company, including the right of such Member to any and all benefits to which such Member may be entitled as provided in this Agreement, together with the obligations of such Member to comply with all the terms and provisions of this Agreement.

"Member" means the Original Member and any other Person that both acquires an Interest in the Company and is admitted to the Company as a Member pursuant to this Agreement, from time to time.

"Original Member" means Xerium 3 S.A.

"Person" means an individual, partnership, joint venture, association, corporation, trust, estate, limited liability company, limited liability partnership, or any other legal entity.

"Unit Certificate" is defined in Section 3.7.

"Units" are a measure of a Member's Interest in the Company.

## ARTICLE 2
## FORMATION AND PURPOSE

2.1     Formation, etc. The Company was formed as a limited liability company in accordance with the Act by the filing of the Certificate with the Secretary of State of Delaware on June 24, 2004. The rights, duties and liabilities of each Member and the Board of Managers shall be determined pursuant to the Act and this Agreement. To the extent that such rights, duties or obligations are different by reason of any provision of this Agreement than they would be in the absence of such provision, this Agreement shall, to the extent permitted by the Act, control. By execution hereof, the Original Member is admitted as a Member of the Company and shall acquire a limited liability interest in the Company.

2.2     Name. The name of the Company is XTI LLC. The business of the Company may be conducted under that name or, upon compliance with applicable laws, any other name that the Board of Managers deems appropriate or advisable. The Board of Managers shall file, or shall

USActive 18780367.2                                          -2-

cause to be filed, any fictitious name certificates and similar filings, and any amendments thereto, that the Board of Managers considers appropriate or advisable.

2.3     Registered Office/Agent. The registered office required to be maintained by the Company in the State of Delaware pursuant to the Act shall initially be do The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801. The name and address of the registered agent of the Company pursuant to the Act shall initially be Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801. The Company may, upon compliance with the applicable provisions of the Act, change its registered office or registered agent from time to time in the discretion of the Board of Managers.

2.4     Term. The term of the Company shall continue indefinitely unless sooner terminated as provided herein. The existence of the Company as a separate legal entity shall continue until the cancellation of the Certificate as provided in the Act.

2.5     Purpose. The Company is formed for the purpose of, and the nature of the business to be conducted by the Company is, engaging in any lawful act or activity for which limited liability companies may be formed under the Act and engaging in any activities necessary, advisable, convenient or incidental thereto.

2.6     Specific Powers. Without limiting the generality of Section 2.5, the Company shall have the power and authority to take any and all actions necessary, appropriate, proper, advisable, incidental or convenient to or for the furtherance of the purpose set forth in Section 2.5, including, but not limited to, the power:

2.6.1     to conduct its business, carry on its operations and have and exercise the powers granted to a limited liability company by the Act in any country, state, territory, district or other jurisdiction, whether domestic or foreign;

2.6.2     to acquire by purchase, lease, contribution of property or otherwise, own, hold, operate, maintain, finance, improve, lease, sell, convey, mortgage, transfer, demolish or dispose of any real or personal property;

2.6.3     to negotiate, enter into, renegotiate, extend, renew, terminate, modify, amend, waive, execute, perform and carry out and take any other action with respect to contracts or agreements of any kind, including without limitation leases, licenses, guarantees and other contracts for the benefit of or with any Member or any Affiliate of any Member, without regard to whether such contracts may be deemed necessary, convenient to, or incidental to the accomplishment of the purposes of the Company;

2.6.4     to purchase, take, receive, subscribe for or otherwise acquire, own, hold, vote, use, employ, sell, mortgage, lend, pledge, or otherwise dispose of, and otherwise use and deal in and with, shares or other interests in or obligations of domestic or foreign corporations, associations, general or limited partnerships, trusts, limited liability companies, or individuals or other persons or direct or indirect obligations of the United States or of any government, state, territory, governmental district or municipality or of any instrumentality of any of them;

2.6.5    to lend money, to invest and reinvest its funds, and to accept real and personal property for the payment of funds so loaned or invested;

2.6.6    to borrow money and issue evidence of indebtedness, and to secure the same by a mortgage, pledge, security interest or other lien on the assets of the Company;

2.6.7    to pay, collect, compromise, litigate, arbitrate or otherwise adjust or settle any and all other claims or demands of or against the Company or to hold such proceeds against the payment of contingent liabilities;

2.6.8    to sue and be sued, complain and defend, and participate in administrative or other proceedings, in its name;

2.6.9    to appoint employees, officers, agents and representatives of the Company, and define their duties and fix their compensation;

2.6.10  to indemnify any Person in accordance with the Act and this Agreement;

2.6.11  to cease its activities and cancel its Certificate; and

2.6.12  to make, execute, acknowledge and file any and all documents or instruments necessary, convenient or incidental to the accomplishment of the purpose of the Company.

2.7      Certificate. The filing of the Certificate by Joshua M. Aronson is hereby ratified and confirmed and said Person is hereby designated as an "authorized person" within the meaning of the Act to execute, deliver and file the Certificate and Stephen R. Light, David Maffucci, Ted Orban and Elizabeth Leete and such other Persons as may be designated from time to time by the Board of Managers are designated as authorized persons, within the meaning of the Act, to execute, deliver and file any amendments or restatements of the Certificate or any certificate of cancellation of the Certificate and any other certificates necessary for the Company to qualify to do business in a jurisdiction in which the Company may wish to conduct business.

2.8.     Principal Office. The principal executive office of the Company shall be located at such place within or without the State of Delaware as the Board of Managers shall establish, and the Board of Managers may from time to time change the location of the principal executive office of the Company to any place within or without the State of Delaware. The Board of Managers may establish and maintain such additional offices and places of business of the Company, either within or without the State of Delaware, as it deems appropriate.

ARTICLE 3
ORIGINAL MEMBER; CAPITAL CONTRIBUTIONS; AND UNITS

3.1      Member. The name and the business address of the Original Member of the Company is as follows:

| Name | Address |
|---|---|

Xerium Technologies, Inc.

3.2     Initial Capital Contribution. Contemporaneously with the execution hereof the Original Member is making an Initial Capital Contribution to the Company of $100. The Initial Capital Contribution shall be allocated to a stated capital account of the Company.

3.3     Additional Capital Contributions. The Members shall make additional Capital Contributions to the Company for such purposes, at such times and in such amounts as shall be agreed by the Members holding not less than 75.0% of the then outstanding Units at a meeting of the Members held pursuant to Section 4.4 and Exhibit 4.4.

3.4     Return of Capital Contributions. No Member shall have the right to demand a return of all or any part of its Capital Contributions, and any return of the Capital Contributions of a Member shall be made solely from the assets of the Company and only in accordance with the terms of this Agreement. No interest shall be paid to any Member with respect to its Capital Contributions.

3.5     Registration of Interests. Each Interest constitutes a "security," as such term is defined in 6 Del. C. § 8-102(15), governed by Article 8 of the Uniform Commercial Code as in effect in the State of Delaware (6 Del. C. § 8-101, et seq.). The Company shall maintain a record of the ownership of the Interests which shall, initially, be as set forth on Schedule A and which shall be amended from time to time to reflect transfers of the ownership of the Interests. An Interest shall be transferred by delivery to the Company of an instruction by the registered owner of the Interest requesting registration of transfer of such Interest (accompanied by a duly indorsed security certificate representing such Interest or affidavit of loss therefore) and the recording of such transfer in the records of the Company.

3.6     Units. Upon the admission of the Original Member as a Member, the Interest of the Original Member shall be divided into 100 Units.  Notwithstanding anything to the contrary contained herein, the Company may not issue Units that would be deemed to be non-voting securities as contemplated by section 1123(a)(6) of the Title 11 of the United States Code, and any provision contained herein that would render the Units non-voting equity units  as contemplated by section 1123(a)(6) of Title 11 of the United States Code shall be deemed null and void.  The Board of Managers may issue additional Units to any Member in respect of additional Capital Contributions.

3.7     Unit Certificate. Each Member shall be entitled to a certificate stating the number of Units held by the Member in such form as shall, in conformity with law and this Agreement, be prescribed from time to time by the Board of Managers (a "Unit Certificate"). Such Unit Certificate shall be signed by the Chair of the Board of Managers or the President or any Vice President and by the Treasurer or an Assistant Treasurer or by the Secretary or an Assistant Secretary.

3.8     Loss of Certificate. In the case of the alleged theft, loss, destruction or mutilation of a Unit Certificate, a duplicate certificate may be issued in place thereof, upon such terms,

including receipt of a bond sufficient to indemnify the Company against any claim on account thereof, as the Board of Managers may prescribe.

## ARTICLE 4
## STATUS AND RIGHTS OF MEMBERS

4.1     Limited Liability. Except as otherwise provided by the Act, the debts, obligations and liabilities of the Company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the Company, and no Member, no member of the Board of Managers and no other Indemnified Party shall be obligated personally for any such debt, obligation or liability of the Company solely by reason of being a Member, a member of the Board of Managers or an Indemnified Party. All Persons dealing with the Company shall look solely to the assets of the Company for the payment of the debts, obligations or liabilities of the Company.

4.2     Return of Distributions of Capital. Except as otherwise expressly required by law, no Member, in its capacity as such, shall have any liability either to the Company or any of its creditors in excess of (a) in the case of the Original Member, its obligation to make a capital contribution pursuant to Section 3.2, if not previously made, (b) any assets and undistributed profits of the Company and (c) to the extent required by law, the amount of any Distributions wrongfully distributed to it. Except as required by law or a court of competent jurisdiction, no Member or investor in or partner of a Member shall be obligated by this Agreement to return any Distribution to the Company or pay the amount of any Distribution for the account of the Company or to any creditor of the Company. The amount of any Distribution returned to the Company by or on behalf of a Member or paid by or on behalf of a Member for the account of the Company or to a creditor of the Company shall be added to the account or accounts from which it was subtracted when it was distributed to such Member.

4.3     No Management or Control. No Member shall take any part in or interfere in any manner with the management of the business and affairs of the Company or have any right or authority to act for or bind the Company.

4.4     Meetings of Members. Meetings of Members shall be held and conducted, and the voting rights of Members shall be, as set forth on Exhibit 4.4 hereto. .

## ARTICLE 5
## DISTRIBUTIONS

5.1     Distributions. Subject to the requirements of the Act, the amount and timing of all Distributions shall be determined by the Member or Members at a meeting called for such purpose. All Distributions shall be made ratably to each Member in accordance with the number of Units then held by such Member. Distributions may be made in cash, securities or other property. .

5.2     Withholding. The Company is hereby authorized to withhold and pay over any withholding or other taxes payable by the Company as a result of a Member's status as a Member hereunder.

ARTICLE 6
MANAGEMENT

6.1     Management. The business of the Company shall be managed by a Board of Managers, and the Persons constituting the Board of Managers shall be the "managers" of the Company for all purposes under the Act. The Board of Managers as of the date hereof shall be the Persons set forth in Exhibit 6.1. Thereafter, the Persons constituting the Board of Managers shall be elected by the Members in accordance with Exhibit 4.4 hereto. Decisions of the Board of Managers shall be embodied in a vote or resolution adopted in accordance with the procedures set forth in Exhibit 6.1. Such decisions shall be decisions of the "manager" for all purposes of the Act and shall be carried out by any member of the Board of Managers or by officers or agents of the Company designated by the Board of Managers in the vote or resolution in question or in one or more standing votes or resolutions or with the power and authority to do so under Section 6.3. A decision of the Board of Managers may be amended, modified or repealed in the same manner in which it was adopted or in accordance with the procedures set forth in Exhibit 6.1 as then in effect, but no such amendment, modification or repeal shall affect any Person who has been furnished a copy of the original vote or resolution, certified by a duly authorized agent of the Company, until such Person has been notified in writing of such amendment, modification or repeal.

6.2     Authority of Board of Managers. The Board of Managers shall have the exclusive power and authority to manage the business and affairs of the Company and to make all decisions with respect thereto. Except as otherwise expressly provided in this Agreement, the Board of Managers or Persons designated by the Board of Managers, including officers and agents appointed by the Board of Managers, shall be the only Persons authorized to execute documents which shall be binding on the Company. To the fullest extent permitted by Delaware law, the Board of Managers shall have the power to do any and all acts, statutory or otherwise, with respect to the Company of this Agreement, which would otherwise be possessed by the Member or Members under the laws of the State of Delaware, and the Member or Members shall have no power whatsoever with respect to the management of the business and affairs of the Company. The owner and authority granted to the Board of Managers hereunder shall include all those necessary or convenient for the furtherance of the purposes of the Company and shall include the power to make all decisions with regard to the management, operations, assets, financing and capitalization of the Company, including without limitation, the power and authority to undertake and make decisions concerning: (a) hiring and firing of employees,

attorneys, accountants, brokers, investment bankers and other advisors and consultants, (b) entering into of leases for real or personal property, (c) opening of bank and other deposit accounts and operations thereunder, (d) purchasing, constructing, improving, developing and maintaining of real property, (e) purchasing of insurance, goods, supplies, equipment, materials and other personal property, (f) borrowing of money, obtaining of credit, issuance of notes, debentures, securities, equity or other interests of or in the Company and securing of the obligations undertaken in connection therewith with mortgages on and security interests in all or any portion of the real or personal property of the Company, (g) making of investments in or the acquisition of securities of any Person, (h) giving of guarantees and indemnities, (i) entering into of contracts or agreements whether in the ordinary course of business or otherwise, (j) mergers with or acquisitions of other Persons, (k) the sale or lease of all or any portion of the assets of the Company, (1) forming subsidiaries or joint ventures, (m) compromising, arbitrating, adjusting and litigating claims in favor of or against the Company and (n) all other acts or activities necessary or desirable for the carrying out of the purposes of the Company including those referred to in Section 2.6.

6.3     Officers; Agents. The Board of Managers by vote or resolution shall have the power to appoint officers and agents to act for the Company with such titles, if any, as the Board of Managers deems appropriate and to delegate to such officers or agents such of the powers as are granted to the Board of Managers hereunder, including the power to execute documents on behalf of the Company, as the Board of Managers may in its sole discretion determine; provided, however, that no such delegation by the Board of Managers shall cause the Persons constituting the Board of Managers to cease to be the "managers" of the Company within the meaning of the Act. The officers or agents so appointed may include persons holding titles such as Chairman, Chief Executive Officer, Chief Operating Officer, President, Chief Financial Officer, Executive Vice President, Vice President, Treasurer, Controller, Secretary or Assistant Secretary. An officer may be removed at any time with or without cause. The officers of the Company as of the date hereof are set forth on Exhibit 6.3. Unless the authority of the agent designated as the officer in question is limited in the document appointing such officer or is otherwise specified by the Board of Managers, any officer so appointed shall have the same authority to act for the Company as a corresponding officer of a Delaware corporation would have to act for a corporation in the absence of a specific delegation of authority and all deeds, leases, transfers, contracts, bonds, notes, checks, drafts or other obligations made, accepted or endorsed by the corporation may be signed by the Chairman, if any, the President, a Vice President or the Treasurer, Controller, Secretary or Assistant Secretary at the time in office. The Board of Managers, in its sole discretion, may by vote or resolution of the Board of Managers ratify any act previously taken by an officer or agent acting on behalf of the Company.

6.4     Reliance by Third Parties. Any person or entity dealing with the Company or any Member may rely upon a certificate signed by a member of the Board of Managers as to: (a) the identity of the Member or the members of the Board of Managers, (b) the existence or non-existence of any fact or facts which constitute a condition precedent to acts by the Member or the Board of Managers or are in any other manner germane to the affairs of the Company, (c) the Persons which are authorized to execute and deliver any instrument or document of or on behalf of the Company, (d) the authorization of any action taken by or on behalf of the Company, the Board of Managers or any officer or agent acting on behalf of the Company or (e) any act or

failure to act by the Company or as to any other matter whatsoever involving the Company or the Member.

## ARTICLE 7
### TRANSFER OF INTERESTS

Any Member may sell, assign, pledge, encumber, dispose of or otherwise transfer all or any part of the economic or other rights that comprise its Interest. If so determined by such Member, the transferee shall have the right to be substituted for the Member under this Agreement for the transferor or as an additional Member if the Member transfers less than all of its Interest. No Member may withdraw or resign as Member except as a result of a transfer pursuant to this Article 7 in which the transferee is substituted for the Member. None of the events described in Section 18-304 of the Act shall cause a Member to cease to be a Member of the Company.

## ARTICLE 8
### AMENDMENTS TO AGREEMENT

This Agreement may be amended or modified as shall be agreed by the Members holding not less than 75.0% of the then outstanding Units at a meeting of the Members held pursuant to Section 4.4 and Exhibit 4.4. The Board of Managers shall cause to be prepared and filed any amendment to the Certificate that may be required to be filed under the Act as a consequence of any such amendment or modification.

## ARTICLE 9
### DISSOLUTION OF COMPANY

9.1     Events of Dissolution or Liquidation. The Company shall be dissolved and its affairs wound up upon the happening of either of the following events: (a) the written determination of each of the Members or (b) the entry of a decree of judicial dissolution under Section 18-802 of the Act.

9.2     Liquidation. After termination of the business of the Company, the assets of the Company shall be distributed in the following order of priority:

(a)     to creditors of the Company, including any Member if a creditor to the extent permitted by law, in satisfaction of liabilities of the Company (whether by payment thereof or the making of reasonable provision for payment thereof) other than liabilities for Distributions to the Member; and then

(b)     ratably to each Member in accordance with the number of Units then held by such Member.

## ARTICLE 10
## INDEMNIFICATION

10.1    General. The Company shall indemnify, defend, and hold harmless any Member, any director, officer, partner, stockholder, controlling Person or employee of any Member, each member of the Board of Managers, any officer, employee or agent of the Company and any Person serving at the request of the Company as a director, officer, employee, partner, trustee or independent contractor of another corporation, partnership, limited liability company, joint venture, trust or other enterprise (all of the foregoing Persons being referred to collectively as "Indemnified Parties" and individually as an "Indemnified Party") from any liability, loss or damage incurred by the Indemnified Party by reason of any act performed or omitted to be performed by the Indemnified Party pursuant to the authority granted by this Agreement or otherwise in connection with the business or affairs of the Company and from liabilities or obligations of the Company imposed on such Indemnified Party by virtue of such Indemnified Party's position with the Company, including reasonable attorneys' fees and costs and any amounts expended in the settlement of any such claims of liability, loss or damage, except for liabilities, losses, damages or obligations resulting from the Indemnified Party's gross negligence or willful misconduct; provided, however, that the indemnification under this Section 10.1 shall be recoverable only from the assets of the Company and not from any assets of any Member. Unless the Board of Managers determines in good faith that the Indemnified Party is unlikely to be entitled to indemnification under this Article 10, the Company shall pay or reimburse reasonable attorneys' fees of an Indemnified Party as incurred, provided that such Indemnified Party executes an undertaking, with appropriate security if requested by the Board of Managers, to repay the amount so paid or reimbursed in the event that a final non-appealable determination by a court of competent jurisdiction that such Indemnified Party is not entitled to indemnification under this Article 10. The Company may pay for insurance covering liability of the Indemnified Party for negligence in operation of the Company's affairs.

10.2    Exculpation. No Indemnified Party shall be liable, in damages or otherwise, to the Company or to any Member for any liability, loss or damage that arises out of any act performed or omitted to be performed by the Indemnified Party pursuant to the authority granted by this Agreement or otherwise in connection with the business or affairs of the Company. except for liabilities, losses or damages resulting from the Indemnified Party's gross negligence or willful misconduct.

10.3     Persons Entitled to Indemnity. Any Person who is within the definition of "Indemnified Party" at the time of any action or inaction in connection with the business of the Company shall be entitled to the benefits of this Article 10 as an "Indemnified Party" with respect thereto, regardless whether such Person continues to be within the definition of "Indemnified Party" at the time of such Indemnified Party's claim for indemnification or exculpation hereunder.

10.4     Procedure Agreements. The Company may enter into an agreement with any of its officers, employees, consultants, counsel and agents, any member of the Board of Managers or any Member, setting forth procedures consistent with applicable law for implementing the indemnities provided in this Article 10.

ARTICLE 11
MISCELLANEOUS

11.1     General. This Agreement: (a) shall be binding upon the legal successors of any Member; (b) shall be governed by and construed in accordance with the laws of the State of Delaware; and (c) contains the entire agreement as to the subject matter hereof. The waiver of any of the provisions, terms, or conditions contained in this Agreement shall not be considered as a waiver of any of the other provisions, terms, or conditions hereof.

11.2     Notices, Etc. All notices and other communications required or permitted hereunder shall be in writing and shall be deemed effectively given upon personal delivery or receipt (which may be evidenced by a return receipt if sent by registered mail or by signature if delivered by courier or delivery service), addressed to any Member at its address in the records of the Company or otherwise specified by the Member.

11.3     Gender and Number. Whenever required by the context, as used in this Agreement the singular number shall include the plural, the plural shall include the singular, and all words herein in any gender shall be deemed to include the masculine, feminine and neuter genders.

11.4     Severability. If any provision of this Agreement is determined by a court to be invalid or unenforceable, that determination shall not affect the other provisions hereof, each of which shall be construed and enforced as if the invalid or unenforceable portion were not contained herein. That invalidity or unenforceability shall not affect any valid and enforceable application thereof, and each said provision shall be deemed to be effective, operative, made, entered into or taken in the manner and to the full extent permitted by law.

11.5     Headings. The headings used in this Agreement are used for administrative convenience only and do not constitute substantive matter to be considered in construing the terms of this Agreement.

11.6     No Third Party Rights. Except for the provisions of Section 6.4, the provisions of this Agreement are for the benefit of the Company, each Member and permitted assignees and no other Person, including creditors of the Company, shall have any right or claim against the Company or any Member by reason of this Agreement or any provision hereof or be entitled to enforce any provision of this Agreement.

IN WITNESS WHEREOF, the Company has executed this Agreement as of the day and year first set forth above.

**XTI, LLC**

By:_____

Name:
Title:

Schedule A

## REGISTER OF INTEREST

| Holder of Interest | Unit Certificate Number | Units |
|---|---|---|
| Xerium Technologies, Inc. | 1 | 100 |

USActive 18780367.2

Exhibit 4.4

MEETINGS OF MEMBERS, ETC.

1.      Annual Meeting.  There shall be an annual meeting of the Members which shall be (a) held at Westborough, Massachusetts on the second Thursday in June in each year, unless that day be a legal holiday at the place where the meeting is to be held, in which case the meeting shall be held at the same hour on the next succeeding day not a legal holiday, or (b) at such other place, date and time as shall be designated from time to time by the Board of Managers and stated in the notice of the meeting, at which meeting they shall elect a Board of Managers, determine Distributions, Zany, and transact such other business as may be required by law or this Agreement or as may properly come before the meeting.

2.      Special Meetings.  A special meeting of the Members may be called at any time by the Chairman of the Board, if any, the President, the Board of Managers, or by the Members holding at least 50.0% of the Units then outstanding. A special meeting of the Members shall be called by the Secretary, or in the case of the death, absence, incapacity or refusal of the Secretary, by an Assistant Secretary or some other officer, upon application of a majority of the Board of Managers. Any such application shall state the purpose or purposes of the proposed meeting. Any such call shall state the place, date, hour and purposes of the meeting.

3.      Notice of Meetings.  Except as otherwise provided by law, a written notice of each meeting of the Members stating the place, day and hour thereof and, in the case of a special meeting, the purposes for which the meeting is called, shall be given not less then ten nor more than sixty days before the meeting, to each Member entitled to vote thereat, and to each Member who, by law or by this Agreement, is entitled to notice, by leaving such notice with such Member or at such Member's residence or usual place of business, or by depositing it in the United States mail, postage prepaid, and addressed to such Member at such Member's address as it appears in the records of the Company. Such notice shall be given by the Secretary, or by an officer or person designated by the Board of Managers, or in the case of a special meeting by the officer calling the meeting. As to any adjourned session of any meeting of the Members, notice of the adjourned meeting need not be given if the time and place thereof are announced at the meeting at which the adjournment was taken, except that if the adjournment is for more than thirty days or if after the adjournment a new record date is set for the adjourned session, notice of any such adjourned session of the meeting shall be given in the manner heretofore described. No notice of any meeting of the Members or any adjourned session thereof need be given to a Member if a written waiver of notice, executed before or after the meeting or such adjourned session by such Member, is filed with the records of the meeting or if such Member attends such meeting without objecting at the beginning of the meeting to the transaction of any business because the meeting is not lawfully called or convened. Neither the business to be transacted at, nor the purpose of, any meeting of the Members or any adjourned session thereof need be specified in any written waiver of notice.

4.      Quorum of Members.  At any meeting of the Members a quorum as to any matter shall consist of a majority of the votes entitled to be cast on the matter, except where a larger quorum is required by law or by this Agreement. Any meeting may be adjourned from time to time by a

majority of the votes properly cast upon the question, whether or not a quorum is present. If a quorum is present at an original meeting, a quorum need not be present at an adjourned session of that meeting.

5.      Action by Vote.  Each Member shall be entitled to one vote for each Unit held by such Member on all matters on which Members are entitled to vote at a meeting of Members or otherwise when a quorum is present at any meeting, a plurality of the votes properly cast for election to any office shall elect to such office and a majority of the votes properly cast upon any question other than an election to an office shall decide the question, except when a larger vote is required by law or by this Agreement. No ballot shall be required for any election unless requested by a Member present or represented at the meeting and entitled to vote in the election.

6.      Action without Meetings.  Any action required or permitted to be taken by Members for or in connection with any action of the Company may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding Units having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all Units entitled to vote thereon were present and voted and shall be delivered to the Company by delivery to its registered office in Delaware by hand or certified or registered mail, return receipt requested, to its principal place of business or to an officer or agent of the Company having custody of the book in which proceedings of meetings of Members are recorded. Each such written consent shall bear the date of signature of each Member who signs the consent. No written consent shall be effective to take the action referred to therein unless written consents signed by a number of Members sufficient to take such action are delivered to the Company in the manner specified in this paragraph within sixty days of the earliest dated consent so delivered.

If action is taken by consent of Members and in accordance with the foregoing, there shall be filed with the records of the meetings of Members the writing or writings comprising such consent.

If action is taken by less than unanimous consent of Members, prompt notice of the taking of such action without a meeting shall be given to those who have not consented in writing and a certificate signed and attested to by the Secretary that such notice was given shall be filed with the records of the meetings of Members.

7.      Proxy Representation. Every Member may authorize another person or persons to act for such Member by proxy in all matters in which a Member is entitled to participate, whether by waiving notice of any meeting, objecting to or voting or participating at a meeting, or expressing consent or dissent without a meeting. Every proxy must be signed by the Member or by such Member's attorney-in-fact. No proxy shall be voted or acted upon after three years from its date unless such proxy provides for a longer period. A duly executed proxy shall be irrevocable if it states that it is irrevocable and, if, and only as long as, it is coupled with an interest sufficient in law to support an irrevocable power. A proxy may be made irrevocable where the interest with which it is coupled is an interest in the Interest of such Member. The authorization of a proxy may but need not be limited to specified action; provided, however, that if a proxy limits its authorization to a meeting or meetings of Members, unless otherwise specifically provided such

USActive 18780367.2

proxy shall entitle the holder thereof to vote at any adjourned session but shall not be valid after the final adjournment thereof.

8.       Resolution of Issues.  To the extent that any dispute shall arise with respect thereto, the Board of Managers shall be entitled to decide all issues such as the existence of a quorum, the validity of proxies, the number of votes, the Members entitled to vote or consent and other similar procedural questions that are raised at any meeting of Members.

Exhibit 6.1

BOARD OF MANAGERS

1.      Number: Appointment.  The Board of Managers initially shall consist of three members (each such member, along with any other members appointed from time to time, the "Board Members"). Thereafter, the Board of Managers shall be elected either at the Annual Meeting of Members or at a special meeting called for such purposes. The Board of Managers may increase or decrease the number of Board Members from time to time upon a vote of the Board of Managers.

2.      Initial Board of Managers.  The following individuals will be the initial Board Members:

Stephen R. Light

David Maffucci

Ted Orban

3.      Tenure.  Each Board Member shall, unless otherwise provided by law, hold office until the next Annual Meeting of Members and until such Board Member's successor is elected and qualified, or until such Board Member sooner dies, resigns, is removed or becomes disqualified. Any Board Member may be removed by the Members, at any time without giving any reason for such removal. A Board Member may resign by written notice to the Company which resignation shall not require acceptance and, unless otherwise specified in the resignation notice, shall be effective upon receipt by the Company. Vacancies and any newly created positions on the Board of Managers resulting from any increase in the number of the Board of Managers may be filled by vote of the Members or by a majority of the Board Members then in office, although less than a quorum, or by a sole remaining Board member.

4.      Meetings.  Meetings of the Board of Managers may be held at any time at such places within or without the State of Delaware designated in the notice of the meeting, when called by the Chair of the Board of Managers, if any, the President or any two Board Members acting together, reasonable notice thereof being given to each Board Member.

5.      Notice.  It shall be reasonable and sufficient notice to a Board Member to send notice by overnight delivery at least forty-eight hours or by facsimile at least twenty-four hours before the meeting addressed to such Board Member at such Board Member's usual or last known business or residence address or to give notice to such Board Member in person or by telephone at least twenty-four hours before the meeting. Notice of a meeting need not be given to any Board Member if a written waiver of notice, executed by such Board Member before or after the meeting, is filed with the records of the meeting, or to any Board Member who attends the meeting without protesting prior thereto or at its commencement the lack of notice to such Board Member. Neither notice of a meeting nor a waiver of a notice need specify the purposes of the meeting.

6.      Quorum.  Except as may be otherwise provided by law, at any meeting of the Board of Managers a majority of the Board Members then in office shall constitute a quorum. Any meeting may be adjourned from time to time by a majority of the votes cast upon the question, whether or not a quorum is present, and the meeting may be held as adjourned without further notice.

7.      Action by Vote.  Except as may be otherwise provided by law, when a quorum is present at any meeting the vote of a majority of the Board Members present shall be the act of the Board of Managers.

8.      Action Without a Meeting.  Any action required or permitted to be taken at any meeting of the Board of Managers may be taken without a meeting if all the Board Members consent thereto in writing, and such writing or writings are filed with the records of the meetings of the Board of Managers. Such consent shall be treated for all purposes as the act of the Board of Managers.

9.      Participation in Meetings by Conference Telephone.  Board Members may participate in a meeting of the Board of Managers by means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other or by any other means permitted by law. Such participation shall constitute presence in person at such meeting.

10.     Interested Transactions.

        (a)     No contract or transaction between the Company and one or more of the Board Members or officers, or between the Company and any other company, partnership, association, or other organization in which one or more of the Board Members or officers are directors or officers, or have a financial interest, shall be void or voidable solely for this reason, or solely because the Board Member or officer is present at or participates in the meeting of the Board of Managers which authorizes the contract or transaction, or solely because his or their votes are counted for such purpose, if:

                (i)      The material facts as to such Board Member's relationship or interest and as to the contract or transaction are disclosed or are known to the Board of Managers, and the Board of Managers in good faith authorizes the contract or transaction by the affirmative votes of a majority of the disinterested Board Members, even though the disinterested Board Members be less than a quorum; or

                (ii)     The contract or transaction is fair as to the Company as of the time it is authorized, approved or ratified, by the Board of Managers.

        (b)     Common or interested Board Members may be counted in determining the presence of a quorum at a meeting of the Board of Managers which authorizes the contract or transaction.

Exhibit 6.3

## OFFICERS

| |
|---|
| Stephen R. Light -- President and Assistant Secretary |
| David Maffucci -- Executive Vice President, Chief Financial Officer and Asst. Secretary |
| Ted Orban -- Secretary |
| Elizabeth Leete -- Assistant Secretary |

New Nouveau ⚓ Brunswick

| CANADA | CANADA |
|---|---|
| PROVINCE OF NEW BRUNSWICK | PROVINCE DU NOUVEAU-BRUNSWICK |
| BUSINESS CORPORATIONS ACT | LOI SUR LES CORPORATIONS COMMERCIALES |
| CERTIFICATE OF AMALGAMATION (SECTION 124) | CERTIFICAT DE FUSION (ARTICLE 124) |

XERIUM CANADA INC.

Name of Corporation / Raison sociale de la corporation

635756

Corporation Number / Numéro de la corporation

I HEREBY CERTIFY that the above-mentioned corporation resulted from the amalgamation of the following corporations under the Business Corporations Act, as set out in the attached Articles of Amalgamation.

JE CERTIFIE que la corporation mentionnée ci-dessus provient de la fusion des corporations suivantes, en vertu de la Loi sur les corporations commerciales, de la façon indiquée dans les statuts de fusion ci-joints.

Director – Directeur

January 1, 2008 – le 1 janvier 2008

Date of Amalgamation – Date de fusion

New Nouveau Brunswick

| BUSINESS CORPORATIONS ACT<br>FORM 6<br>ARTICLES OF AMALGAMATION<br>(SECTION 124) | LOI SUR LES CORPORATIONS COMMERCIALES<br>FORMULE 6<br>STATUTS DE FUSION<br>(ARTICLE 124) |
|---|---|

**1 - Name of Corporation:** / Raison sociale de la corporation:

**XERIUM CANADA INC.**

| 2 - The classes and any maximum number of shares that the corporation is authorized to issue and any maximum aggregate amount for which shares may be issued including shares without par value and/or with par value and the amount of the par value: | Les catégories et le nombre maximal d'actions que la corporation peut émettre ainsi que le montant maximal global pour lequel les actions peuvent être émises y compris les actions sans valeur au pair ou avec valeur au pair ou les deux et le montant de la valeur au pair: |
|---|---|

**The Corporation is authorized to issue an unlimited number of common shares without nominal or par value.**

**3 - Restrictions, if any, on share transfers:** / Restrictions, s'il y en a, au transfert d'actions:

**See Schedule "A" attached hereto.**

**4 - Number (or minimum and maximum number) of directors:** / Nombre (ou nombre minimum et maximum) des administrateurs:

**A minimum of one (1) and a maximum of ten (10) as determined by resolution of the board of directors.**

**5 - Restrictions, if any, on business the corporation may carry on:** / Restrictions, s'il y en a, à l'activité que peut exercer la corporation:

**None.**

**6 - Other provisions, if any:** / Autres dispositions, s'il y en a:

**See Schedule "B" attached hereto.**

| 7 (a) - The amalgamation has been approved by special resolutions of shareholders of each of the amalgamating corporations listed in Item 9 below in accordance with Section 122 of the *Business Corporations Act*. ☐ | a) - La fusion a été approuvée par les résolutions spéciales des actionnaires de chacune des corporations fusionnantes mentionnées à l'article 9 ci-dessous, conformément à l'article 122 de la *Loi sur les corporations commerciales*. ☐ |
|---|---|
| (b) - The amalgamation has been approved by a resolution of the directors of each of the amalgamating corporations listed in Item 9 below in accordance with Section 123 of the *Business Corporations Act*. These Articles of Amalgamation are the same as the Articles of Incorporation of (name the designated amalgamating corporation): ☑ | b) - La fusion a été approuvée par une résolution des administrateurs de chacune des corporations fusionnantes mentionnées à l'article 123 de la *Loi sur les corporations commerciales*. Ces statuts de fusion sont les mêmes que les statuts constitutifs de (raison sociale de la corporation fusionnante désignée): ☐ |

**XERIUM CANADA INC.**

| 8 - Name of the amalgamating corporation the by-laws of which are to be the by-laws of the amalgamated corporation: | Raison sociale de la corporation fusionnante dont les règlements administratifs sont devenus les règlements administratifs de la corporation issue de la fusion: |
|---|---|

**XERIUM CANADA INC.**

| 9 - Name of Amalgamating Corporations<br>Raison sociale des corporations fusionnantes | Corporation No.<br>N°. de corporation | Signature | Date | Description of Office<br>Fonction |
|---|---|---|---|---|
| XERIUM CANADA INC. | 510750 | | 2008/01/01 | W.G. VanderBurgh<br>Assistant Secretary |
| STOWE-WOODWARD/MOUNT HOPE INC. | 510749 | | 2008/01/01 | W.G. VanderBurgh<br>Assistant Secretary |

| FOR DEPARTMENT USE ONLY | RÉSERVÉ À L'USAGE DU MINISTÈRE |
|---|---|
| Corporation No. - N°. de corporation   *635756* | Filed - Déposé   FILED/DÉPOSÉ 2008 -01- 0 1 |

SN0252 / 45-4107 (5/01)
SN0307

## XERIUM CANADA INC.

(hereinafter referred to as the "Corporation")

### THIS IS SCHEDULE "A" TO THE FOREGOING FORM 6 UNDER THE
### *NEW BRUNSWICK BUSINESS CORPORATIONS ACT*

3.   **Restrictions, if any, on share transfers:**

No shares shall be transferred without the consent of the directors or shareholders of the Corporation expressed by a resolution passed at a meeting of the board of directors or shareholders or by an instrument or instruments in writing signed by all such directors or shareholders.

**FILED/DÉPOSÉ 2008 -01- 0 1**

3408148.1

## XERIUM CANADA INC.

(hereinafter referred to as the "Corporation")

### THIS IS SCHEDULE "B" TO THE FOREGOING FORM 6 UNDER THE *NEW BRUNSWICK BUSINESS CORPORATIONS ACT*

1. **PLACE OF SHAREHOLDER MEETINGS**

Notwithstanding subsections (1) and (2) of Section 84 of the Business Corporations Act, as from time to time in force, meetings of shareholders of the Corporation may be held outside New Brunswick at such place or places as the shareholders may resolve to meet.

2. **NOTICE OF SHAREHOLDER MEETINGS**

Notwithstanding subsection (1) of Section 87 of the Business Corporations Act, as from time to time in force, notice of time and place of a meeting of shareholders of the Corporation shall be deemed to be properly given if sent not less than three (3) days nor more than fifty (50) days before such meeting:

(a)    to each shareholder entitled to vote at the meeting;

(b)    to each director; and

(c)    to the auditor, if any.

3. **PRE-EMPTIVE RIGHTS**

(A)    Notwithstanding subsection (2) of Section 27 of the Business Corporations Act, as from time to time in force, but subject however to any rights arising under any unanimous shareholders agreements, the holders of equity shares of any class, in the case of the proposed issuance by the Corporation of, or the proposed granting by the Corporation of rights or options to purchase, its equity shares of any class of any shares or other securities convertible into or carrying rights or options to purchase its equity shares of any class, shall not as such, even if the issuance of the equity shares proposed to be issued or issuable upon exercise of such rights or options or upon conversion of such other securities would adversely affect the unlimited dividend rights of such holders, have the pre-emptive right as provided by Section 27 of the Business Corporations Act to purchase such shares or other securities.

(B)    Notwithstanding subsection (3) of Section 27 of the Business Corporations Act, as from time to time in force, but subject however to any rights arising under any unanimous

3407934.1

–2–

shareholders agreements, the holders of voting shares of any class, in case of the proposed issuance by the Corporation of, or the proposed granting by the Corporation of rights or options to purchase, its voting shares of any class or any shares or options to purchase its voting shares of any class, shall not as such, even if the issuance of the voting shares proposed to be issued or issuable upon exercise of such rights or options or upon conversion of such other securities would adversely affect the voting rights of such holders, have the pre-emptive right as provided by Section 27 of the Business Corporations Act to purchase such shares or other securities.

4.    **PRIVATE CORPORATION RESTRICTIONS**

(A)    The number of shareholders, exclusive of persons who are in the employment of the Corporation and are shareholders of the Corporation and persons who, having been formerly in the employment of the Corporation, have continued to be shareholders of the Corporation after termination of that employment, is limited to not more than Fifty (50) persons, two or more persons who are joint registered holders of one or more shares being counted as one shareholder.

(B)    Any invitation to the public to subscribe for any shares, debentures or other securities of the Corporation shall be prohibited.

5.    **FINANCIAL ASSISTANCE**

The Corporation may, directly or indirectly, give financial assistance by means of a loan, guarantee or otherwise:

(a)    to any shareholder, director, officer or employee of the Corporation or of an affiliated corporation, or

(b)    to any associate of a shareholder, director, officer or employee of the Corporation or of an affiliated corporation;

whether or not:

(c)    the Corporation is, or after giving the financial assistance would be, unable to pay its liabilities as they become due; or

(d)    the realizable value of the Corporation's assets, excluding the amount of any financial assistance in the form of a loan or in the form of assets pledged or encumbered to secure a guarantee, after giving the financial assistance, would be less than the aggregate of the Corporation's liabilities and stated capital of all classes.

FILED/DÉPOSÉ 2008 -01- 0 1

34078S4.1

01/03/2008  14:48    506-4532613                    SNB CORP AFFAIRS                    PAGE  09/12

STATEMENT

IN THE MATTER OF the Business Corporations Act (New Brunswick) and the Articles of Amalgamation of Warnex Corporation (to be renamed Kerlain Canada Inc. immediately prior to the amalgamation becoming effective) and Stotts-Woodman/Mount Hope Inc.

I, Marshall Woodworth, of the City of Youngsville, in the State of North Carolina, make the following statement pursuant to section 124(3) of the Business Corporations Act:

1. I am the Assistant Treasurer of Warnex Corporation, one of the amalgamating corporations (hereinafter called the "Corporation") and as such, have personal knowledge of the matters herein disclosed;

2. It is proposed that the Corporation amalgamate under the provisions of the Business Corporations Act (New Brunswick) with Stotts-Woodman/Mount Hope Inc. to form an amalgamated corporation (hereinafter referred to as the "Amalgamated Corporation") under the name "Kerlain Canada Inc.";

3. I have conducted such examinations and have made such inquiries and investigations as are necessary to enable me to make this statement; and

4. I have satisfied myself that there are reasonable grounds for believing that:

   (a)  the Corporation is, and the Amalgamated Corporation will be, able to pay its liabilities as they become due;

   (b)  the realizable value of the Amalgamated Corporation's assets will not be less than the aggregate of its liabilities and stated capital of all classes; and

   (c)  no creditor of the Corporation will be prejudiced by the amalgamation.

DATED this 22nd day of December, 2007.

_____
Name:  Marshall Woodworth
Title:  Assistant Treasurer

FILED/DÉPOSÉ 2008 -01- 0 1

STATEMENT

IN THE MATTER OF the Business Corporations
Act (New Brunswick) and the Articles of
Amalgamation of Weavexx Corporation
Corporation Weavexx (to be renamed Xerium
Canada Inc. immediately prior to the amalgamation
becoming effective) and Stowe-Woodward/Mount
Hope Inc.

I Marshall Woodworth, of the City of Youngsville, in the State of North Carolina, make
the following statement pursuant to section 124(2) of the Business Corporations Act:

1.  I am the Assistant Treasurer of Stowe-Woodward/Mount Hope Inc., one of the
    amalgamating corporations (hereinafter called the "Corporation") and as such, have
    personal knowledge of the matters herein declared.

2.  It is proposed that the Corporation amalgamate under the provisions of the Business
    Corporations Act (New Brunswick) with Weavexx Corporation Corporation Weavexx to
    form an amalgamated corporation (hereinafter referred to as the "Amalgamated
    Corporation") under the name "Xerium Canada Inc.";

3.  I have conducted such examinations and have made such inquiries and investigations as
    are necessary to enable me to make this statement; and

4.  I have satisfied myself that there are reasonable grounds for believing that:

    (a)  the Corporation is, and the Amalgamated Corporation will be, able to pay its
         liabilities as they become due;

    (b)  the realizable value of the Amalgamated Corporation's assets will not be less than
         the aggregate of its liabilities and stated capital of all classes; and

    (c)  no creditor of the Corporation will be prejudiced by the amalgamation.

DATED this 31st day of December, 2007.

_____

Name:  Marshall Woodworth
Title:  Assistant Treasurer

340891.1

FILED/DÉPOSÉ 2008 -01- 0 1

## XERIUM CANADA INC.

## BY-LAW NUMBER 2008-1

A by-law relating generally to the regulation of the affairs of Xerium Canada Inc.

**BE IT ENACTED AND IT IS HEREBY ENACTED** as By-Law Number 2008-1 of Xerium Canada Inc. (hereinafter called the "Corporation") as follows:

### DEFINITIONS

1.      In this by-law and all other by-laws of the Corporation, unless the context otherwise specifies or requires:

(a)     "Act" means the Business Corporations Act, Statutes of New Brunswick, 1981, c. B-9.1, as from time to time amended, and every statute that may be substituted therefor and, in the case of such amendment or substitution, any reference in the by- laws of the Corporation shall be read as referring to the amended or substituted provisions therefor;

(b)     "articles" means the articles, as from time to time amended, of the Corporation;

(c)     "by-law" means any by-law of the Corporation from time to time in force and effect;

(d)     "director" means an individual occupying the position of director of the Corporation and "directors", "board of directors" and "board" includes a single director;

(e)     "unanimous shareholder agreement" means an agreement as described in subsection 99(2) of the Act or a declaration of a shareholder described in subsection 99(3) of the Act;

(f)     words importing the singular number only shall include the plural and vice versa; words importing the masculine gender shall include the feminine and neuter genders and vice versa; words importing persons shall include bodies corporate, corporations, companies, partnerships, syndicates, trusts and any number or aggregate of individuals;

(g)     the headings used in any by-law are inserted for reference purposes only and are not to be considered or taken into account in construing the terms or provisions thereof or to be deemed in any way to clarify, modify or explain the effect of any such terms or provisions; and

(h)     any term contained in any by-law which is defined in the Act shall have the meaning given to such term in the Act.

- 2 -

## REGISTERED OFFICE

2.      The Corporation may from time to time by resolution of the board of directors change the location of the address of the registered office of the Corporation to another place within New Brunswick.

## CORPORATE SEAL

3.      The Corporation may have one or more corporate seals which shall be such as the board of directors may adopt by resolution from time to time.

## DIRECTORS

4.      Number and Powers. There shall be a board of directors consisting of such fixed number, or minimum and maximum number, of directors as may be set out in the articles or as may be determined as prescribed by the articles, or failing that, as specified by by-law. Subject to any unanimous shareholder agreement, the directors shall manage the business and affairs of the Corporation and may exercise all such powers and do all such acts and things as may be exercised or done by the Corporation and are not by the Act, the articles, the by-laws, any special resolution of the Corporation, any unanimous shareholder agreement or by statute expressly directed or required to be done in some other manner.

5.      Vacancies. If the number of directors is increased, the resulting vacancies shall be filled at a meeting of shareholders duly called for that purpose. Notwithstanding the provisions of paragraph 10 of this by-law and subject to the provisions of the Act, if a vacancy should otherwise occur in the board, the remaining directors, if constituting a quorum, may appoint a qualified person to fill the vacancy for the remainder of the term. In the absence of a quorum the remaining directors shall forthwith call a meeting of shareholders to fill the vacancy pursuant to subsection 69(2) of the Act. Where a vacancy or vacancies exist in the board, the remaining directors may exercise all of the powers of the board so long as a quorum remains in office.

6.      Duties. Every director and officer of the Corporation in exercising his powers and discharging his duties shall

   (a)      act honestly and in good faith; and

   (b)      exercise the care, diligence and skill that a reasonably prudent person would exercise in comparable circumstances,

in the best interests of the Corporation.

7.      Qualification. Every director shall be an individual nineteen (19) or more years of age and no one who is of unsound mind and has been so found by a court in Canada or elsewhere or who has the status of a bankrupt or who has been convicted of an offence under the Criminal Code, chapter C-34 of the Revised Statutes of Canada, 1970, as amended from time to time, or the criminal law of any jurisdiction outside of Canada, in connection with the promotion, formation or management of a corporation or involving fraud (unless three (3) years have elapsed since the expiration of the period fixed for suspension of the passing of sentence without

- 3 -

sentencing or since a fine was imposed, or unless the term of imprisonment and probation imposed, if any, was concluded, whichever is the latest, but the disability imposed hereby ceases upon a pardon being granted) shall be a director.

8.      Term of Office.  A director's term of office shall be from the meeting at which he is elected or appointed until the annual meeting next following or until his successor is elected or appointed, or until, if earlier, he dies or resigns, or is removed or disqualified pursuant to the provisions of the Act.

9.      Vacation of Office.  The office of a director shall ipso facto be vacated if

    (a)      he dies;

    (b)      by notice in writing to the Corporation he resigns his office and such resignation, if not effective immediately, becomes effective in accordance with its terms;

    (c)      he is removed from office in accordance with section 67 of the Act; or

    (d)      he ceases to be qualified to be a director.

10.     Election and Removal.  (1) Directors shall be elected by the shareholders by ordinary resolution in general meeting on a show of hands unless a poll is demanded and if a poll is demanded such election shall be by ballot.  All the directors then in office shall cease to hold office at the close of the meeting of shareholders at which directors are to be elected.  A director if qualified, is eligible for re-election.

(2)      Subject to sections 65 and 67 of the Act, the shareholders of the Corporation may by ordinary resolution at a special meeting remove any director before the expiration of his term of office and may, by a majority of the votes cast at the meeting, elect any person in his stead for the remainder of his term.

(3)      Each shareholder entitled to vote at an election of directors has the right to cast a number of votes equal to the number of votes attached to the shares held by him multiplied by the number of directors to be elected, and he may cast all such votes in favour of one candidate or distribute them among the candidates in any manner.

(4)      A separate vote of shareholders shall be taken with respect to each candidate nominated for director unless a resolution is passed unanimously permitting two (2) or more persons to be elected by a single resolution.

(5)      If a shareholder has voted for more than one candidate without specifying the distribution of his votes among the candidates, he shall be deemed to have distributed his votes equally among the candidates for whom he voted.

(6)      If the number of candidates nominated for director exceeds the number of positions to be filled, the candidates who receive the least number of votes shall be eliminated until the number of candidates remaining equals the number of positions to be filled.

- 4 -

(7)    A retiring director shall retain office until the adjournment or termination of the meeting at which his successor is elected unless such meeting was called for the purpose of removing him from office as a director in which case the director so removed shall vacate office forthwith upon the passing of the resolution for his removal.

11.    Validity of Acts.  An act by a director or officer is valid notwithstanding an irregularity in his election or appointment or a defect in his qualification.

## MEETINGS OF DIRECTORS

12.    Place of Meeting.  Subject to the articles, meetings of directors may be held at any place within or outside New Brunswick as the directors may from time to time determine or as the person convening the meeting may give notice.  A meeting of the directors may be convened by the chairman of the board (if any), the president or any director at any time.  The secretary shall upon direction of any of the foregoing officers or director convene a meeting of the directors.

13.    Notice.  (1) Notice of the time and place for the holding of any such meeting shall be delivered, mailed, telegraphed, cabled, telexed or transmitted by facsimile to each director at his latest address as shown on the records of the Corporation not less than two (2) days (exclusive of the day on which the notice is delivered, mailed, telegraphed, cabled, telexed or transmitted by facsimile but inclusive of the day for which notice is given) before the date of the meeting, provided that meetings of the directors may be held at any time without notice if all the directors have waived notice.

(2)    For the first meeting of the board of directors to be held immediately following the election of directors at an annual or special meeting of the shareholders, no notice of such meeting need be given to the newly elected or appointed director or directors in order for the meeting to be duly constituted, provided a quorum of the directors is present.

(3)    A notice of a meeting of directors shall specify any matter referred to in subsection 73(2) of the Act that is to be dealt with at the meeting but, unless a by-law otherwise provides, need not otherwise specify the purpose of or the business to be transacted at the meeting.

14.    Waiver of Notice.  Notice of any meeting of the directors or any irregularity in any meeting or in the notice thereof may be waived by any director in writing or by telegram, cable, telex or facsimile transmission addressed to the Corporation or in any other manner, and such waiver may be validly given either before or after the meeting to which such waiver relates.  The attendance of a director at a meeting of directors is a waiver of notice of the meeting except where a director attends a meeting for the express purpose of objecting to the transaction of any business on the grounds that the meeting is not lawfully called.

15.    Telephone Participation.  A director may participate in a meeting of directors or of a committee of directors by means of such telephone or other communication facilities that permit all persons participating in the meeting to hear each other, and a director participating in such a meeting by such means shall be deemed to be present at that meeting.

- 5 -

16.    Adjournment.  Any meeting of the directors may be adjourned from time to time by the chairman of the meeting, with the consent of the meeting, to a fixed time and place and no notice of the time and place for the continuance of the adjourned meeting need be given to any director if the time and place of the adjourned meeting is announced at the original meeting.  Any adjourned meeting shall be duly constituted if held in accordance with the terms of the adjournment and a quorum is present thereat.  The directors who formed a quorum at the original meeting are not required to form the quorum at the adjourned meeting.  If there is no quorum present at the adjourned meeting, the original meeting shall be deemed to have terminated forthwith after its adjournment.

17.    Quorum and Voting.  Subject to the articles, a majority of directors shall constitute a quorum for the transaction of business at any meeting of directors.  No business shall be transacted by the directors except at a meeting of directors at which a quorum of the board is present.  Questions arising at any meeting of the directors shall be decided by a majority of votes cast.  In case of an equality of votes, the chairman of the meeting shall not have a second or casting vote.  Where the Corporation has only one director, that director may constitute a meeting.

18.    Resolution in lieu of meeting.  A resolution in writing, signed by all the directors or signed counterparts of such resolution by all the directors entitled to vote on that resolution at a meeting of directors or a committee of directors, is as valid as if it had been passed at a meeting of directors or committee of directors duly called, constituted and held.  A copy of every such resolution or counterpart thereof shall be kept with the minutes of the proceedings of the directors or such committee of directors.

## REMUNERATION OF DIRECTORS

19.    Subject to the articles or any unanimous shareholder agreement, the remuneration to be paid to the directors shall be such as the board of directors shall from time to time determine and such remuneration shall be in addition to the salary paid to any officer of the Corporation who is also a member of the board of directors.  The directors may also by resolution award special remuneration to any director undertaking any special services on the Corporation's behalf other than the routine work ordinarily required of a director by the Corporation.  The confirmation of any such resolution or resolutions by the shareholders shall not be required.  The directors shall also be entitled to be paid their travelling and other expenses properly incurred by them in connection with the affairs of the Corporation.

## SUBMISSION OF CONTRACTS OR TRANSACTIONS
## TO SHAREHOLDERS FOR APPROVAL

20.    The directors in their discretion may submit any contract, act or transaction for approval, ratification or confirmation at any annual meeting of the shareholders or at any special meeting of the shareholders called for the purpose of considering the same and any contract, act or transaction that shall be approved, ratified or confirmed by resolution passed by a majority of the votes cast at any such meeting (unless any different or additional requirement is imposed by the Act or by the articles or any other by-law) shall be as valid and as binding upon the Corporation

- 6 -

and upon all the shareholders as though it had been approved, ratified and/or confirmed by every shareholder of the Corporation.

### FOR THE PROTECTION OF DIRECTORS AND OFFICERS

21. No director or officer for the time being of the Corporation shall be liable for the acts, receipts, neglects or defaults of any other director or officer or employee of the Corporation or for joining in any receipt or act for conformity or for any loss, damage or expense happening to the Corporation through the insufficiency or deficiency of title to any property acquired by order of the board of directors for or on behalf of the Corporation or for the insufficiency or deficiency of any security in or upon which any of the moneys of or belonging to the Corporation shall be placed out or invested or for any loss or damage arising from the bankruptcy, insolvency or tortious act of any person, firm or corporation including any person, firm or corporation with whom or which any moneys, securities or effects of the Corporation shall be lodged or deposited or for any loss, conversion, misapplication or misappropriation of or any damage resulting from any dealings with any moneys, securities or other assets belonging to the Corporation or for any other loss, damage or misfortune whatever which may happen to the Corporation in the execution of the duties of his respective office of trust or in relation thereto, unless the same shall happen by or through his failure to exercise the powers and to discharge the duties of his office honestly, in good faith with a view to the best interests of the Corporation, and in connection therewith to exercise the care, diligence and skill that a reasonably prudent person would exercise in comparable circumstances, provided that nothing herein contained shall relieve a director or officer from the duty to act in accordance with the Act or regulations made thereunder or relieve him from liability for a breach thereof. The directors for the time being of the Corporation shall not be under any duty or responsibility in respect of any contract, act or transaction whether or not made, done or entered into in the name or on behalf of the Corporation, except such as shall have been submitted to and authorized or approved by the board of directors. If any director or officer of the Corporation shall be employed by or shall perform services for the Corporation, the fact of his being a shareholder, director or officer of the Corporation shall not disentitle such director or officer or such firm or body corporate, as the case may be, from receiving proper remuneration for such services.

### INDEMNITIES TO DIRECTORS AND OTHERS

22. Subject to section 81 of the Act, except in respect of an action by or on behalf of the Corporation or Another Body Corporate (as hereinafter defined) to procure a judgement in its favour, the Corporation shall indemnify each director and officer of the Corporation and each former director and officer of the Corporation and each person who acts or acted at the Corporation's request as a director or officer of Another Body Corporate, and his heirs and legal representatives, against all costs, charges and expenses, including any amount paid to settle an action or satisfy a judgment, reasonably incurred by him in respect of any civil, criminal or administrative action or proceeding to which he is made a party by reason of being or having been a director or officer of the Corporation or Another Body Corporate, as the case may be, if

    (a)    he acted honestly and in good faith with a view to the best interests of the Corporation; and

- 7 -

(b)     in the case of a criminal or administrative action or proceeding that is enforced by a monetary penalty, he had reasonable grounds for believing that his conduct was lawful.

"Another Body Corporate" as used herein means a body corporate of which the Corporation is or was a shareholder or creditor.

## OFFICERS

23.     Appointment of Officers.   Subject to the articles or any unanimous shareholder agreement, the directors may appoint a chairman of the board, a president and a secretary and, if deemed advisable, may also appoint one or more vice-presidents, a treasurer and one or more assistant secretaries and/or one or more assistant treasurers. None of such officers, except the chairman of the board, need be a director of the Corporation. Any two or more of such offices may be held by the same person. In case and whenever the same person holds the offices of secretary and treasurer he may, but need not, be known as the secretary-treasurer. The directors may from time to time designate such other offices and appoint such other officers, employees and agents as it shall deem necessary who shall have such authority and shall perform such functions and duties as may from time to time be prescribed by resolution of the directors.

24.     Remuneration and Removal of Officers.   Subject to the articles or any unanimous shareholder agreement, the remuneration of all officers, employees and agents appointed by the directors may be determined from time to time by resolution of the directors. The fact that any officer, employee or agent is a director or shareholder of the Corporation shall not disqualify him from receiving such remuneration as may be so determined. The directors may by resolution remove any officer, employee or agent at any time, with or without cause.

25.     Duties of Officers may be Delegated.   In case of the absence or inability or refusal to act of any officer of the Corporation or for any other reason that the directors may deem sufficient, the directors may delegate all or any of the powers of such officer to any other officer or to any director for the time being.

26.     Chairman of the Board.   The chairman of the board (if any) shall, if present, preside at all meetings of the directors. He shall sign such contracts, documents or instruments in writing as require his signature and shall have such other powers and duties as may from time to time be assigned to him by resolution of the directors.

27.     President.   The president shall be the chief executive officer of the Corporation and shall exercise general supervision over the business and affairs of the Corporation. The president, in the absence of the chairman of the board, or if a chairman of the board be not appointed, shall preside at all meetings of the directors, and he shall act as chairman at all meetings of the shareholders of the Corporation; he shall sign such contracts, documents or instruments in writing as require his signature and he shall have such other powers and shall perform such other duties as may from time to time be assigned to him by resolution of the directors or as are incident to his office.

- 8 -

28.   Vice-President.  The vice-president (if any) or, if more than one, the vice-presidents in order of seniority, shall be vested with all the powers and shall perform all the duties of the president in the absence or inability or refusal to act of the president.

The vice-president or, if more than one, the vice-presidents in order of seniority, shall sign such contracts, documents or instruments in writing as require his or their signatures and shall also have such other powers and duties as may from time to time be assigned to him or them by resolution of the directors.

29.   Secretary.  The secretary shall give or cause to be given notices for all meetings of the directors or committees thereof (if any) and of shareholders when directed to do so, and shall have charge, subject to the provisions of paragraphs 30 and 50 hereof, of the records referred to in section 18 of the Act and of the corporate seal or seals (if any).  He shall sign such contracts, documents or instruments in writing as require his signature and shall have such other powers and duties as may from time to time be assigned to him by resolution of the directors or as are incident to his office.       .

30.   Treasurer.  Subject to the provisions of any resolution of the directors, the treasurer (if any) shall have the care and custody of all the funds and securities of the Corporation and shall deposit the same in the name of the Corporation in such bank or banks or with such other depositary or depositaries as the directors may by resolution direct.  He shall prepare, maintain and keep or cause to be kept adequate books of accounts and accounting records.  He shall sign such contracts, documents or instruments in writing as require his signature and shall have such other powers and duties as may from time to time be assigned to him by resolution of the directors or as are incident to his office.  He may be required to give such bond for the faithful performance of his duties as the directors in their uncontrolled discretion may require, but no director shall be liable for failure to require any such bond or for the insufficiency of any such bond or for any loss by reason of the failure of the Corporation to receive any indemnity thereby provided.

31.   Assistant Secretary and Assistant Treasurer.  The assistant secretary or, if more than one, the assistant secretaries in order of seniority, and the assistant treasurer or, if more than one, the assistant treasurers in order of seniority (if any), shall respectively perform all the duties of the secretary and treasurer, respectively, in the absence or inability to act of the secretary or treasurer as the case may be.  The assistant secretary or assistant secretaries, if more than one, and the assistant treasurer or assistant treasurers, if more than one, shall sign such contracts, documents or instruments in writing as require his or their signatures respectively and shall have such other powers and duties as may from time to time be assigned to them by resolution of the directors.

32.   Managing Director.  The directors may from time to time appoint from their number a managing director and may delegate to him any of the powers of the directors except as provided in subsection 73(2) of the Act.  The managing director shall conform to all lawful orders given to him by the directors and shall at all reasonable times give to the directors or any of them all information they may require regarding the affairs of the Corporation.  Any agent or employee appointed by the managing director shall be subject to discharge by the directors.

-9-

33.   Vacancies.  If the office of chairman of the board, president, vice-president, secretary, assistant secretary, treasurer, assistant treasurer, or any other office created by the directors pursuant to paragraph 23 hereof, shall be or become vacant by reason of death, resignation, removal or in any other manner whatsoever, the directors may, subject to paragraph 23 hereof, appoint another person to fill such vacancy.

## COMMITTEES OF DIRECTORS

34.   The directors may from time to time appoint from their number one or more committees of directors consisting of one or more individuals and delegate to such committee or committees any of the powers of the directors except as provided in subsection 73(2) of the Act.  Unless otherwise ordered by the directors, a committee of directors shall have power to fix its quorum, elect its chairman and regulate its proceedings.  All such committees shall report to the directors as required by them.

## SHAREHOLDERS' MEETING

35.   Annual Meeting.  Subject to compliance with section 85 of the Act, the annual meeting of the shareholders shall be convened on such day in each year and at such time as the directors may by resolution determine.

36.   Special Meetings.  (1) Special meetings of the shareholders may be convened by order of the chairman of the board, the president or a vice-president or by the directors, to be held at such time and place as may be specified in such order.

(2)   Shareholders holding between them not less than ten percent (10%) of the issued shares of the Corporation that carry the right to vote at a meeting sought to be held may requisition the directors to call a meeting of shareholders.  Such requisition shall state the business to be transacted at the meeting and shall be sent to each director and the registered office of the Corporation.

(3)   Except as otherwise provided in subsection 96(3) of the Act, it shall be the duty of the directors on receipt of such requisition, to cause such meeting to be called by the secretary of the Corporation.

(4)   If the directors do not, within twenty-one (21) days after receiving such requisition call such meeting, any shareholder who signed the requisition may call the meeting.

37.   Place of Meetings.  Meetings of shareholders of the Corporation shall be held at the registered office of the Corporation or at such other place within New Brunswick as the directors by resolution may determine.  Notwithstanding the foregoing, a meeting of shareholders of the Corporation may be held outside New Brunswick if all the shareholders entitled to vote at that meeting so agree, and a shareholder who attends a meeting of shareholders held outside New Brunswick is deemed to have so agreed except when he attends the meeting for the express purpose of objecting to the transaction of any business on the grounds that the meeting is not lawfully held.  Notwithstanding either of the foregoing sentences, meetings of shareholders may be held outside New Brunswick at one or more places specified in the articles.

- 10 -

38.   <u>Notice.</u>   (1) Subject to the articles or a unanimous shareholder agreement, a printed, written or typewritten notice stating the day, hour, place of meeting, the general nature of the business to be transacted and, if special business is to be transacted thereat, stating

(a)      the nature of that business in sufficient detail to permit the shareholder to form a reasoned judgment thereon; and

(b)      the text of any special resolution to be submitted to the meeting,

shall be sent to each person who is entitled to notice of such meeting and who on the record date for notice appears on the records of the Corporation or its transfer agent as a shareholder and to each director of the Corporation and the auditor of the Corporation, if any, personally, by sending such notice by prepaid mail or in such other manner as provided by by-law for the giving of notice, not less than twenty-one (21) days nor more than fifty (50) days before the meeting. If such notice is sent by mail it shall be addressed to the latest address of each such person as shown in the records of the Corporation or its transfer agent, or if no address is shown therein, then to the last address of each such person known to the secretary.

(2)      The auditor of the Corporation, if any, is entitled to attend any meeting of shareholders of the Corporation and to receive all notices and other communications relating to any such meeting that a shareholder is entitled to receive.

39.   <u>Waiver of Notice.</u>   A meeting of shareholders may be held for any purpose at any time and, subject to section 84 of the Act, at any place without notice if all the shareholders entitled to notice of such meeting are present in person or represented by proxy at the meeting (except where the shareholder attends the meeting for the express purpose of objecting to the transaction of any business on the grounds that the meeting is not lawfully called) or if all the shareholders entitled to notice of such meeting and not present in person nor represented by proxy thereat waive notice of the meeting. Notice of any meeting of shareholders or any irregularity in any such meeting or in the notice thereof may be waived by any shareholder, the duly appointed proxy of any shareholder, any directors or the auditor of the Corporation in writing, by telegram, cable, telex or facsimile addressed to the Corporation or by any other manner, and any such waiver may be validly given either before or after the meeting to which such waiver relates.

40.   <u>Omission of Notice.</u>   The accidental omission to give notice of any meeting to or the non-receipt of any notice by any person shall not invalidate any resolution passed or any proceeding taken at any meeting of shareholders.

41.   <u>Record Date.</u>   (1) The directors may by resolution fix in advance a date as the record date for the determination of shareholders

(a)      entitled to receive payment of a dividend;

(b)      entitled to participate in a liquidation distribution; or

(c)      for any other purpose except the right to receive notice of or to vote at a meeting of shareholders,

- 11 -

but such record date shall not precede by more than fifty (50) days the particular action to be taken.

(2)    The directors may by resolution also fix in advance the date as the record date for the determination of shareholders entitled to receive notice of a meeting of shareholders, but such record date shall not precede by more than fifty (50) days or by less than twenty-one (21) days the date on which the meeting is to be held.

(3)    If no record date is fixed,

(a)    the record date for the determination of share- holders entitled to receive notice of a meeting of shareholders shall be

(i)    at the close of business on the day immediately preceding the day on which the notice is given; or

(ii)    if no notice is given, the day on which the meeting is held; and

(b)    the record date for the determination of shareholders for any purpose, other than that specified in subparagraph (a) above or to vote, shall be at the close of business on the day on which the directors pass the resolution relating thereto.

42.    Voting. (1) Votes at meetings of the shareholders may be given either personally or by proxy. At every meeting at which he is entitled to vote, every shareholder present in person and every proxyholder shall have one (1) vote on a show of hands. Upon a poll at which he is entitled to vote, every shareholder present in person or by proxy shall (subject to the provisions, if any, of the articles) have one (1) vote for every share registered in his name.

(2)    Voting at a meeting of shareholders shall be by show of hands except where a ballot is demanded by a shareholder or proxyholder entitled to vote at the meeting. A shareholder or proxyholder may demand a ballot either before or after any vote by show of hands. In case of an equality of votes the chairman of the meeting shall not have a second or casting vote in addition to the vote or votes to which he may be entitled as a shareholder or proxyholder.

(3)    At any meeting, unless a ballot is demanded, a declaration by the chairman of the meeting that a resolution has been carried or carried unanimously or by a particular majority or lost or not carried by a particular majority shall be conclusive evidence of the fact without proof of the number or proportion of votes recorded in favour of or against the motion.

(4)    In the absence of the chairman of the board, the president and every vice-president, the shareholders present entitled to vote shall choose another director as chairman of the meeting and if no director is present or if all the directors present decline to take the chair then the shareholders or proxyholders present shall choose one of their number to be chairman.

(5)    If at any meeting a ballot is demanded on the election of a chairman or on the question of adjournment or termination it shall be taken forthwith without adjournment. If a ballot is demanded on any other question or as to the election of directors it shall be taken in

- 12 -

such manner and either at once or later at the meeting or at an adjourned meeting as the chairman of the meeting directs. The result of a ballot shall be deemed to be the resolution of the meeting at which the ballot was demanded. A demand for a ballot may be withdrawn.

(6)    Where a person holds shares as a personal representative, such person or his proxy is the person entitled to vote at all meetings of shareholders in respect of the shares so held by him.

(7)    Where a person mortgages or hypothecates his shares, such person or his proxy is the person entitled to vote at all meetings of shareholders in respect of such shares unless, in the instrument creating the mortgage or hypothec, he has expressly empowered the person holding the mortgage or hypothec to vote in respect of such shares, in which case, and subject to the articles, such holder or his proxy is the person entitled to vote in respect of the shares.

(8)    Where two or more persons hold the same share or shares jointly, any one of such persons present at a meeting of shareholders has the right, in the absence of the other or others, to vote in respect of such share or shares, but if more than one of such persons are present or represented by proxy and vote, they shall vote together as one on the share or shares jointly held by them.

43.    Proxies. (1) A shareholder, including a shareholder that is a body corporate, entitled to vote at a meeting of shareholders may by means of a proxy appoint a proxyholder or one or more alternate proxyholders, none of whom are required to be a shareholder of the Corporation, which proxyholders shall have all the rights of the shareholder to attend and act at the meeting in the place and stead of the shareholder except to the extent limited by the proxy.

(2)    An instrument appointing a proxy shall be in writing and shall be executed by the shareholder or by his attorney authorized in writing or, if the shareholder is a body corporate, either under its seal or by an officer or attorney thereof, duly authorized. A proxy is valid only at the meeting in respect of which it is given or any adjournment thereof.

(3)    Unless the Act requires another form, an instrument appointing a proxyholder may be in the following form:

"The undersigned shareholder of                        hereby appoints                        of or failing him,            of                 as the proxy of the undersigned to attend and act for and on behalf of the undersigned at the           meeting of the shareholders of the said corporation to be held on the      day of              , 20      , and at any adjournment thereof to the same extent and with the same power and authority as if the undersigned were personally present at the said meeting or such adjournment thereof.

        Dated the        day of                 , 20    .


_____

Signature of Shareholder

- 13 -

NOTE:

This form of proxy must be signed by a shareholder or his attorney authorized in writing or, if the shareholder is a body corporate, either under its seal or by an officer or attorney thereof duly authorized."

44.   Adjournment.   (1) The chairman of the meeting may with the consent of the meeting adjourn any meeting of shareholders from time to time to a fixed time and place. If a meeting of shareholders is adjourned for less than sixty (60) days, it is not necessary to give notice of the adjourned meeting other than by announcement at the earlier meeting that is adjourned. If a meeting of shareholders is adjourned by one or more adjournments for an aggregate of sixty (60) days or more, notice of the adjourned meeting shall be given as for an original meeting.

(2)   Any adjourned meeting shall be duly constituted if held in accordance with the terms of the adjournment and a quorum is present at the opening thereat. The persons who formed a quorum at the original meeting are not required to form the quorum at the adjourned meeting. If there is no quorum present at the opening of the adjourned meeting, the original meeting shall be deemed to have terminated forthwith after its adjournment. Any business may be brought before or dealt with at any adjourned meeting which might have been brought before or dealt with at the original meeting in accordance with the notice calling the same.

45.   Quorum.   (1) Except as hereinafter provided, a quorum for any meeting of shareholders shall be one (1) or more shareholders or proxyholders holding or representing not less than a majority of the shares entitled to be voted at such meeting.

(2)   If a quorum is present at the opening of a meeting of shareholders, the shareholders present in person or represented by proxy may proceed with the business of the meeting notwithstanding that a quorum is not present throughout the meeting.

(3)   If a quorum is not present at the opening of a meeting of shareholders, the shareholders present in person or represented by proxy may adjourn the meeting to a fixed time and place but not transact any other business.

(4)   Where the Corporation has only one shareholder or only one holder of any class or series of shares, or if only one person is present at a meeting holding or representing sufficient shares to constitute a quorum, the shareholder present in person or by proxy constitutes a meeting.

46.   Resolution in Lieu of meeting.   A resolution in writing signed by all the shareholders or signed counterparts of such resolution by all the shareholders entitled to vote on that resolution at a meeting of shareholders is as valid as if it had been passed at a meeting of the shareholders duly called, constituted and held. A copy of every such resolution or counterpart thereof shall be kept with the minutes of the meetings of shareholders.

47.   Telephone Participation.   A shareholder may participate in a meeting of shareholders or of a committee of shareholders by means of such telephone or other communication facilities that permit all persons participating in the meeting to hear each other, and a shareholder participating in such a meeting by such means shall be deemed to be present at that meeting.

- 14 -

## SHARES AND TRANSFERS

48.     Issuance.  Subject to the articles, any unanimous shareholder agreement and to section 27 of the Act, shares in the Corporation may be issued at such times and to such persons or classes of persons and, subject to sections 23 and 24 of the Act, for such consideration as the directors may determine.

49.     Certificates.  Share certificates (and the form of stock transfer power on the reverse side thereof) shall (subject to compliance with section 47 of the Act) be in such form and be signed by such director(s) or officer(s) as the directors may from time to time by resolution determine. Such certificates shall be signed manually by at least one director or officer of the Corporation or by or on behalf of a registrar, transfer agent or branch transfer agent of the Corporation, and any additional signatures required on a share certificate may be printed or otherwise mechanically reproduced thereon.  If a share certificate contains a printed or mechanically reproduced signature of a person, the Corporation may issue the share certificate notwithstanding that the person has ceased to be a director or an officer of the Corporation, and the share certificate is as valid as if he were a director or an officer at the date of its issue.

50.     Registrar and Transfer Agent.  The directors may from time to time by resolution appoint or remove one or more registrars and/or branch registrars (which may but need not be the same person) to keep the share register and/or one or more transfer agents and/or branch transfer agents (which may but need not be the same person) to keep the register of transfers, and (subject to section 48 of the Act) may provide for the registration of issues and the registration of transfers of the shares of the Corporation in one or more places and such registrars and/or branch registrars and/or transfer agents and/or branch transfer agents shall keep all necessary books and registers of the Corporation for the registration of the issuance and the registration of transfers of the shares of the Corporation for which they are so appointed.  All certificates issued after any such appointment representing shares issued by the Corporation shall be countersigned by or on behalf of one of the said registrars and/or branch registrars and/or transfer agents and/or branch transfer agents, as the case may be.

51.     Surrender of Share Certificates.  No transfer of a share issued by the Corporation shall be recorded or registered unless or until the certificate representing the share to be transferred has been surrendered and cancelled or, if no certificate has been issued by the Corporation in respect of such share, unless or until a duly executed share transfer power in respect thereof has been presented for registration.

52.     Defaced, Destroyed, Stolen or Lost Certificates.  If the defacement, destruction or apparent destruction, theft, or other wrongful taking or loss of a share certificate is reported by the owner thereof to the Corporation or to a registrar, branch registrar, transfer agent or branch transfer agent of the Corporation (hereinafter, in this paragraph, called the "Corporation's transfer agent") and such owner gives to the Corporation or the Corporation's transfer agent a written statement verified by oath or statutory declaration as to the defacement, destruction or apparent destruction, theft, or other wrongful taking or loss and the circumstances concerning the same, a request for the issuance of a new certificate to replace the one so defaced, destroyed, wrongfully taken or lost and a bond of a surety company (or other security approved by the directors) in such form as is approved by the directors or by the chairman of the board, the president, a

- 15 -

vice-president, the secretary or the treasurer of the Corporation, indemnifying the Corporation (and the Corporation's transfer agent, if any), against all loss, damage or expense, which the Corporation and/or the Corporation's transfer agent may suffer or be liable for by reason of the issuance of a new certificate to such shareholder, a new certificate may be issued in replacement of the one defaced, destroyed or apparently destroyed, stolen or otherwise wrongfully taken or lost, if such issuance is ordered and authorized by any one of the chairman of the board, the president, a vice-president, the secretary or the treasurer of the Corporation or by resolution of the directors.

## DIVIDENDS

53.    Declaration and Payment of Dividends.  (1) Subject to the following subparagraph (2), the directors may from time to time by resolution declare and the Corporation may pay dividends on its issued shares, subject to the provisions (if any) of the articles.

(2)    The directors shall not declare and the Corporation shall not pay a dividend if there are reasonable grounds for believing that;

(a)    the Corporation is, or would after the payment be, unable to pay its liabilities as they become due; or

(b)    the realizable value of the Corporation's assets would thereby be less than the aggregate of its liabilities and stated capital of all classes.

(3)    Subject to section 41 of the Act, the Corporation may pay a dividend in money or property or by issuing fully paid shares of the Corporation.

54.    Receipt of Dividends by Joint Holders.  In case two or more persons are registered as the joint holders of any securities of the Corporation, any one of such persons may give effectual receipts for all dividends and payments on account of dividends, principal, interest and/or redemption payments on redemption of securities (if any) subject to redemption in respect of such securities.

## VOTING SECURITIES IN OTHER BODIES CORPORATE

55.    All securities of any other body corporate carrying voting rights held from time to time by the Corporation may be voted at all meetings of shareholders, bondholders, debenture holders or holders of such securities, as the case may be, of such other body corporate in such manner and by such person or persons as the directors of the Corporation shall from time to time determine and authorize by resolution. The duly authorized signing officers of the Corporation may also from time to time execute and deliver for and on behalf of the Corporation proxies and/or arrange for the issuance of voting certificates and/or other evidence of the right to vote in such names as they may determine without the necessity of a resolution or other action by the directors.

- 16 -

## NOTICE

56.     Service.   (1) Any notice or other document required to be given or sent by the Corporation to any shareholder, director or auditor of the Corporation shall be delivered personally or sent by prepaid mail or by telegram, telex, cablegram or facsimile addressed to:

      (a)     the shareholder at his latest address as shown on the records of the Corporation or its transfer agent; and

      (b)     the director at his latest address as shown in the records of the Corporation or in the last notice filed under section 64 or 71 of the Act.

With respect to every notice or other document sent by prepaid mail it shall be sufficient to prove that the envelope or wrapper containing the notice or other document was properly addressed and put into a post office letter box.

      (2)     If the Corporation sends a notice or document to a shareholder in accordance with the provisions of the foregoing subparagraph (2) and the notice or document is returned on three (3) consecutive occasions because the shareholder cannot be found, the Corporation is not required to send any further notices or documents to the shareholder until he informs the Corporation in writing of his new address.

57.     Shares registered in more than one name.  All notices or other documents required to be sent to a shareholder by the Act, the regulations under the Act, the articles or the by-laws of the Corporation shall, with respect to any shares in the capital of the Corporation registered in more than one name, be given to whichever of such persons is named first in the records of the Corporation and any notice or other document so given shall be sufficient notice or delivery of such document to all the holders of such shares.

58.     Persons becoming entitled by operation of law.  Every person who by operation of law, transfer or by any other means whatsoever shall become entitled to any shares in the capital of the Corporation shall be bound by every notice or other document in respect of such shares which prior to his name and address being entered on the records of the Corporation shall have been duly given to the person or persons from whom he derives his title to such shares.

59.     Deceased Shareholder.  Any notice or other document delivered or sent by post or left at the address of any shareholder as the same appears in the records of the Corporation shall, notwithstanding that such shareholder be then deceased and whether or not the Corporation has notice of his decease, be deemed to have been duly served in respect of the shares held by such shareholder (whether held solely or with other persons) until some other person be entered in his stead in the records of the Corporation as the holder or one of the holders thereof and such service shall for all purposes be deemed a sufficient service of such notice or other document on his heirs, executors or administrators and all persons (if any) interested with him in such shares.

60.     Signatures to Notices.  The signature of any director or officer of the Corporation to any notice may be written, stamped, typewritten or printed or partly written, stamped, typewritten or printed.

- 17 -

61.    Computation of Time.  Where a given number of days' notice or notice extending over any period is required to be given under any provisions of the articles or by-laws of the Corporation, the day of service or posting of the notice shall, unless it is otherwise provided, be counted in such number of days or other period and such notice shall be deemed to have been given or sent on the day of service or posting.

62.    Proof of Service.  A certificate of any officer of the Corporation in office at the time of the making of the certificate or of a transfer officer of any transfer agent or branch transfer agent of shares of any class of the Corporation as to facts in relation to the mailing or delivery or service of any notice or other documents to any shareholder, director, officer or auditor or publication of any notice or other document shall be conclusive evidence thereof and shall be binding on every shareholder, director, officer or auditor of the Corporation, as the case may be.

## CHEQUES, DRAFTS, NOTES, ETC.

63.    All cheques, drafts or orders for the payment of money and all notes, acceptances and bills of exchange shall be signed by such officer or officers or other person or persons, whether or not officers of the Corporation, and in such manner as the directors may from time to time designate by resolution.

## CUSTODY OF SECURITIES

64.    (1)    All securities (including warrants) owned by the Corporation shall be lodged (in the name of the Corporation) with a chartered bank or a trust company or in a safety deposit box or, if so authorized by resolution of the directors, with such other depositaries or in such other manner as may be determined from time to time by the directors.

(2)    All securities (including warrants) belonging to the Corporation may be issued and held in the name of a nominee or nominees of the Corporation (and if issued or held in the names of more than one nominee shall be held in the names of the nominees jointly with right of survivorship) and shall be endorsed in blank with endorsement guaranteed in order to enable transfer thereof to be completed and registration thereof to be effected.

## EXECUTION OF CONTRACTS, ETC.

65.    (1)    Contracts, documents or instruments in writing requiring the signature of the Corporation may be signed by any one of the directors and officers.  All contracts, documents or instruments in writing so signed shall be binding upon the Corporation without any further authorization or formality.  The directors are authorized from time to time by resolution to appoint any officer or officers or any other person or persons on behalf of the Corporation either to sign contracts, documents or instruments in writing generally or to sign specific contracts, documents or instruments in writing.  Where the Corporation has only one director and officer, being the same person, that person may sign all such contracts, documents or other written instruments.

(2)    The corporate seal (if any) may, when required, be affixed to contracts, documents or instruments in writing signed as aforesaid by an officer or officers, person or persons appointed as aforesaid by resolution of the directors.